# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 19-mc-290-UNA |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT OF ATTACHMENT *FIERI FACIAS*

Dated: November 4, 2019

> Jody C. Barillare, Bar No. 5107
> MORGAN, LEWIS & BOCKIUS LLP
> 1007 N. Orange Street, Suite 501
> Wilmington, DE 19801
> Telephone: 302-574-3000
> Facsimile: 302-574-3001
> jody.barillare@morganlewis.com
>
> Sabin Willett
> Christopher L. Carter
> MORGAN, LEWIS & BOCKIUS LLP
> One Federal Street
> Boston MA 02110
> Telephone: 617-341-7700
> Facsimile: 617-341-7701
> sabin.willett@morganlewis.com
> christopher.carter@morganlewis.com
>
> *Attorneys for Plaintiff, OI European Group B.V.*

DB1/ 105582668.5

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i
TABLE OF AUTHORITIES ..................................................................................................... ii
BACKGROUND ......................................................................................................................... 1
   I.   OIEG Background ............................................................................................................ 1
       A.   OIEG Arbitration ....................................................................................................... 1
       B.   OIEG Judgment ......................................................................................................... 2
       C.   Enforceable Judgment ............................................................................................... 2
       D.   Registration of Judgment .......................................................................................... 3
       E.   Amount Due Under Judgment .................................................................................. 3
   II.   Crystallex Proceedings .................................................................................................... 3
ARGUMENT ............................................................................................................................... 4
   I.   Operative Attachment Law .............................................................................................. 4
   II.   FSIA Requirements ......................................................................................................... 5
       A.   Litigation Immunity .................................................................................................. 5
       B.   Attachment/Execution Immunity ............................................................................. 6
   III.   Collateral Estoppel .......................................................................................................... 8
       A.   The Issues are Identical to Those in Crystallex I and II ........................................... 9
       B.   The Issues Were Actually Litigated ....................................................................... 11
       C.   The Issues Were Determined by a Final and Valid Judgment ............................... 11
       D.   The Determination was Essential to the Prior Judgment ....................................... 13
CONCLUSION ......................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AF Holdings LLC v. Navasca*,
  2013 WL 5701104 (N.D. Cal. Oct. 16, 2013)..................................................................14

*Anderson v. Comm'r*,
  698 F.3d 160 (3d Cir. 2012).............................................................................................15

*Anderson v. Gen. Motors LLC*,
  2019 WL 4393177 (D. Del. Sept. 13, 2019).....................................................................12

*Ashford v. Skiles*,
  837 F. Supp. 108 (E.D. Pa. 1993) ....................................................................................17

*Bouriez v. Carnegie Mellon Univ.*,
  430 F. App'x 182 (3d Cir. 2011) .....................................................................................13

*In re Brown*,
  951 F.2d 564 (3d Cir.1991)..............................................................................................16

*Burlington N. R. Co. v. Hyundai Merch. Marine Co.*,
  63 F.3d 1227 (3d Cir. 1995).............................................................................................16

*Caver v. City of Trenton*,
  420 F.3d 243 (3d Cir. 2005).............................................................................................17

*Conn. Bank of Commerce v. Republic of Congo*,
  440 F. Supp. 2d 346 (D. Del. 2006)...................................................................................8

*Crum & Forster Ins. Co. v. Goodmark Indus., Inc.*,
  488 F. Supp. 2d 241 (E.D.N.Y. 2007) .............................................................................16

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela ("Crystallex I")*,
  333 F. Supp. 3d 380, 386 (D. Del. 2018).................................................................. *passim*

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela ("Crystallex II")*,
  2018 WL 4026738 (D. Del. Aug. 23, 2018) .........................................................7, 13, 15, 16

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela ("Crystallex III")*,
  932 F.3d 126 (3d Cir. 2019).................................................................................... *passim*

*D'Angelo v. Petroleos Mexicanos*,
   378 F. Supp. 1034 (D. Del. 1974) ........................................................................................12

*United States ex rel. Doe v. Heart Sol., PC*,
   923 F.3d 308 (3d Cir. 2019) .................................................................................................12

*Dudley v. Smith*,
   504 F.2d 979 (5th Cir. 1974) ...............................................................................................14

*Duvall v. Att'y. Gen. of United States*,
   436 F.3d 382 (3d Cir. 2006) .................................................................................................15

*Federal Republic of Argentina v. Weltover, Inc.*,
   504 U.S. 607 (1992) ...............................................................................................................9

*First City, Texas Houston, N.A. v. Rafidan Bank*,
   281 F.3d 48 (2d Cir. 2002) ...................................................................................................10

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec")*,
   462 U.S. 611 (1983) ...............................................................................................7, 14, 15

*Flair Broad. Corp. v. Powers*,
   1998 WL 247521 (S.D.N.Y. May 15, 1998) .......................................................................16

*Galderma Labs. Inc. v. Amneal Pharm.*,
   LLC, 921 F. Supp. 2d 278 (D. Del. 2012) ...........................................................................16

*Harrison v. Soroof Int'l, Inc.*,
   320 F. Supp. 3d 602, 625 (D. Del. 2018) .............................................................................14

*Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*,
   258 F.3d 132 (3d Cir. 2001) .................................................................................................16

*IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co.*,
   2015 WL 13357602 (C.D. Cal. Mar. 20, 2015) ...................................................................14

*Jaffe v. Grant*,
   793 F.2d 1182 (11th Cir. 1986) ...........................................................................................14

*Montana v. United States*,
   440 U.S. 147 (1979) .............................................................................................................15

*In re Mullarkey*,
   536 F.3d 215 (3d Cir. 2008) .................................................................................................17

*Nat'l Med. Imaging, LLC v. Ashland Funding LLC*,
   2016 WL 1743475 (3d Cir. May 3, 2016) ...........................................................................13

*Nat'l R.R. Passenger Corp. v. Pennsylvania Pub. Util. Comm'n*,
   342 F.3d 242 (3d Cir. 2003) ................................................................................... 17

*OI European Group B.V. v. Bolivarian Republic of Venezuela*,
   No. 1:16-cv-01533, 2019 WL 2185040 (D.D.C. May 21, 2019) ........................... 5, 6, 10, 11

*Petersen v. Islamic Republic of Iran*,
   627 F.3d 1117 (9th Cir. 2010) ................................................................................ 10

*Tauro v. Allegheny Cty.*,
   371 F. App'x 345 (3d Cir. 2010) ............................................................................ 17

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
   30 F.3d 148 (D.C. Cir. 1994) ................................................................................. 10

*Twin City Trades Serv. Assoc, Inc. v. Wenner Quality Servs., Inc.*,
   869 F.3d 672 (8th Cir. 2017) ................................................................................. 14

*UMS Partners, Ltd. v. Jackson*,
   1995 WL 413395 (Del. Super. Ct. June 15, 1995) ................................................ 8

*Wilmington Tr. Co. v. Barron*,
   470 A.2d 257 (Del. 1983) ...................................................................................... 9

**Statutes**

8 Del. C. § 169 ............................................................................................................... 12

8 Del. C. § 324 ............................................................................................................... 9

10 Del. C. § 5031 ........................................................................................................... 8, 9

22 U.S.C. § 1650a .......................................................................................................... 9, 10

28 U.S.C. § 1604 ............................................................................................................ 9

28 U.S.C. § 1605(a)(6) ................................................................................................... 9, 10

28 U.S.C. § 1610 ............................................................................................. *passim*

28 U.S.C. § 1963 ............................................................................................................ 7, 10

Plaintiff and judgment creditor OI European Group B.V. ("OIEG") submits this memorandum of law in support of its motion for an order authorizing the Clerk of this Court to issue a writ of attachment *fieri facias* – in accordance with the Foreign Sovereign Immunities Act ("FSIA"), Federal Rules of Civil Procedure and the Delaware Code – against the shares of Delaware corporation PDV Holding, Inc. ("PDVH"), which are owned by Petroleos de Venezuela S.A. ("PDVSA") – alter ego of Defendant and judgment debtor Bolivarian Republic of Venezuela ("Venezuela").[1]

OIEG seeks to enforce a judgment it obtained against Venezuela in the District Court for the District of Columbia. OIEG has now registered its judgment with this Court, and moved for an attachment *fieri facias* against PDVSA's shares of PDVH. These shares are attachable as property of Venezuela because PDVSA is an alter ego of Venezuela.

## BACKGROUND

### I. OIEG Background

*A. OIEG Arbitration*

OIEG commenced arbitration proceedings (the "OIEG Arbitration") against Venezuela with the International Centre for Settlement of Investment Disputes ("ICSID") on September 7, 2011. *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 1:16-cv-01533, 2019 WL 2185040, at *2 (D.D.C. May 21, 2019) ("*Memorandum Opinion*"). On March 10, 2015, an ICSID tribunal issued its award (the "OIEG Award") in OIEG's favor, finding, *inter alia*, that Venezuela expropriated OIEG's interests and was therefore required to pay to OIEG $372,461,982 for the expropriation and $5,750,000 in costs and expenses, plus interest thereon. *Id.* In

---

[1] In accordance with Local Rule 69.1, OIEG submitted a proposed writ of attachment *fieri facias*, as well as a praecipe, as exhibits to the motion.

1

accordance with Article 53 of the ICSID Convention, the OIEG Award became "binding on the parties." *Id.* Venezuela filed an application to annul the OIEG Award. On December 6, 2018, the annulment request was denied. *Id.* at *3. An ICSID annulment committee reaffirmed the OIEG Award, and awarded additional damages in favor of OIEG. *Memorandum Opinion,* 2019 WL 2185040 at *2-3.

### B. OIEG Judgment

On May 21, 2019, the United States District Court for the District of Columbia (the "DC Court") granted OIEG's motion for summary judgment, confirmed the OIEG Award and entered judgment in favor of OIEG (the "Judgment"), consisting of:

- $372,461,982 in principal amount, plus interest from October 26, 2010 through May 21, 2019, calculated at a LIBOR interest rate for one-year deposits in U.S. dollars, plus a margin of 4%, with annual compounding of accrued interest; *plus*

- $5,750,000 in costs and expenses relating to the original arbitration proceeding, plus interest from March 10, 2015 through May 21, 2019, calculated at a LIBOR interest rate for one-year deposits in U.S. dollars, plus a margin of 4%, with annual compounding of accrued interest; *plus*

- $3,864,811.05 in costs and expenses relating to the annulment proceeding, plus interest from December 6, 2018 through May 21, 2019, calculated at a LIBOR interest rate for one-year deposits in U.S. dollars, plus a margin of 4%, with annual compounding of accrued interest; *plus*

- Post-judgment interest on the total amount, calculated at the rate set forth in 28 U.S.C. § 1961, from May 21, 2019 until full payment.

Declaration of Christopher L. Carter ("Carter Dec.") Exs. 1, 3.

### C. Enforceable Judgment

On July 25, 2019, OIEG filed motions with the DC Court seeking (1) relief pursuant to 28 U.S.C. § 1963, and (2) relief pursuant to 28 U.S.C. § 1610(c). On November 1, 2019, the DC Court granted OIEG's motions. Carter Dec. Ex. 4.

### D. Registration of Judgment

On November 4, 2019, OIEG registered the Judgment with this Court pursuant to 28 U.S.C. § 1963.

### E. Amount Due Under Judgment

The total amount due under the Judgment is $583,500,067.44 plus post-judgment interest on this amount since May 21, 2019, at the rate set forth in 28 U.S.C. § 1961. Declaration of Matthew Shopp ¶ 2.

## II. Crystallex Proceedings

On August 9, 2018, this Court granted Crystallex International Corporation's ("Crystallex") motion for an attachment *fieri facias*, *see Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela ("Crystallex I")*, 333 F. Supp. 3d 380, 386 (D. Del. 2018), issued a writ and authorized Crystallex to execute on shares of stock that PDVSA, as an alter ego of Venezuela, owns in PDVH. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela ("Crystallex II")*, 2018 WL 4026738, at *1 (D. Del. Aug. 23, 2018). Applying the alter ego factors from *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec")*, 462 U.S. 611 (1983), this Court determined that "PDVSA is an alter ego of Venezuela," *see Crystallex I*, 333 F. Supp. 3d at 414, and thus its assets (specifically PDVSA's shares of PDVH) are subject to attachment by a judgment creditor of Venezuela.

Addressing the *Bancec* factors, this Court determined that PDVSA is Venezuela's alter ego because:

- Venezuela's use of PDVSA's property as its own, *see id.*;
- Venezuela ignoring PDVSA's separate status, *see id.* at 406-07;
- Venezuela depriving PDVSA of independence from close political control, *see id.* at 407-08;

3

- Venezuela requiring PDVSA to obtain approvals for ordinary business decisions, *see id.* at 408-09; and

- Venezuela issuing policies causing PDVSA to act directly on behalf of Venezuela, *see id.* at 409-10.

The Third Circuit Court of Appeals affirmed this Court's decision that "(1) it had jurisdiction to order attachment against PDVSA's U.S.-based commercial assets, and (2) Crystallex could attach PDVSA's shares of PDVH to satisfy the judgment against Venezuela." *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela ("Crystallex III")*, 932 F.3d 126, 134 (3d Cir. 2019).

## ARGUMENT

This Court has the authority to approve the issuance of a Delaware writ of attachment *fieri facias* against PDVSA's shares of PDVH pursuant to Rule 69 of the Federal Rules of Civil Procedure, Delaware statute (10 Del. C. § 5031) and 28 U.S.C. § 1610. *See Crystallex I*; *Crystallex III*; *see also Conn. Bank of Commerce v. Republic of Congo*, 440 F. Supp. 2d 346, 349 n.3 (D. Del. 2006) ("The order directing the Prothonotary to issue the writ of garnishment was issued in accordance with 28 U.S.C. § 1610(c)."). OIEG has satisfied all requirements for such an attachment.

### I. Operative Attachment Law

A money judgment entered by a federal court "is enforced by a writ of execution, unless the court directs otherwise," and the "procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Delaware law provides that judgment creditors may execute on their judgments by garnishment,

which is "the attachment of a defendant's property in the hands of a third party." *UMS Partners, Ltd. v. Jackson*, 1995 WL 413395, at *5 (Del. Super. Ct. June 15, 1995).[2]  "The plaintiff in any judgment in a court of record . . . may cause an attachment, as well as any other execution, to be issued thereon, containing an order for the summoning of the garnishees, to be proceeded upon and returned as in cases of foreign attachment."  10 Del. C. § 5031; *see also Wilmington Tr. Co. v. Barron*, 470 A.2d 257, 263 (Del. 1983) ("The authority for [attachment on property not in a debtor's possession] is founded upon 10 Del. C. § 5031.").  Delaware law also specifically provides that a creditor may attach a debtor's shares in a Delaware corporation in order to satisfy the debt owed.  *See* 8 Del. C. § 324.

**II.    FSIA Requirements**

The FSIA provides the "sole basis for obtaining jurisdiction over a foreign state." *Federal Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 610 (1992).

*A.  Litigation Immunity*

Section 1604 of the FSIA provides that "[s]ubject to existing international agreements to which the United States is a party at the time of the enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter."  28 U.S.C. § 1604.  Section 1605 provides an exception to this general immunity for actions brought to confirm an ICSID arbitration award.  28 U.S.C. § 1605(a)(6).  Separately, 22 U.S.C. § 1650a provides that "[a]n award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States."  22 U.S.C. § 1650a(a).  "The district courts of the United States . . . shall

---

[2] PDVH, a Delaware corporation, has physical possession of its own shares, which are property of PDVSA, the alter ego of BROV.

have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy." 22 U.S.C. § 1650a(b).

It is undisputed that the DC Court had jurisdiction over Venezuela, *see Memorandum Opinion*, 2019 WL 2185040 at *4; *see also Crystallex III*, 932 F.3d at 136 (court jurisdiction over Crystallex pursuant to the FSIA's arbitration exception, 28 U.S.C. § 1605(a)(6)), and that "federal courts have ancillary jurisdiction to enforce their judgments." *Crystallex III*, 932 F.3d at 136-37 (citing *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 311 (3d Cir. 2006)). This ancillary jurisdiction applies to "a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments – including attachment . . . [and] garnishment." *Id.* at 136 (quoting *Peacock v. Thomas*, 516 U.S. 349, 356, 359 & n.7, 116 S.Ct. 862 (1996)); *see also First City, Texas Houston, N.A. v. Rafidan Bank*, 281 F.3d 48, 53-54 (2d Cir. 2002); *Petersen v. Islamic Republic of Iran*, 627 F.3d 1117, 1123 (9th Cir. 2010); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 150 (D.C. Cir. 1994).

Because OIEG established an exception to sovereign immunity and obtained a federal judgment pursuant to 22 U.S.C. § 1650a and 28 U.S.C. § 1605(a)(6), no further exceptions are necessary in order to register and enforce the Judgment in this Court pursuant to 28 U.S.C. § 1963. *See Crystallex III*, 932 F.3d at 137 ("when a party establishes that an exception to sovereign immunity applies in a merits action that results in a federal judgment – here, the exception for confirming arbitration awards, 28 U.S.C. § 1605(a)(6) – that party does not need to establish yet another exception when it registers the judgment in another district court under 28 U.S.C. § 1963 and seeks enforcement in that court.").

### B. Attachment/Execution Immunity

While section 1609 of the FSIA provides sovereign states with a general immunity from attachment and execution, section 1610 permits court-ordered attachment of sovereign property in

aid of execution of a judgment where (1) "a reasonable period of time has elapsed following the entry of judgment," (2) an exception to immunity from attachment or execution applies, (3) the sovereign property to be attached is located in the United States, and (4) the property is being "used for commercial activity in the United States." 28 U.S.C. § 1610(a), (c). OIEG's proposed writ meets all of these requirements.

### 1. A Reasonable Period of Time Has Elapsed Following the Entry of Judgment

Under the FSIA, attachment of the property of a foreign state located in the United States is permitted only after judgment, and only after "the court has . . . determined that a reasonable period of time has elapsed following entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). The DC Court has determined that a reasonable period of time has elapsed since entry of the judgment such that OIEG may seek to execute on Venezuela's assets pursuant to Section 1610(c). Carter Dec. Ex. 4.

### 2. An Exception to Immunity from Attachment or Execution Applies

This Court has jurisdiction over OIEG's request for a writ of attachment *fieri facias* pursuant to 28 U.S.C. § 1610(a)(6), as this enforcement proceeding is based on an order confirming an arbitral award rendered against a foreign state.[3] *See Memorandum Opinion*, 2019 WL 2155040 at *5.

### 3. The Sovereign Property to Be Attached is Located in the United States

This Court has previously determined that "PDVSA is the alter ego of Venezuela." *Crsytallex I*, 333 F. Supp. 3d at 406.

---

[3] "Because the Court concludes that PDVSA is to be treated as Venezuela's alter ego for purposes of jurisdictional immunity, PDVSA must also be treated as Venezuela's alter ego for purposes of execution immunity. Therefore, the property subject to attachment – PDVSA's shares in PDVH – may properly be considered property of Venezuela, implicating § 1610(a)." *Crystallex I*, 333 F. Supp. 3d at 415.

7

Venezuela, through its alter ego PDVSA, owns property in the United States. *Crystallex I*, 333 F. Supp. 3d at 417-18. PDVSA's shares of PDVH are located in Delaware as a matter of law. Under Delaware law, "[f]or . . . purposes of . . . attachment [and] garnishment . . . the situs of the ownership of the capital stock of all corporations existing under the laws of this State . . . shall be regarded as in this State." 8 Del. C. § 169. Likewise, any other assets or rights belonging to PDVSA by virtue of its ownership of PDVH also are sited, and subject to execution, in Delaware. *See D'Angelo v. Petroleos Mexicanos*, 378 F. Supp. 1034, 1038 (D. Del. 1974).

Thus, the third prong of the Section 1610 test is met – OIEG seeks an attachment of Venezuela's property (PDVSA's shares of PDVH), and such property is located in the United States.

### 4. The Sovereign Property to Be Attached is Being Used for a Commercial Activity

The Supreme Court has held that assets are commercial when they "may be held by private parties; they are negotiable and may be traded on the international market . . .; and they promise a future stream of cash income." *Weltover*, 504 U.S. at 615-17. This Court has already determined that PDVSA's shares of PDVH are being used for a commercial activity. *Crystallex I*, 333 F. Supp. 3d at 417 ("The Court finds by a preponderance of the evidence that the PDVH shares are being 'used for a commercial purpose' by PDVSA and, therefore, may be attached (and executed on) as property of Venezuela's alter ego."). Thus, the fourth factor of Section 1610 is met. Venezuela's property (PDVSA's shares of PDVH) are being used for a commercial purpose, and are subject to attachment by a judgment creditor of Venezuela.

### III. Collateral Estoppel

Collateral estoppel – or "issue preclusion" – applies when "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3)

8

it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 316 (3d Cir. 2019); *see also Anderson v. Gen. Motors LLC*, 2019 WL 4393177, at *4 (D. Del. Sept. 13, 2019) (same).

Collateral estoppel may be used offensively by a plaintiff that seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action against another party. *Bouriez v. Carnegie Mellon Univ.*, 430 F. App'x 182, 186 (3d Cir. 2011). Collateral estoppel is based on the policy that a losing litigant deserves no re-match after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. *Id.*

Venezuela is collaterally estopped from asserting that OIEG is not entitled to the relief herein, because of this Court's opinion in *Crystallex I* and issuance of a writ of attachment in *Crystallex II*. *Crystallex I* and *II* involved the same defendant, an exhaustive review by this Court of the same issues and the same requested relief with respect to a similarly situated judgment creditor of Venezuela. Collateral estoppel precludes Venezuela (and PDVSA) from re-litigating identical issues on which it already had a full and fair opportunity to litigate, and lost, in *Crystallex I* and *II* – issues that were subsequently affirmed on appeal. *See Crystallex III*.

A. The Issues are Identical to Those in Crystallex I and II

"[I]ssues are identical for [issue preclusion] purposes where 'the issues presented by [the current] litigation are in substance the same as those resolved' in the previous litigation." *Nat'l Med. Imaging, LLC v. Ashland Funding LLC*, 2016 WL 1743475, at *5 (3d Cir. May 3, 2016). The "facts of the two cases do not need to be identical so long as any factual differences have no 'legal significance' in 'resolving the issues presented in both cases.'" *Nat'l Med. Imaging*, 2016 WL 174375, at *5 (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 172 (1984)).

Crystallex moved this Court for a writ of attachment *fieri facias* under Delaware law pursuant to 28 U.S.C. § 1610(c). *Crystallex I*, 333 F.Supp. 3d at 385. It too sought to enforce a judgment it had obtained against Venezuela in the District of Columbia. *Crystallex I*, 333 F. Supp. 3d at 386. Its judgment, like the Judgment here, confirmed an arbitration award entered in Crystallex's favor. *Id*. Crystallex too registered its judgment with this Court, and moved for an attachment *fieri facias* against PDVSA's shares of PDVH, arguing that the shares were attachable as property of Venezuela due to PDVSA being an alter ego of Venezuela. *Id*. at 387.

In the *Crystallex* proceedings, this Court determined:

- "[T]he Court has subject matter jurisdiction over Venezuela under § 1605(a)(6)(A) due to Crystallex's $1.2 billion arbitral award against Venezuela, which was confirmed by the United States District Court for the District Court of Columbia, and is now registered in the District of Delaware." *Crystallex I*, 333 F. SUpp. 3d at 399.

- "PDVSA may be deemed the alter ego of Venezuela pursuant to the exclusive control prong of *Bancec* and its progeny." *Id*. at 414.[4]

---

[4] Numerous courts have indicated that a finding that one company is the alter ego of another may be subject to offensive issue preclusion/collateral estoppel. *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 625 (D. Del. 2018) ("Indeed, if Soroof is found to be an alter ego of Quivus, it may in fact be estopped from arguing thereafter to the contrary"); *see also Twin City Trades Serv. Assoc, Inc. v. Wenner Quality Servs., Inc.*, 869 F.3d 672, 676-78 (8th Cir. 2017) (affirming the district court's use of offensive collateral estoppel on the issue of alter ego liability); *see IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co.*, 2015 WL 13357602, at *5 (C.D. Cal. Mar. 20, 2015) (suggesting "counterclaims are barred by claim preclusion (res judicata) and issue preclusion (collateral estoppel)" when corporations are found to be alter egos); *Dudley v. Smith*, 504 F.2d 979, 982 (5th Cir. 1974) ("stockholder may be in privity with his corporation, however, such that a judgment against the latter is res judicata as to the former, if the two are found to be alter egos."); *Jaffe v. Grant*, 793 F.2d 1182, 1188 (11th Cir. 1986) (the district court found that [appellant] was in privity with the corporations, indeed their alter ego, and thus, he is as bound by the Supplemental Final Judgment as the corporations."); *AF Holdings LLC v. Navasca*, 2013 WL 5701104, at *2 (N.D. Cal. Oct. 16, 2013) (adopting recommendations that alter ego relationship collaterally estopped a party from relitigating findings on these issues).

- "[T]he property subject to attachment – PDVSA's shares in PDVH – may properly be considered property of Venezuela, implicating § 1610(a)." *Id*. at 415.

- "[T]he PDVH shares are being 'used for a commercial purpose' by PDVSA and, therefore, may be attached (and executed on) as property of Venezuela's alter ego." *Id*. at 417.

OIEG seeks identical relief in this proceeding. Accordingly, the first element of issue preclusion, that "the issue sought to be precluded [is] the same as that involved in the prior action" is satisfied. *Peloro*, 488 F.3d at 174-75.

### B. The Issues Were Actually Litigated

The attachment and alter ego issues were litigated by the parties in front of this Court. *See Crystallex I*, 333 F. Supp. 3d 380; *Crystallex II*, 2018 WL 4026738, at *1; *Crystallex III*, 932 F.3d at 134 ("After several rounds of briefing and hearings, the District Court concluded that PDVSA was Venezuela's 'alter ego' under *Bancec*."). This Court devoted substantial resources to the question, and made detailed findings of fact, none of which was specific to the basis for Crystallex's underlying claim, and all of which would apply generally to creditors, like Crystallex and OIEG, which were the victims of state expropriation. This Court's decision was appealed, and the Third Circuit subsequently affirmed *Crystallex I* and *II*. *See Crystallex III*, 932 F.3d at 126. Both PDVSA and Venezuela had an opportunity to oppose, and both did oppose, Crystallex's motion to attach PDVSA's shares of PDVH and PDVSA's status as an alter ego of Venezuela. Thus, the second element of collateral estoppel is met.

### C. The Issues Were Determined by a Final and Valid Judgment

An issue is conclusively established in future litigation through the doctrine of collateral estoppel when it is determined by a final judgment. *Anderson v. Comm'r*, 698 F.3d 160, 166 (3d Cir. 2012). When determining whether a judgment is final, courts consider whether "controlling

11

facts or legal principles have changed significantly since the [prior] judgment." *Montana v. United States*, 440 U.S. 147, 155 (1979); *see also Duvall v. Att'y. Gen. of United States*, 436 F.3d 382, 391 (3d Cir. 2006) ("[Collateral estoppel] . . . will not preclude relitigation of the issue when there is . . . a material intervening change in governing law."). Under Third Circuit law, "the concept of finality for purposes of collateral estoppel does not require the entry of a final judgment in the sense of being appealable." *Burlington N. R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1230 (3d Cir. 1995); *see also In re Brown*, 951 F.2d 564, 569 (3d Cir.1991) ("Finality may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.").

As noted above, the Crystallex's attachment of PDVSA's shares of PDVH, and PDVSA's status as an alter ego of Venezuela, were decided in *Crystallex I*. The writ of attachment was issued pursuant to a final order. *See Crystallex II*, 2018 WL 4026738, at *1. The decision and order were affirmed on appeal, *see Crystallex III*, 932 F.2d at 133, and the Third Circuit lifted the stay of the writ of attachment. To date, Venezuela and PDVSA have presented no new facts in the *Crystallex* proceedings that would alter the decisions entered to date. OIEG's current motion was filed less than four months after the Third Circuit affirmed *Crystallex I* and *II*.

While Venezuela and PDVSA have sought further review of the Crystallex attachment, such requests do not limit the collateral estoppel effect of *Crystallex I* and *II*. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 142 (3d Cir. 2001) ("the possibility that this judgment may be overturned during the proper course of appellate review does not prohibit resort to collateral estoppel"); *Galderma Labs. Inc. v. Amneal Pharm.*, LLC, 921 F. Supp. 2d 278 (D. Del. 2012) (stating that the pendency of an appeal does not diminish either the finality or binding effect of previous court's holding); *see also Flair Broad. Corp. v. Powers*, 1998 WL

247521, at *4, (S.D.N.Y. May 15, 1998) ("the pendency of an appeal does not preclude the application of collateral estoppel under either federal or New York law"); *Crum & Forster Ins. Co. v. Goodmark Indus., Inc.*, 488 F. Supp. 2d 241, 246 (E.D.N.Y. 2007) (same); *Ashford v. Skiles*, 837 F. Supp. 108 (E.D. Pa. 1993) (Pendency of appeal does not diminish collateral estoppel effect of valid final judgment).

Accordingly, the third element of collateral estoppel has been satisfied.

### D. The Determination was Essential to the Prior Judgment

The fourth element of collateral estoppel—whether the determination was essential to the prior judgment—requires the court to make a distinction between findings that may serve as "background" for a court's ultimate conclusions versus whether such findings "bear directly on the ultimate question" at issue. *Caver v. City of Trenton*, 420 F.3d 243, 259 (3d Cir. 2005) (holding that the fourth element of collateral estoppel (essentiality to the prior judgment) is lacking since issues in question were not properly brought up and decided in the district court holding); *see also Tauro v. Allegheny Cty.*, 371 F. App'x 345, 347 (3d Cir. 2010) (finding that collateral estoppel applied when an issue was "actually litigated" and "essential" to a "a final and valid judgment"); *Nat'l R.R. Passenger Corp. v. Pennsylvania Pub. Util. Comm'n*, 342 F.3d 242, 253 (3d Cir. 2003) (concluding that the prior court's holding that the PUC was not entitled to immunity "was necessary to the outcome of the proceeding,"); *In re Mullarkey,* 536 F.3d 215, 227 (3d Cir. 2008) (concluding that collateral estoppel is not a bar when the issues decided at a previous hearing are not essential and do not bear directly to questions presented at the current matter).

This Court's "primary ruling" in *Crystallex I* and *II* "was that PDVSA is Venezuela's 'alter ego' under *Banec*." *Crystallex III*, 932 F.3d at 135. Furthermore, this Court "concluded that Venezuela's control over PDVSA was sufficient to allow Crystallex to attach PDVSA's shares of

13

PDVH in satisfaction of its judgment against [Venezuela]." *Id*. at 132. These determinations were essential to the prior judgment.

Accordingly, Venezuela and/or PDVSA are collaterally estopped from challenging the Court's prior determination that (i) PDVSA is the alter ego of Venezuela, and (ii) that PDVSA's shares of PDVH are subject to attachment by a judgment creditor of Venezuela.

## CONCLUSION

For the reasons set forth above, this Court should grant the Motion.


Dated: November 4, 2019 Respectfully submitted,

*/s/ Jody C. Barillare*
Jody C. Barillare, Bar No. 5107
MORGAN, LEWIS & BOCKIUS LLP
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com

Sabin Willett
Christopher L. Carter
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
sabin.willett@morganlewis.com
christopher.carter@morganlewis.com

*Attorneys for Plaintiff, OI European Group B.V.*