# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| OI EUROPEAN GROUP B.V.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　Defendant. | C.A. No. 19-mc-290-LPS |

## JOINT JUNE 1, 2020 STATUS REPORT

Pursuant to the Court's May 26, 2020, order directing the parties to file a joint status report by June 1, 2020 on how this case should proceed, Plaintiff OI European Group B.V. ("OIEG") and Defendant Bolivarian Republic of Venezuela ("Venezuela") submit this joint status report.

On November 4, 2019, OIEG moved for a writ of attachment *fieri facias* on the ground that the Court's decision in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380 (D. Del. 2018) (the "Crystallex Asset Proceeding"), had resolved the issue of whether PDVSA is the alter ego of Venezuela. D.I. 2. On December 12, 2019, this Court denied OIEG's motion for attachment, finding that collateral estoppel did not apply. D.I. 26 at 14 (the "Memorandum Order").

The Court's order stayed further action in this proceeding "until the completion of the Supreme Court proceedings in the Crystallex Asset Proceeding or further order of this or any other Court lifting the stay." D.I. 26 at 17. On December 23, 2019, OIEG moved to reconsider so much of the Memorandum Order as denied OIEG's motion for an attachment. D.I. 27. Venezuela filed a brief in opposition to the motion for reconsideration on January 6, 2020. D.I. 30. No decision has been entered with respect to the motion for reconsideration.

On May 18, 2020, the Supreme Court denied the cert petition with respect to the Crystallex Asset Proceeding. *See* Order List, May 18, 2020.

### I.   OIEG's Position

In light of the Supreme Court's denial of the cert petition, the stay of this proceeding has expired by its terms.

The Court conducted a status conference on this and other Venezuela matters on November 13, 2019. It previously had granted OIEG's request for expedited review, but its status conference scheduling order provided that "[t]he Court's intent is NOT to hear argument on the pending motions in any of these cases but instead to discuss how and on what schedule the Court should proceed to resolve any and all disputes, if indeed it should proceed at all." D.I. 7. Neither party saw that conference as a hearing on the attachment motion, as Venezuela later filed a request for oral argument. *See* D.I. 19. Nevertheless, the Court denied the motion without a hearing.

OIEG submits that the Court should allow the motion for reconsideration and thereafter (1) in the event that the Court adopts OIEG's argument that collateral estoppel should apply in this case, grant OIEG's attachment motion and order that OIEG be entitled to a writ of attachment, subject only to a restriction on the enforcement thereof until approval from OFAC is obtained, or (2) in the event the Court rejects the argument that collateral estoppel should apply and simply vacates the order pending a review of evidence concerning current circumstances, that the parties submit a joint proposed scheduling order within ten (10) days after the Court issues its ruling on the motion for reconsideration. In neither event should the Court condition grant or issuance of the writ on action by OFAC. Any limitations imposed by the Court on the judicial remedy should merely be as to levy and execution.

## II. Venezuela's Position

Venezuela agrees that OIEG's motion for reconsideration is fully briefed and ready for the Court's decision. Venezuela requests that, for the reasons set forth in its brief in opposition to the motion (D.I. 30), the motion should be denied. There was no unfairness in the procedures by which the Court denied OIEG's original motion for an attachment—indeed, they were the expedited procedures that OIEG itself requested. Nor is there any basis to transform that motion, which relied entirely on collateral estoppel (D.I. 3 at 9), into a new motion on a new theory supported by evidence that OIEG apparently now wishes to submit. If OIEG wishes to bring such a new motion, it should proceed in accordance with ordinary motion procedures.

If the motion for reconsideration is granted, however, Venezuela submits that no writ of attachment should issue unless and until OIEG applies for and obtains a license from the Office of Foreign Asset Control, as required by the Venezuela Sanctions Regulations. *See* 31 C.F.R. § 591.407.

The parties are available at the Court's convenience should Your Honor have any questions.

Dated: June 1, 2020

ABRAMS & BAYLISS

By: */s/ A. Thompson Bayliss*
A. Thompson Bayliss (#4379)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Telephone: 302-778-1000
bayliss@abramsbayliss.com

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Jody C. Barillare*
Jody C. Barillare, Bar No. 5107
Kelsey A. Bomar, Bar No. 6641
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com

3

SULLIVAN & CROMWELL LLP
Sergio J. Galvis
Joseph E. Neuhaus (*pro hac vice*)
James L. Bromley (*pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: 212-558-4000
Facsimile: 212-558-3588
galvis@sullcrom.com
neuhausj@sullcrom.com
bromleyj@sullcrom.com

 - and -

Angela N. Ellis
1700 New York Avenue, N.W. Suite 700
Washington, D.C. 20006-5215
Telephone: 202-956-7500
Facsimile: 202-293-6330
ellisan@sullcrom.com


*Attorneys for Defendant the Bolivarian Republic of Venezuela*

kelsey.bomar@morganlewis.com

 - and -

Sabin Willett (*pro hac vice*)
Christopher L. Carter (*pro hac vice*)
One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
sabin.willett@morganlewis.com
christopher.carter@morganlewis.com

*Attorneys for Plaintiff
OI European Group B.V.*