# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 19-mc-290-LPS |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to D. Del. LR 7.1.2(b), Plaintiff and judgment creditor OI European Group B.V. ("OIEG") moves for leave to file a Supplemental Memorandum in Support of Plaintiff's Motion for Reconsideration (the "Supplemental Memorandum"), in the form attached hereto as Exhibit 1, and to file the Declaration of Clara Betancourt to authenticate the material cited in the Supplemental Memorandum. As grounds, Plaintiff states:

1. OIEG obtained a judgment against the Bolivarian Republic of Venezuela ("BROV") in May 2019, and on November 4, 2019 registered its judgment with this Court, commencing this miscellaneous-docket matter. In aid of execution on that judgment, OIEG moved for the issuance of a writ of attachment *fieri facias* attaching the shares of PDV Holding, Inc. ("PDVH") owned by Petroleos de Venezuela, S.A. ("PDVSA"), on the basis that PDVSA is an alter ego of BROV.

2. On December 12, 2019, in a memorandum addressing a number of pending disputes, the Court denied OIEG's motion for an attachment.

DB1/ 115520665.2

3. On December 23, 2019, OIEG moved pursuant to Local Rule 7.1.5 for reconsideration and reargument of so much of the December 12, 2019 Memorandum Order as denied OIEG's motion for attachment. OIEG argued as a matter of law that the Court's decision in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 386 (D. Del. 2018) ("*Crystallex I*"), collaterally estopped BROV from denying PDVSA's alter ego status. Alternatively, OIEG argued that even if collateral estoppel did not apply, the facts that exist *today* would support the same relief granted to Crystallex in 2018. As the second argument is fact-intensive, OIEG requested a hearing on the issue, should the collateral estoppel argument not prevail.[1]

4. Nearly eight months have elapsed since the filing of OIEG's motion for reconsideration. During that time, facts have emerged demonstrating beyond any doubt that BROV – the foreign state that is the judgment debtor here – continues to dominate and control PDVSA's operations and assets indiscriminately for its political purposes.

5. The United States has recognized a new Venezuelan government (the Guaidó government), which in turn appointed a new board of directors of PDVSA. The core defense of BROV to the reconsideration motion is that this recognition represents a sea change in the facts found in the 2018 *Crystallex* decisions.

6. In fact, nothing relevant has changed. OIEG's Supplemental Memorandum lays out facts showing that BROV's domination and control of PDVSA and its assets continues unabated. This control is carried out by Mr. Maduro as firmly as it was when the *Crystallex*

---

[1] OIEG also argued, as a procedural matter, that the Court's ruling was premature and unfair, as it came only after an omnibus status conference. OIEG reserves all arguments in its motion for reconsideration, but seeks to supplement the record only on the alternative *alter ego* issue.

decisions were entered. For that reason, the United States continues to deem PDVSA an alter ego of BROV and to impose sanctions upon it. So pervasive is the Maduro regime's control over PDVSA that earlier this year, the regime sold a PDVSA refinery to a Swedish concern. *See* Supplemental Memorandum at 8. The Guaidó-appointed board had no control over the transaction, and according to news accounts was not even *aware* of the sale. *See id*. Yet the transaction closed and the refinery is gone. The Supplemental Memorandum (and declaration in support) cites this episode and a number of others that have occurred since the motion to reconsider was filed, all of which show that today, pervasive domination and control of PDVSA by BROV continues.

7. Requests to supplement the record are reviewed in the Court's discretion. *See Federal Election Commission v. O'Donnell*, 2017 WL2200911, at *2 (D. Del. May 19, 2017). In exercising such discretion, courts generally consider (1) the timing of the motion, (2) whether the evidence sought to be introduced is especially important or probative, and (3) whether reopening the record will cause undue prejudice to the nonmoving party. *See id.* (citing *In re Chemed Corp.*, 2017 WL 1712530, at *5 n.5 (D. Del. Apr. 25, 2017)). A review of the facts set out in the Supplemental Memorandum and declaration in support will assist the Court's review of this matter, as those facts are both important and probative. The timing of the Supplemental Memorandum is appropriate, as this Court recently scheduled a hearing on the motion for reconsideration for September 17, 2020. BROV will not be prejudiced, as it will have ample time to respond in advance of the hearing.[2]

---

[2] Plaintiff has attached the proposed Supplemental Memorandum as an exhibit to this motion. Should the motion be granted, the Supplemental Memorandum will be filed on the docket, together with the declaration and exhibits thereto. The declaration and exhibits are today being served on counsel to BROV.

8. Pursuant to D. Del. LR 7.1.1, OIEG's counsel conferred with BROV's counsel regarding this motion. BROV's counsel advised that BROV intends to oppose this motion.

## CONCLUSION

WHEREFORE, Plaintiff requests that the Court grant leave to allow Plaintiff to file the attached Supplemental Memorandum and the declaration to which it refers, and that the Court grant other and further relief as may be just and proper.

Dated: August 24, 2020

Respectfully submitted,

*/s/ Jody C. Barillare*
Jody C. Barillare, Bar No. 5107
Kelsey A. Bomar, Bar No. 6641
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com
kelsey.bomar@morganlewis.com

 - and –

Sabin Willett
Christopher L. Carter
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
sabin.willett@morganlewis.com
christopher.carter@morganlewis.com

*Attorneys for Plaintiff, OI European Group B.V.*