IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No.: 19-mc-00290-LPS |

**DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Bolivarian Republic of Venezuela ("the Republic" or "Venezuela") respectfully submits this opposition to the Motion of Plaintiff OI European Group B.V. ("OIEG")for leave to file a Supplemental Memorandum in Support of Plaintiff's Motion for Reconsideration (D.I. 36) (the "Motion"). OIEG's proposed memorandum relates solely to a new legal theory that OIEG improperly raised for the first time on reconsideration, despite the fact that it was fully available to OIEG at the time of its original attachment motion. What is more, the additional evidence OIEG seeks to advance is wholly irrelevant to the relationship between the government of Venezuela and its state-owned entities within the United States, which is the pertinent issue in deciding the ownership of the assets OIEG seeks to attach. OIEG's Motion is procedurally improper and substantively irrelevant and should be denied.

1. On November 4, 2019, OIEG registered a judgment against the Republic with this Court and moved for an order authorizing the issuance of a writ of attachment *fieri facias* attaching the shares of PDV Holding, Inc. ("PDVH") owned by Petróleos de Venezuela S.A., ("PDVSA"). D.I. 1, 2. In its brief supporting that motion, OIEG relied on a single theory: that the writ of

attachment should be granted based exclusively on collateral estoppel because, OIEG argued, the issues presented supposedly were "identical to those in *Crystallex I* and *Crystallex II*." D.I. 3 at 9.

2. This Court rejected OIEG's collateral estoppel argument in its December 12, 2019 Order (the "December 12 Order"), and held that the question of whether PDVSA is now an alter ego of the Republic is "not identical to the issue decided in the *Crystallex Asset Proceeding*, and has not been actually litigated and decided on the merits." D.I. 26 at 14.

3. OIEG then moved for reconsideration of the December 12 Order (the "Reconsideration Motion"). D.I. 27. The Reconsideration Motion raised for the first time an entirely new "alternative argument," namely that current facts—which OIEG had failed to raise in its attachment motion, and that were neither actually litigated nor necessarily decided in the *Crystallex Asset Proceeding*—justified a finding that PDVSA is today the alter ego of Venezuela. D.I. 28 at 4–7. OIEG now seeks by this Motion to supplement its new argument with an *additional* brief in support of its Reconsideration Motion.

4. OIEG's Motion, like the Reconsideration Motion it seeks to bolster, is nothing more than an attempt to circumvent the December 12 Order by introducing theories and "new" evidence OIEG did not bother to present at the procedurally proper time. As the Republic explained in its opposition to the Reconsideration Motion, OIEG's alternate theory—advanced for the first time on reconsideration—is patently improper as a matter of procedure and unpersuasive as a matter of substance. D.I. 30 at 5–8. The instant Motion fails for similar reasons.

5. In considering whether to permit a party to supplement the record, courts in this District consider "1) the timing of the motion and the moving party's explanation for failing to introduce the evidence earlier, 2) whether the evidence sought to be introduced is especially

important or probative, and 3) whether reopening will cause undue prejudice to the nonmoving party." *Federal Election Comm'n* v. *O'Donnell*, 2017 WL 2200911, at *2–3 (D. Del. May 19, 2017) (Stark, J.) (citing *In re Chemed Corp.*, 2017 WL 1712530, at *5, n.5 (D. Del. Apr. 25, 2017)). Each of these factors weighs against OIEG's Motion.

6. *First*, the Motion is untimely because it relates solely to a legal theory that OIEG could have, but failed to, raise at the time of its initial attachment motion. In its attachment motion, OIEG elected to rely solely on collateral estoppel rather than attempting to advance an independent record to support its alter ego theory. *See* D.I. 26 at 17 ("OI has failed to present any evidence other than attempting to rely on the record created in the *Crystallex Asset Proceeding*"). This is a clear abuse of the rules governing such motions. Reconsideration "may not be used as a 'means to argue new facts *or issues* that inexcusably were not presented to the court in the matter previously decided.'" *LSF9 Master Participation Tr.* v. *Tucker*, 2019 U.S. Dist. LEXIS 188641 at *2-3 (D. Del. Oct. 30, 2019) (citing *Brambles USA, Inc.* v. *Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (emphasis added)).

7. Moreover, the evidence OIEG has attempted to advance, both in this Motion and its earlier Reconsideration Motion, consists merely of a few press clippings purporting to show that PDVSA assets outside the United States are still under the control of the Maduro regime. Although the articles OIEG now seeks to introduce are dated more recently than those it included in its Reconsideration Motion, they advance the very same argument, which was available to OIEG when it first sought attachment. This Court has denied motions to supplement the record under similar circumstances, including in the case on which OIEG's Motion relies. *See O'Donnell*, 2017 WL 2200911, at *2-3 (D. Del. May 19, 2017) (denying request to supplement the record because,

*inter alia*, the motion was "woefully untimely" where the moving party "made no attempt" to present its argument in prior briefs).

8. *Second*, the evidence OIEG seeks to present is neither "especially important" nor "probative" to the December 12 Order OIEG asks the Court to reconsider or to OIEG's alternative theory advanced for the first time on reconsideration. Indeed, the record OIEG attempts to advance here is wholly irrelevant to the issues before the Court in the December 12 Order, which were limited entirely to the application of collateral estoppel.

9. Even if the Court were to entertain OIEG's procedurally improper alternate theory that attachment is proper under today's facts (and the Court should not), OIEG's argument that Maduro remains in control of PDVSA *outside the United States* is beside the point. The relevant question here is control of the assets that OIEG seeks to attach, namely, PDVSA's shares in PDVH, which are located *in the United States*.[1] OIEG presents nothing to suggest those assets are not controlled by the Interim Guaidó Government through properly authorized and constituted corporate boards. D.I. 11 at 5–7; *see also Jiménez* v. *Palacios*, 2019 WL 3526479, at *13 (Del. Ch. Aug. 2, 2019) (holding that Guaidó's February 2019 appointment of an ad hoc Managing Board of PDVSA was valid and lawful); *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS, D.I. 212 (D. Del. July 16, 2020) (Statement of Interest of the United States) at 8 (noting that "[t]he State Department has indicated that it has no reason to doubt the veracity of [Venezuela's] representations concerning the independence of the PDVSA, PDVH, and CITGO boards" ); *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS, D.I. 220 (D. Del. Aug. 28, 2020) (Supplemental Brief in Support of the Statement of

---

[1] Under Delaware law, shares of Delaware corporations are deemed to be located in Delaware. 8 *Del. C.* § 169.

Interest of the United States) at 3 (same). OIEG's repeated claims regarding PDVSA's operations within Venezuela have no bearing on whether the assets to be attached are in fact owned by Venezuela, which is the question at hand.

10. *Finally*, under these circumstances, permitting OIEG supplemental briefing now would unfairly prejudice the Republic by allowing OIEG to evade the Court's clear December 12 Order and requiring the Republic and other interested parties, including PDVSA—the owner of the assets in question—and PDVH—the putative garnishee—to litigate under the guise of a motion for reconsideration an alternative alter ego theory that has never been advanced on a proper record. If OIEG were required (like all other creditors) to make its motion for attachment under proper procedures, the Republic and other entities would have a fair opportunity to advance the numerous other reasons why such an attachment at this time would be improper and inappropriate, including that OIEG has apparently not sought, let alone obtained, a license to permit an attachment that is clearly barred by current OFAC sanctions, and that PDVH, the purported garnishee, does not possess the physical share certificates that under Delaware law must be reached by any writ of attachment.[2]

## CONCLUSION

The Republic respectfully requests that the Court deny OIEG's Motion as well as the Motion for Reconsideration that OIEG seeks to supplement.

---

[2] *See* Answering Brief of the Bolivarian Republic of Venezuela, Petróleos de Venzuela, S.A., and PDV Holding, Inc. Regarding Potential Future Procedures at 3–8, *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS, ECF No. 196 (D. Del. July 7, 2020).

OF COUNSEL:

Sergio J. Galvis
Joseph E. Neuhaus (*pro hac vice*)
James L. Bromley (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000
Facsimile:   212-558-3588
galviss@sullcrom.com
neuhausj@sullcrom.com
bromleyj@sullcrom.com

Angela N. Ellis
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W. Suite 700
Washington, D.C.  20006-5215
Telephone:  202-956-7500
Facsimile:  202-293-6330
ellisan@sullcrom.com

Dated:  September 8, 2020

  */s/ A. Thompson Bayliss*
A. Thompson Bayliss (#4379)
Stephen C. Childs (#6711)
ABRAMS & BAYLISS
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone: 302-778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com

*Attorneys for Defendant Bolivarian Republic of Venezuela*