**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OI EUROPEAN GROUP B.V., | |
| Plaintiff, | |
| v. | C.A. No. 19-mc-290-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff OI European Group B.V. ("OIEG") files this reply in support of its *Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Motion for Reconsideration* [D.I. 36] (the "Motion to Supplement") and in response to Defendant Bolivarian Republic of Venezuela's ("BROV") opposition to the Motion to Supplement [D.I. 39].[1]

1.      The only question presented by the Motion to Supplement is whether OIEG may supplement the record.  Whether the supplemented facts are material to the Court's decision on reconsideration should be addressed with the record brought up to date.

2.      There is no "one and done" rule limiting a judgment creditor's effort to satisfy its judgment.  OIEG's judgment remains unsatisfied – BROV has made no attempt to address its obligations in any manner.  OIEG's initial motion for an attachment rested on the doctrine of

---

[1] Capitalized terms in this brief have the meanings ascribed to them in the Motion.

collateral estoppel.  With that motion denied, nothing would have prevented OIEG from filing a second, evidentiary motion seeking relief on the basis of more current evidence.[2]

3.      OIEG proceeded more practically.  Its motion to reconsider combined the argument that the collateral estoppel doctrine should indeed apply, with a response to the argument *raised by BROV* in its opposition concerning the state of facts today.  *See Memorandum of Law in Opposition to Plaintiff's Motion for an Order Authorizing the Issuance of a Writ of Attachment Fieri Facias* [D.I. 11], at 12 ("[T]he Republic submits that, on a full record reflecting current facts, the Court would reach a completely different conclusion.").  OIEG then responded to BROV's assertion by arguing that the *change in recognized leadership* has not resulted in a *change in circumstances* that would render OIEG's collateral estoppel argument invalid.  The present Motion to Supplement merely brings that presentation up to date, with later facts have emerged to aid this Court's review of OIEG's earlier attempt to prove a negative (that circumstances had not actually changed for collateral estoppel purposes).

4.      BROV's dilatory argument is that OIEG must file a new motion to address an argument that BROV raised in its opposition to the motion for attachment.  What BROV proposes is a waste of judicial resources – that in the event the Court reaffirms its view of the law of collateral estoppel, the parties start anew with a new motion for attachment based on factual grounds.

5.      BROV's response to the Motion to Supplement also hints at what the merits response would be to a supplemental record.  BROV contests none of the facts, but argues that an

---

[2] In *Federal Election Comm'n v. O'Donnell*, 217 WL 2200911 (D. Del. May 19, 2017), this Court denied a motion to reconsider (among numerous other motions) because a year after discovery closed, seven months after liability was determined on summary judgment, and following an adverse *judgment*, the movant attempted to introduce evidence from years before the case was commenced.  This case involves no equivalent evidentiary determination or judgment.

entity's *alter ego* liability depends on the geographical location of the corporate asset. BROV argues that even if PDVSA is an *alter ego* of BROV in Venezuela and across the globe, PDVSA is not in this country. BROV cites no authority for this argument, and there is none. The argument conflates BROV – the sovereign *entity* – with a *government* that the United States has recognized as its representative. The question is not one of agency, but of entity status: whether PDVSA as a corporate *entity* remains indistinguishable from BROV as a sovereign entity. That question has nothing to do with which representative has standing in which legal jurisdiction. As the supplemental brief would show, the two entities remain, as they were before, indistinguishable.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff requests that the Court grant leave to allow Plaintiff to file the Supplemental Memorandum attached to the Motion and the declaration to which it refers, and that the Court grant other and further relief as may be just and proper.

Dated: September 9, 2020                    MORGAN, LEWIS & BOCKIUS LLP

                                            */s/ Jody C. Barillare*
                                            _____
Sabin Willett (*pro hac vice*)             Jody C. Barillare (#5107)
Christopher L. Carter (*pro hac vice*)     Kelsey A. Bomar (#6641)
MORGAN, LEWIS & BOCKIUS LLP                1201 N. Market Street, Suite 2201
One Federal Street                          Wilmington, DE 19801
Boston MA 02110                             Telephone: 302-574-3000
Telephone: 617-341-7700                     Facsimile: 302-574-3001
sabin.willett@morganlewis.com              jody.barillare@morganlewis.com
christopher.carter@morganlewis.com         kelsey.bomar@morganlewis.com

                                            *Attorneys for Plaintiff OI European Group B.V.*