# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., | : |
| Plaintiff, | : |
| v. | : Misc. No. 19-290-LPS |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : |
| Defendant. | : |

## **MEMORANDUM ORDER**

Having reviewed the motion for reconsideration (*see* D.I. 27, 28, 30) and motion for leave to file a supplemental memorandum in support of the motion for reconsideration (*see* D.I. 36, 39, 40), both filed by Plaintiff OI European Group B.V. ("OI"), IT IS HEREBY ORDERED that both motions (D.I. 27, 36) are DENIED, for the reasons that follow:

1. OI's motion for reconsideration of the Court's December 12, 2019 Order (D.I. 26) (the "Order") denying OI's motion for attachment is DENIED.

Pursuant to Local Rule 7.1.5, motions for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error of apprehension (not an error of reasoning). *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see*

*also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

Generally, a motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) there is new evidence that was not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance, however, should reconsideration be granted if it would not result in amendment of an order. *See Schering*, 25 F. Supp. 2d at 295.

OI argues that "the ruling (1) is procedurally unfair, (2) misapprehends the abbreviated record, (3) misapprehends applicable law regarding collateral estoppel and alter ego, and (4) in light of the Court's differing treatment of a similarly-situated creditor, imposes manifest injustice." (D.I. 28 at 1) All four of OI's arguments lack merit.

As to the first point, the Court disagrees that there was procedural unfairness leading to the December 12 Order, which denied Plaintiff's motion for attachment. The motion had been fully briefed and the parties were not entitled to oral argument.

As to the second and third points, while Plaintiff argues that the Court misapprehended the relevant record and misapplied the law (*see id.* at 3-8), Plaintiff misunderstands the Court's Order. The Court held that collateral estoppel did not apply and that Plaintiff had failed to show that "the pertinent date as to which the Court must decide whether PDVSA was or is the alter ego of Venezuela in connection with OI's action is the same August 2018 date the Court analyzed in the *Crystallex Asset Proceeding*." (D.I. 26 at 14-15) As this Court has explained, Plaintiff, just

2

like "any creditor seeking to place itself in a situation similar to Crystallex," must "prove that PDVSA is and/or was the Republic's alter ego on whatever pertinent and applicable date." (*Id.* at 16) OI has failed to do so.

Additionally, OI's motion is procedurally improper because it presents a new legal theory that was not raised at the time of the initial attachment motion, i.e., that even if collateral estoppel did not apply, the facts that exist today would support the same relief granted to Crystallex in 2018. (*See, e.g.*, D.I. 28 at 3-8) OI should have raised this argument in the initial motion. Motions for reconsideration "may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *LSF9 Master Participation Tr. v. Tucker*, 2019 WL 5626259, at *1 (D. Del. Oct. 30, 2019) (internal quotation marks omitted).

In light of the foregoing, the Court finds no merit in Plaintiff's remaining argument, that somehow OI is subject to different treatment than a similarly-situated creditor and, consequently, is suffering a manifest injustice. Rather, OI is now in the same position as every other creditor in that it "must prove, by a preponderance of the evidence, that PDVSA is the alter ego of Venezuela on and as of the pertinent date – *just as Crystallex did in connection with its writ of attachment*." (D.I. 26 at 17) (emphasis added)

2. OI's motion to file a supplemental memorandum in support of its motion for reconsideration (D.I. 36), which seeks to supplement the factual record, is DENIED.

The evidence that OI now seeks to introduce is intended to provide the Court with more recent information about the status of the Venezuelan government as it relates to PDVSA. (*See id.* at 2-3) This is the argument the Court has found to be improper on the motion for reconsideration. It follows that permitting the requested new evidence in this procedural posture

is also improper.

IT IS FURTHER ORDERED that the parties shall meet and confer and, no later than January 26, 2021, submit a joint status report providing their views on how this case should now proceed.

January 15, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

4