IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OI EUROPEAN GROUP B.V.        :
                              :
              Plaintiff,     :
                              :
         v.            :   C.A. No.:  1:19-mc-00290-LPS
                              :
BOLIVARIAN REPUBLIC OF VENEZUELA, :
                              :
          Defendant.    :

## PETRÓLEOS DE VENEZUELA, S.A.'S UNOPPOSED MOTION TO INTERVENE

Petróleos de Venezuela, S.A. ("PDVSA") respectfully moves this Court for an order permitting it to intervene in this action and to file papers in response to plaintiff OI European Group B.V.'s ("OIEG" or "Plaintiff") Renewed Motion for an Order Authorizing the Issuance of a Writ of Attachment *Fieri Facias* [D.I. 48] (the "Renewed Attachment Motion") consistent with the Court's prior orders regarding scheduling and pages limits.  *See* D.I. 45, 47.  The Renewed Attachment Motion seeks an order authorizing the Clerk of the Court to issue a writ of attachment *fieri facias* against the shares of PDV Holding, Inc. ("PDVH"), which are owned by PDVSA. Plaintiff consents to PDVSA's intervention in this proceeding.[1]  For the reasons set forth below, PDVSA respectfully requests that the Court enter the requested order permitting PDVSA to intervene in this proceeding.

## GROUNDS FOR INTERVENTION

On May 21, 2019, Plaintiff obtained a judgment (the "Judgment") from the United States District Court for the District of Columbia (the "D.C. Court") enforcing an international arbitration

---

[1]      Pursuant to Local Rule 7.1.1, prior to filing this motion, counsel for PDVSA contacted counsel for Plaintiff to ask if Plaintiff would consent to PDVSA's intervention.  Counsel for Plaintiff responded that Plaintiff consents to PDVSA's intervention.

award rendered against the Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"). *See* D.I. 1.  On November 4, 2019, Plaintiff registered the Judgment with this Court. *Id.*  The same day, Plaintiff filed its first attachment motion [D.I. 2] ("First Attachment Motion"), seeking an order authorizing the Clerk of Court to issue a writ of attachment *fieri facias* against the shares of PDVH, which are wholly owned by PDVSA, on the theory that the Republic was collaterally estopped from contradicting this Court's August 2018 ruling in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* that PDVSA is Venezuela's alter ego under *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983).  *See* D.I. 3.  The Court denied the First Attachment Motion, holding that "collateral estoppel does not apply, [and] any creditor seeking to place itself in a situation similar to Crystallex will have to prove that PDVSA is and/or was the Republic's alter ego on whatever pertinent and applicable date."  *Crystallex Int'l Corp. v. PDV Holding Inc.*, 2019 WL 6785504, at *8 (D. Del. Dec. 12, 2019).  On January 15, 2021, the Court denied Plaintiff's motion for reconsideration.  D.I. 43.

On January 29, 2021, the Court entered a scheduling order providing that:

(i) the deadline for OIEG's amended motion for issuance of a writ of attachment (to be accompanied by a brief and any supporting materials) is February 19, 2021; (ii) oppositions are due no later than April 2, 2021; (iii) a reply in support of the motion is due no later than April 16, 2021; (iv) thereafter the parties shall meet and confer and, no later than April 20, 2021, submit a joint status report advising the Court of the amount of time they are requesting for a hearing and whether any witness testimony will be presented; and (v) on April 30, 2021, beginning at 9:00 a.m., the Court will hold a hearing on OIEG's motion. . . .

D.I. 45.

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA").  As a result, PDVSA is presumptively immune from the jurisdiction

of this Court.  With the Renewed Attachment Motion, Plaintiff seeks to abrogate the immunity to which PDVSA is entitled under the FSIA and to execute on a judgment against the Republic by seizing and selling assets of PDVSA.  Because its Judgment stems from an arbitration to which PDVSA was not a party, Plaintiff seeks to execute on PDVSA's assets on the theory that PDVSA is currently the alter ego of the Republic.

PDVSA seeks to intervene in this action pursuant to Federal Rules of Civil Procedure ("FRCP") 24(a)(2) and (b)(1)(B) in order to respond to the Renewed Attachment Motion, without waiving any defenses that may be available to it, including but not limited to any defense under the FSIA.  If permitted to intervene, PDVSA will submit its papers in response to the Renewed Attachment Motion on the schedule already ordered by the Court, *i.e.*, on or before April 2, 2021. D.I. 45.

## I.     <u>PDVSA IS ENTITLED TO INTERVENTION AS OF RIGHT</u>

Pursuant to FRCP 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  "Courts construe Rule 24 liberally in favor of intervention."  *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, Civ. Nos. 14-874-SLR/SRF, 15-250-SLR/SRF, 2015 U.S. Dist. LEXIS 117422, at *5 (D. Del. Sept. 3, 2015) (citations omitted).

The Third Circuit requires four elements to intervene under FRCP 24(a)(2): "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."  *United States*

*v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation marks omitted).  PDVSA satisfies each of these elements.  Indeed, this Court previously permitted PDVSA to intervene in similar circumstances in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 17-mc-151-LPS, Order [D.I. 17] (D. Del. Aug. 28, 2017) and *Northrop Grumman Ship Sys., Inc. v. The Ministry of Defense of the Republic of Venezuela*, 20-mc-00257-LPS, Order [D.I. 24] (D. Del. Feb. 10, 2021).

    <u>Timely Application</u>.   This application is timely.  In construing timeliness under Rule 24, courts consider "(1) the stage of the proceeding; (2) the prejudice that delay [if any] may cause the parties; and (3) the reason for [any] delay."  *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal quotation marks omitted).

    While this action has been pending for some time, the Renewed Attachment Motion was just filed on February 19, 2021.  Plaintiff will not suffer any prejudice as a result of PDVSA's intervention.  The Renewed Attachment Motion has not yet been opposed and the Court has not yet determined – as it must prior to granting the Attachment Motion – that it has subject matter jurisdiction to adjudicate the legal status of PDVSA and order the attachment of PDVSA's property.  Thus, PDVSA is not asking the Court to revisit any earlier rulings in this case or for the parties to rebrief any issues. *See Wallach*, 837 F.3d at 378 (no prejudice where intervenors "have not sought to re-open discovery or rebrief class certification"); *Peterson v. Islamic Rep. of Iran*, 290 F.R.D. 54, 58 (S.D.N.Y. 2013) (finding that intervenors caused no prejudice to existing parties where "[t]he Court's decision on summary judgment is not affected by their intervention").  Nor is PDVSA asking the Court to change the existing scheduling order.  If permitted to intervene, PDVSA will file its papers in response to the Renewed Attachment Motion on or before April 2, 2021.

Plaintiff is not prejudiced by PDVSA's intervention for the additional reason that unless and until Plaintiff obtains a specific license from the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), it cannot obtain the relief requested in the Renewed Attachment Motion.  *See* 31 C.F.R. §§ 591.407, 591.310, 591.202(a), 591.202(e).[2]  Indeed, as this Court recognized in *Crystallex*, "the current sanctions regime does appear to block issuance of new writs of attachment on Venezuelan assets in the United States without an OFAC license."  No. 17-mc-151-LPS, 2021 U.S. Dist. LEXIS 7793, at *24 (D. Del. Jan. 14, 2021).

For all of these reasons, PDVSA's application to intervene is timely.

<u>Sufficient Interest in the Litigation</u>.  The Renewed Attachment Motion seeks a ruling that PDVSA is the alter ego of the Republic, and seeks a writ of attachment over the shares of PDVH, which are wholly owned by PDVSA.  The threatened seizure and sale of PDVSA's property are more than sufficient to establish the requisite interest in this matter.  *See American Electronic Laboratories, Inc. v. Dopp*, 54 F.R.D. 241, 242-43 (D. Del. 1972) (pursuant to consent order, permitting bank to intervene for purpose of vacating attachment over shares of stock in which bank claimed an interest).

<u>Disposition of the Matter Would Impair or Threaten PDVSA's Interests</u>.  The Renewed Attachment Motion, if granted, would result in a ruling abrogating PDVSA's sovereign immunity under the FSIA and would impose an attachment over the shares of PDVH.  If successful, the attachment, and eventual execution, would permanently deprive PDVSA of its 100% ownership interest in PDVH.  As a "practical matter," the relief sought in the Renewed Attachment Motion would substantially impair and threaten PDVSA's interests.  *Terr. of V.I.*, 748 F.3d at 519.

<u>Inadequate Representation</u>.  PDVSA is the 100% owner of the PDVH shares that are the

---

[2]       *See also* U.S. Dep't of Treasury, OFAC FAQs: General Questions, FAQ No. 808 (2019), https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#basic.

target of the Renewed Attachment Motion.  The Republic does not have any direct interest in that property.  Based on these facts, the "minimal" showing of inadequate representation required for intervention is more than satisfied.  *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Accordingly, PDVSA is entitled to intervene under FRCP 24(a)(2).

## II.   PDVSA SHOULD BE PERMITTED TO INTERVENE

Alternatively, PDVSA should be permitted to intervene under FRCP 24(b)(1)(B).  Pursuant to FRCP 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The decision to grant or deny permissive intervention is wholly discretionary. *King v. Governor of State of N.J.*, 767 F.3d 216, 246 (3d Cir. 2014) (describing permissive intervention as "a highly discretionary decision into which we are reluctant to intrude") (internal quotation marks and citation omitted).  The principal consideration with a motion for permissive intervention is whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *see also Wallach.*, 837 F.3d at 375, 377–78 (concluding that proposed intervenors' delay in filing was not undue).

As discussed above, PDVSA's motion for intervention is timely.  Moreover, PDVSA has defenses that share common questions of law or fact with the main action; here, Plaintiff's Renewed Attachment Motion.  The Renewed Attachment Motion asks the Court to permit OIEG to attach and execute upon PDVSA's property on the theory that PDVSA is the alter ego of Venezuela.  PDVSA seeks to intervene precisely so that it can defend against that claim and the attachment of its property.  Finally, permitting PDVSA to intervene will not unduly delay or prejudice the original parties' rights given that the Renewed Attachment Motion has not yet been

opposed or ruled on by this Court and in light of the fact that OIEG does not have the OFAC

license that is necessary to obtain the relief that it seeks.

Accordingly, the Court should permit PDVSA to intervene under FRCP 24(b)(1)(B).

## **CONCLUSION**

For the reasons set forth above, PDVSA respectfully requests that the Court grant its

motion for leave to intervene and to respond to the Renewed Attachment Motion.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP


*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel, II (# 4415)
Aaron M. Nelson (# 5941)
Jamie L. Brown (# 5551)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
*Attorneys for Intervenor Petróleos de Venezuela,*
*S.A.*

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro, Esquire
jpizzurro@curtis.com
Julia B. Mosse, Esquire
jmosse@curtis.com
Kevin A. Meehan, Esquire
kmeehan@curtis.com
Juan O. Perla, Esquire
jperla@curtis.com
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000 (main)
(212) 697-1559 (fax)

Dated:  March 18, 2021