# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| _____ *Plaintiff* v. _____ *Defendant* | ) ) ) ) ) ) ) Civil Action No. |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: _____
*(Name of person to whom this subpoena is directed)*

❏ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
_____

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## Definitions

Unless otherwise defined, the following definitions apply:

1. "Ad Hoc Board of PDVSA" means the ad hoc Board of Directors of PDVSA appointed by the Interim President by Presidential Decree No. 3 on April 10, 2019.

2. "CITGO Entities" means CITGO Holding, Inc. and CITGO Petroleum Corporation.

3. "Document" shall mean all documents in the broadest sense as defined in Rule 34(a) of the Federal Rules of Civil Procedure and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), which shall include, without limitation, any written communications in any form.

4. "Guaidó Government" means any governmental, executive, administrative, regulatory, legislative, or judicial body or agency of Venezuela or any political subdivision thereof; any state-owned or state-controlled entities; and all Persons acting or purporting to speak or act on behalf of any of the foregoing, whether or not authorized to do so. Without limiting the foregoing, "Guaidó Government" includes the administration of the Interim President or any successor de jure or de facto Venezuela government or regime.

5. "Interim President" means Juan Guaidó, the U.S.-recognized Interim President of Venezuela.

6. "NYNAS Disposition" means the sale by PDVSA of its interest, or a portion of its interest, in Swedish refiner NYNAS.

7. "Relevant Time Period" means January 23, 2019 through and including the date on which You produce Documents responsive to this subpoena.

8. "PDVH" means PDV Holding, Inc.

9. "PDVSA" means Petróleos de Venezuela, S.A.

10. "Venezuela" means the Bolivarian Republic of Venezuela.

11. "Maduro Regime" means any asserted governmental, executive, administrative, regulatory, legislative, or judicial body or agency of Nicolas Maduro's regime or any political subdivision thereof; any state-owned or state-controlled entities acting at the direction of the Maduro Regime; and all Persons acting or purporting to speak or act on behalf of any of the foregoing, whether or not authorized to do so.

12. "You" or "Your" means PDVSA, its agents, instrumentalities, employees, attorneys, representatives, affiliates, subsidiaries, predecessors, alter-egos, and assigns, and all other Persons acting or purporting to act for or on the behalf of PDVSA, whether or not authorized to do so. For the avoidance of doubt, in the circumstances of this case, references to "You" include (i) the Ad Hoc Board of PDVSA; (ii) any board or other Person or body purporting to manage or direct such entities appointed by the Maduro regime, whether or not deemed legitimate by the United States government, or appointed by any predecessor Venezuelan government; and (iii) any representative of the administrations of President Maduro or the Interim President purporting to speak or act on behalf of PDVSA, whether or not such Person has a formal position or title with PDVSA.

**Instructions**

1. This subpoena requires the production of all responsive Documents located anywhere in the world in Your possession, custody, or control, or available to You, Your employees, members, partners, accountants, agents, attorneys, auditors, or other Persons acting on Your behalf under any direction or control of Your agents or representatives.

2. A Document is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody or any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use, inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third party IT, cloud or other service providers.

3. These request to produce are to be regarded as continuing in nature, so that further and more complete and supplemental responses must be provided if You obtain further, more complete, or new information or Documents prior to the final disposition of this matter.

4. Each Document request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make any Document request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

5. All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.

6. If a Document is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, You must describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

7. Each Document requested herein shall be produced in its entirety without deletion, redaction, or excisions, except as qualified be Instruction 6, regardless of whether You consider the entire Document relevant or responsive to this subpoena. If You have redacted any portion of the Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified in accordance with Instruction 6.

8. If any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.

9. All Documents are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes or other containers or bindings in which such Documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

10. All Documents which cannot legally be copied must be produced in their original forms.

11. Non-identical copies of Documents, drafts, or copies with annotations, or marks or marginalia shall be treated and produced as separate copies.

12. All responsive Documents that are maintained in the usual course in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file property concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.

13. If production in native format is impossible or impracticable, Documents may be produced in non-proprietary formal, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

14. Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

15. For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

16. Documents should not be produced in a form that removes or significantly degrades the ability to search the Documents by electronic means where the Document is ordinarily maintained in a way that makes it searchable by electronic means.

17. If any of these Document request cannot be responded to in full, You are to produce Document to the extent possible, specifying the reason for Your inability to produce further Documents, and stating what knowledge, information, or belief You have concerning the unproduced portion.

**Documents to be Produced**

1. All Documents concerning the Ad Hoc Board of PDVSA, including board minutes, resolutions or other records of meetings of, or deliberations by the Ad Hoc Board of PDVSA.

2. All Documents evidencing communications between the Ad Hoc Board of PDVSA and/or any of its members and the Guaido Government.

3. All Documents evidencing communications between the Ad Hoc Board of PDVSA and/or any of its members and the Maduro Regime.

4. All Documents evidencing or concerning reports received by the Ad Hoc Board of PDVSA from any manager or officer of PDVSA.

5. All Documents evidencing or concerning draft financial statements received by the Ad Hoc Board of PDVSA from any manager or officer of PDVSA.

6. All Documents evidencing communications between the Ad Hoc Board of PDVSA and/or any of its members and any official, employee, agent, or other Person acting on behalf of, or purporting to act on behalf of, PDVSA.

7. All Documents evidencing the Ad Hoc Board of PDVSA's involvement in the NYNAS Disposition.

8. All Documents relating to the formation, maintenance and use of the following Twitter accounts: @PDVSA_AdHoc and @PDVSA.

9. All Documents concerning or relating to debt issuances, settlements, sales or pledges of assets of PDVSA, PDVH or the CITGO Entities.

10. All Documents concerning or relating to any dividends declared by PDVSA, PDVH or the CITGO Entities.

11. All Documents concerning or relating to any funding provided by PDVSA, PDVH or the CITGO Entities to the Guaidó Government.

12. All Documents concerning or relating to the use or transfer of any assets, including cash, of PDVSA, PDVH or the CITGO Entities for the benefit, or at the direction, of the Guaidó Government or the National Assembly of Venezuela, including any licenses obtained from the United States government relating to any such use or transfer.

13. Documents sufficient to identify each visit by You to a PDVSA location or property.

14. Documents sufficient to identify any PDVSA meeting attended by any member of the Ad Hoc Board of PDVSA.

15. Documents sufficient to show the location of any officer or agent who acts on behalf of, or purports to act on behalf of, PDVSA.

16. Documents sufficient to show the location of PDVSA's assets and bank accounts.

17. All Documents concerning the Ad Hoc Board of PDVSA's functions or powers in relation to any transaction by PDVSA.

18. All Documents reflecting the source of funds to pay the salary of the Ad Hoc Board of PDVSA.

19. All Documents reflecting or relating to any requests to the United States government for use of funds held in restricted accounts pursuant to sanctions, including, but not limited to, any approvals or denials of such requests.

20. All Documents reflecting shipments of PDVSA oil.

21. All Documents reflecting the Ad Hoc Board of PDVSA's negotiations with the Jamaican government regarding the expropriation of PDVSA shares linked to the Petrojam refinery.

22. All Documents reflecting the Ad Hoc Board of PDVSA's negotiations with the government of the Dominican Republic regarding the purchase of PDVSA shares linked to the Dominican Petroleum Refinery (Refidomsa PDV).

23. All Documents reflecting the Ad Hoc Board of PDVSA's negotiations with the government of the Curacao regarding the operation of Curacao's La Isla Refinery.

24. All Documents reflecting the Ad Hoc Board of PDVSA's control of PDVSA assets outside of the United States, including assets of PDVSA's subsidiaries PDV Caribe S.A., PDVSA America S.A and PDVSA Isla de Curazao B.V.

**Deposition Topics**

1. All Documents produced in connection with the Document Requests or any documents produced by any member of the Ad Hoc Board of PDVSA in response to any other subpoenas issued by OIEG in this matter.

2. Any meetings of, or deliberations, by the Ad Hoc Board of PDVSA.

3. Any communications between the Ad Hoc Board of PDVSA and the Guaidó Government.

4. Any communications between the Ad Hoc Board of PDVSA and the Maduro Regime.

5. Any communications or Documents exchanged between the Ad Hoc Board of PDVSA and any official, employee, agent or, or other Person acting on behalf of, or purporting to act on behalf of, PDVSA.

6. The Ad Hoc Board of PDVSA's involvement in the NYNAS Disposition.

7. The formation, maintenance and use of the following Twitter accounts: @PDVSA_AdHoc and @PDVSA.

8. Any communications or Documents related to debt issuances, settlements, sales or pledges of assets of PDVSA, PDVH or the CITGO Entities.

9. Any communications or Documents concerning or relating to any dividends declared by PDVSA, PDVH or the CITGO Entities.

10. Any communications or Documents concerning or relating to any funding provided by PDVSA, PDVH or the CITGO Entities to the Guaidó Government.

11. Any communications or Documents concerning or relating to the use or transfer of any assets, including cash, of PDVSA, PDVH or the CITGO Entities for the benefit, or at the direction, of the Guaidó Government or the National Assembly of Venezuela, including any licenses obtained from the United States government relating to any such use or transfer.

12. Any communications or Documents concerning the Ad Hoc Board of PDVSA's functions or powers in relation to any transaction by PDVSA.