IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No.: 19-mc-00290-LPS |

**DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT OF ATTACHMENT *FIERI FACIAS***

OF COUNSEL:

Sergio J. Galvis
Joseph E. Neuhaus (*pro hac vice*)
James L. Bromley (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000
Facsimile:   212-558-3588
galviss@sullcrom.com
neuhausj@sullcrom.com
bromleyj@sullcrom.com

Angela N. Ellis
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W. Suite 700
Washington, D.C.  20006-5215
Telephone:  202-956-7500
Facsimile:  202-293-6330
ellisan@sullcrom.com

A. Thompson Bayliss (#4379)
Stephen C. Childs (#6711)
ABRAMS & BAYLISS
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone:  302-778-1000
Facsimile:  302-261-0292
bayliss@abramsbayliss.com
childs@abramsbayliss.com

*Attorneys for Defendant Bolivarian Republic of Venezuela*

Dated:  April 2, 2021

## TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................................................................1

DISCUSSION......................................................................................................................................2

CONCLUSION....................................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Buechner* v. *Farbenfabriken Bayer Aktiengesellschaft*,
   154 A.2d 684 (Del. 1959) ................................................................................................5

*Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*,
   333 F. Supp. 3d 380 (D. Del. 2018) ..................................................................................3

*Crystallex Int'l Corp.* v. *PDV Holding, Inc.*,
   2019 WL 6785504 (D. Del. Dec. 12, 2019) .....................................................................2

*Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*,
   2021 WL 129803 (D. Del. Jan. 14, 2021) ........................................................................4

*Harrison* v. *Soroof Int'l, Inc.*
   320 F. Supp. 3d 602 (D. Del. 2018) ..................................................................................5

*Nat'l Union Fire Ins. Co.* v. *Republic of China*,
   254 F.2d 177 (4th Cir. 1958) ............................................................................................3

*Republic of Panama* v. *Air Panama Internacional, S.A.*,
   745 F. Supp. 669 (S.D. Fla. 1988) ....................................................................................4

*The Maret*,
   145 F.2d 431 (3d Cir. 1944) .............................................................................................3

**Statutes & Other Authorities**

Federal Rule of Civil Procedure 69 ...........................................................................................5

31 C.F.R. § 591.309-310 ............................................................................................................5

U.S. Dep't of Treasury, Frequently Asked Question No. 808 (Feb. 18, 2020) ..........................5

**INTRODUCTION**

Defendant Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") respectfully submits this opposition to the renewed motion of Plaintiff OI European Group B.V. ("OIEG") for an order authorizing the Clerk of this Court to issue a writ of attachment *fieri facias* under the Foreign Sovereign Immunities Act ("FSIA"), the Federal Rules of Civil Procedure and the Delaware Code (the "Attachment Motion"). D.I. 48-49.

As explained in the Memorandum of Law of Petróleos De Venezuela, S.A. in Support of Cross-Motion to Dismiss for Lack of Jurisdiction and in Opposition to Plaintiff's Amended Motion for a Writ of Attachment ("PDVSA's Brief"), OIEG's Attachment Motion rests on the flawed premise that it can establish an alter ego relationship between the Republic and the national oil company of Venezuela, Petróleos de Venezuela, S.A. ("PDVSA") by relying on misconduct by former President Nicolás Maduro and his associates—which the United States government expressly does not recognize as part of the government of the Republic—related to property outside the United States that is not relevant to this motion. That premise is untenable under this Court's precedents and black letter law governing executive branch recognition (and nonrecognition) of foreign sovereigns. The only inquiry relevant to this Attachment Motion centers on the relationship between the U.S.-recognized Interim Government and the owner of the property OIEG seeks to attach in the United States. As to that relationship, OIEG proffers only a handful of fabricated allegations, unsupported by admissible evidence, that do nothing to establish an alter ego relationship between the Interim Government and the entity indisputably exercising PDVSA's ownership rights over that property, the ad hoc board of PDVSA. Moreover, the relief OIEG seeks—a conditional writ of attachment that somehow secures its priority vis-à-vis other creditors of the Republic—would violate the Venezuelan Sanctions regulations. Finally, Delaware

law does not permit attachment of PDV Holding, Inc. ("PDVH") shares absent a showing of fraud that OIEG has not even attempted to make.  The Attachment Motion should be denied.

## DISCUSSION

The Republic opposes OIEG's Attachment Motion for the following reasons set forth in PDVSA's Brief and supporting declarations.

1. OIEG's Attachment Motion relies heavily on allegations about the Maduro regime's conduct related to PDVSA assets outside the United States.  D.I. 49 at 6-16.  Those allegations simply are not relevant to the issue before the Court—whether the specific property that OIEG seeks to attach in the United States is the property of the Republic—for at least two reasons.

*First*, as explained in the PDVSA Brief, D.I. 65 at 10-12, the only relationship relevant to OIEG's Attachment Motion is the relationship between the Interim Government and the entity that owns the specific property that OIEG seeks to attach.  *See Crystallex Int'l Corp.* v. *PDV Holding, Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) ("As the Republic persuasively argues: 'things are not at all the same' as they were when the Court made its findings in the *Crystallex Asset Proceeding* . . . '*The relevant portion of PDVSA*, which is *the property in the U.S.*, is under different control under a new legal regime . . . recognized by the U.S.'") (emphasis added).  The ad hoc board of PDVSA exercises PDVSA's ownership rights over the shares of PDVH that OIEG seeks to attach, and the Interim Government respects the ad hoc board's independent corporate identity and its ownership and control over those shares.  While OIEG claims that it "is aware of no authority" that supports an asset-specific alter ego analysis, D.I. 49 at 32, that is precisely how this Court framed its analysis in the *Crystallex Asset Proceeding*, and for good reason:  in a garnishment proceeding, the analysis turns on control and ownership of the

specific property sought to be garnished. *See Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 394 (D. Del. 2018) (the "*Crystallex Asset Proceeding*") (finding that Crystallex sought to establish secondary—rather than primary—liability, "in which the judgment creditor 'seeks a more limited finding, namely that *the specific property at issue . . . though nominally held in the name of* [a third party, is], *at this time, really the property of the* [judgment debtor]'") (emphasis added); *see also id.* at 392 n.9 ("It's very different to get a Writ of Fi Fa against a particular asset than it is to get a judgment. If we were to get a judgment against PDVSA, . . . [w]e could then go and attach any asset of PDVSA. We could take that judgment and go to other courts. . . . *What we're asking here . . . is [for] an order [that] applies only to [a] particular asset*.") (quoting Transcript of Aug. 3, 2018 *Crystallex* Hr'g at 35-36) (emphasis added).

*Second*, as explained in the PDVSA Brief, D.I. 65 at 12-20, the Maduro regime's alleged misconduct with respect to PDVSA assets outside the United States has no bearing on the Attachment Motion because U.S. courts cannot deem the actions of an illegitimate, unrecognized regime to be official actions made on behalf of the Republic. *See The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) ("[T]he courts of this country may not examine the effect of decrees of the unrecognized foreign sovereign and determine rights in property . . . upon the basis of these decrees."). Where a foreign regime is not recognized by the Executive, courts cannot recognize that regime's assertion of rights in state assets. *Id.* The U.S. courts will not, for example, recognize a purported taking of the assets by agents of an unrecognized government outside the United States as shifting ownership of the assets. *Nat'l Union Fire Ins. Co.* v. *Republic of China*, 254 F.2d 177, 186-87 (4th Cir. 1958) (executive branch recognition of Taiwan government bars court from concluding that the communist government had title to government-owned ship seized by agents of communist government in Hong Kong). As a consequence, the court should certainly not permit

the illegitimate acts of the Maduro regime with respect to PDVSA's assets outside the United States to shift title to assets in the United States over which that regime has no control.

This is particularly true where, as here, the actions of the recognized and unrecognized governments are in direct conflict. To make an alter ego finding based on the actions of the Maduro regime under these circumstances, this Court would not only have to *credit* the actions of a nonrecognized regime that the executive branch has disclaimed as "illegitimate," but it also would have to *disregard* the official acts of the recognized Interim Government, and indeed acts with respect to the specific property at issue in this case. *Republic of Panama* v. *Air Panama Internacional, S.A.*, 745 F. Supp. 669, 672 (S.D. Fla. 1988) (where "two competing regimes claim to be the legitimate government which owns [state] property, recognition by the Executive Branch of one regime as the lawful foreign government conclusively establishes that government's title to the property").

2. OIEG's Attachment Motion falls far short of meeting its burden to show the *Interim Government* is the alter ego of PDVSA in the United States. *See* PDVSA Brief, D.I. 65 at 20-29. The Interim Government does not exert day-to-day control over the ad hoc Board of PDVSA or PDVSA's U.S. subsidiaries. The actions that the Interim Government has taken with respect to PDVSA are fully consistent with the responsibilities that come with being a sole shareholder of a corporation.

3. OIEG's requested relief is barred by OFAC sanctions and is not ripe for adjudication. *See* PDVSA Brief, D.I. 65 at 29-30. This Court has made clear, and OIEG does not dispute, that the issuance of a writ of attachment *fi. fa.* currently is barred by OFAC sanctions in the absence of a specific license. *See Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, 2021 WL 129803, at *8 (D. Del. Jan. 14, 2021) ("[T]he current sanctions regime does appear to

block issuance of new writs of attachment on Venezuelan assets in the United States without an OFAC license.").

Recognizing this, OIEG attempts to end run the sanctions regime by seeking a judgment that (i) entitles it to a writ of attachment to be issued automatically upon the grant by OFAC of a license (or the lifting of relevant sanctions) and (ii) establishes its priority among other creditors upon the issuance of the Court's declaration. D.I. 49 at 34. Such a judgment is barred by the Venezuela Sanctions Regulations, which clearly prohibit conditional interests like the one that OIEG seeks here. *See* 31 C.F.R. § 591.309-310 (prohibiting creation or alteration of any interests in blocked property of the Republic, including "future or contingent" interests); U.S. Dep't of Treasury, OFAC FAQ No. 808 (Feb. 18, 2020), https://home.treasury.gov/policy-issues/financial-sanctions/faqs/topic/1581 (explaining that a specific license is required for "purported creation or perfection of any legal or equitable interests (*including contingent or inchoate interests*) in blocked property") (emphasis added).

4. Delaware law, which applies to this proceeding pursuant to Federal Rule of Civil Procedure 69(a), does not permit attachment of the PDVH shares absent a showing of fraud that OIEG has not made or attempted to make. *See* PDVSA Brief, D.I. 65 at 31-35. To pierce the corporate veil under an alter ego theory, Delaware law requires not only "that the two companies operate as a single entity," but also that "the corporate structure cause fraud or similar injustice." *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 614 (D. Del. 2018); *see also, e.g.*, *Buechner* v. *Farbenfabriken Bayer Aktiengesellschaft*, 154 A.2d 684, 687 (Del. 1959) ("A creditor of the parent corporation may not, in the absence of fraud, disregard the separate existence of a subsidiary corporation and look directly to specific assets of a subsidiary for satisfaction of his claim against the parent."). Here, PDVSA had no involvement in the underlying expropriation or arbitration,

and OIEG has not even attempted to establish that the PDVSA corporate form has been used to perpetrate any fraud or injustice.

## CONCLUSION

For the foregoing reasons, as set forth in PDVSA's Brief, OIEG's Attachment Motion should be denied.

OF COUNSEL:

Sergio J. Galvis
Joseph E. Neuhaus (*pro hac vice*)
James L. Bromley (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000
Facsimile:   212-558-3588
galviss@sullcrom.com
neuhausj@sullcrom.com
bromleyj@sullcrom.com

Angela N. Ellis
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W. Suite 700
Washington, D.C.  20006-5215
Telephone:  202-956-7500
Facsimile:  202-293-6330
ellisan@sullcrom.com

Dated:  April 2, 2021

 /s/ Stephen C. Childs
A. Thompson Bayliss (#4379)
Stephen C. Childs (#6711)
ABRAMS & BAYLISS
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone: 302-778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com

*Attorneys for Defendant Bolivarian Republic of Venezuela*