**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| OI EUROPEAN GROUP B.V., *Plaintiff*, v. BOLIVARIAN REPUBLIC OF VENEZUELA, *Defendant*. | : | C.A. No. 1:19-mc-00290-LPS |

**MEMORANDUM OF LAW IN SUPPORT OF PETRÓLEOS DE VENEZUELA, S.A.'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH**

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

OF COUNSEL:

Joseph D. Pizzurro
Julia B. Mosse
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
jmosse@curtis.com
kmeehan@curtis.com
jperla@curtis.com

April 12, 2021

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ....................................................................1

STATEMENT OF FACTS ....................................................................2

LEGAL STANDARD....................................................................6

ARGUMENT....................................................................6

**I.** The Discovery That OIEG Seeks Is Barred by the FSIA and the Federal Rules of Civil Procedure ....................................................................6

**II.** If Any Discovery Is Permitted, It Should Occur After the April 30 Hearing........10

CONCLUSION....................................................................10

## TABLE OF AUTHORITIES

**Pg.**

**Cases**

*Arriba, Ltd. v. Petroleos Mexicanos*,
962 F.2d 528 (5th Cir. 1992) ..... 7

*Berces v. Kombinat*,
No. 94 CIV 3381 (KMW), 1995 U.S. Dist. LEXIS 16052 (S.D.N.Y. Oct. 31, 1995) ..... 9

*Butler v. Sukhoi Co.*,
579 F.3d 1307 (11th Cir. 2009) ..... 6

*Crist v. Republic of Turkey*,
995 F. Supp. 5 (D.D.C. 1998) ..... 6, 7, 8, 9

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
333 F. Supp. 3d 380 (D. Del. 2018) ..... 3

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
No. 17-mc-151-LPS, 2021 U.S. Dist. LEXIS 7793 (D. Del. Jan. 14, 2021) ..... 8

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
623 F.3d 147 (3d Cir. 2010) ..... 9

*Fed. Ins. Co. v. Richard I. Rubin & Co.*,
12 F.3d 1270 (3d Cir. 1993) ..... 7

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
462 U.S. 611 (1983) ..... passim

*Foremost-McKesson, Inc. v. Islamic Republic of Iran*,
905 F.2d 438 (D.C. Cir. 1990) ..... 6

*Heroth v. Kingdom of Saudi Arabia*,
331 F. App'x 1 (D.C. Cir. 2009) ..... 8

*In re Papandreou*,
139 F.3d 247 (D.C. Cir. 1998) ..... 7

*Kelly v. Syria Shell Petro. Dev. B.V.*,
213 F.3d 841 (5th Cir. 2000) ..... 6, 7, 8

*Norguard Ins. Co. v. Serveon Inc.*,
No. 08-900 (JBS/AMD), 2011 U.S. Dist. LEXIS 8371 (D. Del. Jan. 28, 2011) ..... 1

*Okolie v. Future Servs. Gen. Trading & Contracting Co.*,
102 F. Supp. 3d 172 (D.D.C. 2015) ..... 9

*Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*,
244 F. Supp. 2d 1130 (D. Colo. 2002)........................................................................ 7

*Seijas v. Republic of Argentina*,
502 F. App'x 19 (2d Cir. 2012) ................................................................................ 6

*Simon v. Republic of Hungary*,
37 F. Supp. 3d 381 (D.D.C. 2014), *aff'd in part, rev'd in part on other grounds*, 812 F.3d 127 (D.C. Cir. 2016)........................................................................................ 7

**Rules**

D. Del. LR 7.1.1........................................................................................................ 6

Fed. R. Civ. P. 26(b)(2)(c)(i) ................................................................................... 11

Fed. R. Civ. P. 26(c) .................................................................................................. 1

Fed. R. Civ. P. 26(c)(1).............................................................................................. 6

Fed. R. Civ. P. 45(d)(3)........................................................................................... 1, 6

## NATURE AND STAGE OF PROCEEDINGS

Petróleos de Venezuela, S.A. ("PDVSA") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3) for the entry of a protective order with respect to the Notice of Taking Rule 30(b)(6) Deposition *Duces Tecum* that plaintiff O.I. European Group B.V. ("OIEG") filed with the Court on March 25, 2021 (the "PDVSA Notice") (D.I. 63-1) and for entry of a protective order and/or order quashing the non-party subpoena served on Horacio Francisco Medina Herrera, Chairman of the PDVSA *ad hoc* board (the "*ad hoc* Board") on March 27, 2021 (the "Medina Subpoena") (D.I. 61-1).[1]

## SUMMARY OF ARGUMENT

1. Despite implying to the Court that the factual record was complete, and making no mention of a need for discovery prior to the completion of briefing when the schedule was set by the Court, OIEG now seeks discovery from and concerning PDVSA *before* there has been a determination as to whether PDVSA is immune from this Court's jurisdiction under the Foreign Sovereign Immunities Act (the "FSIA"). Until such a determination is made, PDVSA is presumptively immune from the ordinary burdens of litigation, especially general discovery, and may only be subjected to narrowly-tailored jurisdictional discovery directed at proving that PDVSA is not entitled to immunity. But jurisdictional discovery is only appropriate if OIEG can establish that a reasonable basis for such discovery exists, and even then, any jurisdictional discovery must be limited to verifying specific factual allegations that are crucial to the Court's immunity determination. OIEG cannot carry that heavy burden. The jurisdictional question before the Court is whether PDVSA is the alter ego of the Republic under *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba* ("Bancec"), 462 U.S. 611 (1983). In its

[1] PDVSA has standing to challenge the Medina Subpoena. *See Norguard Ins. Co. v. Serveon Inc.*, No. 08-900 (JBS/AMD), 2011 U.S. Dist. LEXIS 8371, at *6-7 (D. Del. Jan. 28, 2011).

attachment motion, OIEG argues that because the Maduro regime continues to exercise extensive control over PDVSA *outside of the United States*, PDVSA is Venezuela's alter ego and this Court may impute to PDVSA its basis for jurisdiction over the Republic in an action to attach property *in the United States*. D.I. 49 at 26. The discovery at issue in this motion is dedicated to this theory. But, as set forth in detail in PDVSA's cross-motion to dismiss, it is undisputed as a matter of fact that the Maduro regime exercises no control over the "relevant portion of PDVSA" as identified by this Court – *i.e.*, PDVSA's subsidiaries in the United States. D.I. 26 at 14; D.I. 65 at 10. Indeed, the acts of the Maduro regime are legally irrelevant to this Court's jurisdictional inquiry and allegations concerning those acts cannot serve as the basis for jurisdictional discovery. Nor does OIEG's handful of conclusory assertions as to a putative alter ego relationship between the government of Interim President Juan Guaidó (the "Interim Government") and PDVSA entitle OIEG to jurisdictional discovery. Neither the FSIA nor the Federal Rules of Civil Procedure permit a plaintiff to engage in a fishing expedition in an attempt to establish jurisdiction. Moreover, the Medina Subpoena is duplicative of the PDVSA Notice and should be quashed on that basis.

2. If any discovery is to occur, it should occur after the Court has heard argument on the legal issues presented at the hearing on April 30, which overlap substantially with the legal issues presented by this discovery dispute, and then, if it concludes that some discovery is necessary to decide OIEG's attachment motion, permit limited, focused discovery to take place thereafter.

**STATEMENT OF FACTS**

OIEG commenced this proceeding on November 4, 2019, by registering its judgment against the Bolivarian Republic of Venezuela (the "Republic") and filing a motion seeking an

order authorizing the issuance of a writ of attachment against the shares of PDV Holding, Inc. ("PDVH") on the theory that this Court already concluded in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* ("*Crystallex I*"), 333 F. Supp. 3d 380 (D. Del. 2018), that PDVSA, owner of the PDVH shares, is the alter ego of the Republic. D.I. 1, 2. On December 12, 2019, this Court rejected OIEG's assertion of collateral estoppel and denied the original attachment motion. D.I. 26 at 14. OIEG moved for reconsideration, D.I. 27, and on January 15, 2021, this Court denied OIEG's motion and directed the parties to submit a joint status report, D.I. 43.

On January 26, 2021, the parties submitted a joint status report. D.I. 44. OIEG stated that it intended to file a new attachment motion and sought an expedited schedule in view of the sale proceedings in *Crystallex*. OIEG did not mention any desire, much less a need, for discovery. To the contrary, OIEG suggested that the factual record already had been developed and was not in serious dispute: it stated that its motion would "apply the legal analysis from *Crystallex* and include an updated factual presentation of alter ego status." *Id.* at 4-5. OIEG represented that "[m]any of the relevant facts were already supplied to Venezuela in August 2020 in connection with papers supporting OIEG's motion for reconsideration"—which was made without discovery—and that "[t]his material will be brought current in the amended motion." *Id.* OIEG further stated that the "[t]he only remaining legal dispute will be the legal relevance of the United States' recognition of a new representative of the Republic who, as the record will plainly show, has absolutely no power over the Republic, PDVSA, or PDVSA's business or assets." *Id.* at 5. On January 29, 2021, the Court entered a scheduling order in line with the one proposed by OIEG. D.I. 45. The scheduling order does not provide for any discovery as the parties had not requested any.

On February 19, 2021, OIEG filed the Renewed Motion for an Order Authorizing the Issuance of a Writ of Attachment *Fieri Facias* (D.I. 48, 49) (the "Attachment Motion"), in which it effectively concedes that the Interim Government does not extensively control PDVSA. Nevertheless, OIEG argues that the actions of the Maduro regime are the only actions that matter under *Bancec*. According to OIEG, because the Maduro regime continues to exercise extensive control over PDVSA, PDVSA is the alter ego of the Republic. OIEG did not request any discovery prior to or at the time of the filing of its Attachment Motion. Rather, OIEG sought discovery for the first time on March 12, 2021 when it served ***162*** requests for admission on counsel for the Republic. *See* D.I. 54.

PDVSA moved to intervene on March 18, 2021, and this Court granted that motion the following day. D.I. 57, 60. On March 24, 2021, OIEG filed the Medina Subpoena with the Court, *see* D.I. 61, and served Mr. Medina on March 27, 2021.[2] The Medina Subpoena directed Mr. Medina to produce documents and appear for a deposition on April 9, 2021 – one week ***after*** PDVSA's and the Republic's April 2, 2021 deadline to respond to the Attachment Motion, and one week ***before*** OIEG's reply brief is due. On March 25, 2021, OIEG served the PDVSA Notice on the undersigned counsel, directing PDVSA to produce documents and designate a corporate representative to appear for a deposition on April 8, 2021. D.I. 63. The PDVSA Notice and Medina Subpoena seek the same broad categories of documents and information, which are focused on OIEG's argument that the Maduro regime continues to exercise control over PDVSA *outside of the U.S.* and that the *ad hoc* Board does not exercise *de facto* control over PDVSA *in Venezuela*. *See* D.I. 61-1, 63-1.

[2] On March 12, 2021, prior to PDVSA's intervention in this case, counsel for OIEG wrote to counsel for PDVSA to advise that OIEG intended to issue third-party subpoenas to certain current and former members of the PDVSA *ad hoc* Board, including Mr. Medina.

On April 2, 2021, PDVSA filed its Cross-Motion to Dismiss for Lack of Jurisdiction and Opposition to the Attachment Motion (D.I. 64, 65) (the "Cross-Motion to Dismiss"). PDVSA argued, *inter alia*, that the Court lacks subject matter jurisdiction over this action against PDVSA under the FSIA because OIEG has failed to establish that PDVSA is the alter ego of the Republic under *Bancec*. D.I. 65 at 8-29. PDVSA argued that OIEG cannot rely upon actions by the Maduro regime as a basis for the Court's jurisdiction over PDVSA, particularly in an application seeking solely to attach PDVSA assets in the United States, and that OIEG's sparse allegations regarding the Interim Government's relationship with PDVSA are insufficient to rebut the strong presumption of separateness under *Bancec*. *Id.* at 9-29.

Mr. Medina submitted a declaration in support of PDVSA's Cross-Motion to Dismiss (the "Medina Declaration"). D.I. 68 ¶ 1. The Medina Declaration explains that neither the illegitimate Maduro regime nor the Interim Government exercises day-to-day control over PDVSA's business operations, as managed by the PDVSA *ad hoc* Board. *Id.* ¶¶ 10-11. The Medina Declaration does not address any of OIEG's allegations concerning the Maduro regime's control of PDVSA or its assets outside of the United States. *See generally id.*

In accordance with Local Rule 7.1.1, on April 6, 2021, counsel for PDVSA and OIEG met and conferred regarding the PDVSA Notice and the Medina Subpoena. Counsel for PDVSA offered that, in the interest of avoiding motion practice, PDVSA would agree to one deposition of Mr. Medina limited to topics covered in the Medina Declaration, provided that OIEG agreed not to question Mr. Medina on topics outside the scope of that Declaration and agreed not to seek any further discovery from PDVSA or members of its *ad hoc* Board in connection with OIEG's Attachment Motion. OIEG rejected this proposal. On April 8, 2021, PDVSA and OIEG

submitted a joint letter notifying the Court of this discovery dispute. D.I. 70. The next day, the Court ordered that PDVSA may file this motion. D.I. 72.

## LEGAL STANDARD

The Court may issue a protective order for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court may do so by, *inter alia*, (1) "forbidding the disclosure or discovery;" (2) "specifying terms . . . for the disclosure or discovery;" and (3) "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)-(D). Rule 45(d)(3) further requires that the Court quash or modify a subpoena that, *inter alia*, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

## ARGUMENT

### I. The Discovery That OIEG Seeks Is Barred by the FSIA and the Federal Rules of Civil Procedure

In the context of a motion to dismiss under the FSIA, the plaintiff has the burden of demonstrating a reasonable basis for any jurisdictional discovery sought. *See Seijas v. Republic of Argentina*, 502 F. App'x 19, 21 (2d Cir. 2012); *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 851-52 (5th Cir. 2000) (affirming denial of FSIA discovery where the plaintiff failed "to make the requisite showing for justifying [FSIA] discovery"); *Crist v. Republic of Turkey*, 995 F. Supp. 5, 12-13 (D.D.C. 1998) (denying FSIA discovery where plaintiff failed to provide the basis "required to justify jurisdictional discovery in FSIA cases").

Placing the burden on the plaintiff reflects the well-established principle that the FSIA provides immunity not only from liability, but also from the costs and burdens of litigation, including discovery. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1315 (11th Cir. 2009); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990). Accordingly,

jurisdictional discovery "is not permitted as a matter of course" and "should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *Kelly*, 213 F.3d at 849 (emphasis added) (quoting *Arriba, Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992)); *see also Fed. Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270, 1284 n. 11 (3d Cir. 1993) ("[W]e caution that discovery and fact-finding should be limited to the essentials necessary to determining the preliminary question of jurisdiction.") (citations and quotation marks omitted); *In re Papandreou*, 139 F.3d 247, 253 (D.C. Cir. 1998) ("[A] district court authorizing discovery to determine whether immunity bars jurisdiction must proceed with circumspection, lest the evaluation of the immunity itself encroach unduly on the benefits the immunity was to ensure.").

In this regard, "[r]equests for jurisdictional discovery should be granted only if the plaintiff presents non-conclusory allegations that, if supplemented with additional information, will materially affect the court's analysis with regard to the applicability of the FSIA." *Crist*, 995 F. Supp. at 12 (internal quotation marks omitted); *see Simon v. Republic of Hungary*, 37 F. Supp. 3d 381, 438 (D.D.C. 2014) (jurisdictional discovery should be denied "in the absence of some specific indication regarding what facts additional discovery could produce that would affect the court's jurisdictional analysis"), *aff'd in part, rev'd in part on other grounds*, 812 F.3d 127 (D.C. Cir. 2016); *Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*, 244 F. Supp. 2d 1130, 1141-42 (D. Colo. 2002) (FSIA discovery cannot "supplant [the plaintiff's] obligation to state specific facts that would bring this action within a recognized FSIA exception").

OIEG cannot carry its heavy burden. The sole jurisdictional question before this Court is whether PDVSA is the alter ego of the Republic under *Bancec*. *See* D.I. 49 at 22-23. As this

Court has already held, "the pertinent time" for purposes of that alter ego analysis is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ," *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151-LPS, 2021 U.S. Dist. LEXIS 7793, at *18 (D. Del. Jan. 14, 2021), and it is undisputed as a matter of fact that the Maduro regime exercises no control over the "relevant portion of PDVSA, which is the property in the U.S." D.I. 26 at 14; D.I. 49 at 7. Nonetheless, in its Attachment Motion, OIEG relies almost entirely on assertions about the Maduro regime's control of PDVSA outside of the U.S. as the basis for the alleged alter ego relationship between the Republic and PDVSA in an action to attach property *in* the United States. *See* D.I. 49. The PDVSA Notice and Medina Subpoena seek broad categories of documents in support of those assertions. *See* D.I. 61-1, D.I. 63-3. As set forth in detail in PDVSA's Cross-Motion to Dismiss, the acts of the Maduro regime are legally irrelevant to this Court's jurisdictional inquiry. Because OIEG's Maduro theory of jurisdiction is not legally cognizable, it has no bearing on the Court's immunity determination and cannot serve as the basis for jurisdictional discovery. *Kelly*, 213 F.3d at 849; *see also Crist*, 995 F. Supp. at 12 (FSIA discovery "should not be allowed when discovery would be futile").[3]

Nor can OIEG rely on its few conclusory assertions as to the Interim Government's alleged control of PDVSA as a basis for jurisdictional discovery. *See Heroth v. Kingdom of Saudi Arabia*, 331 F. App'x 1, 3 (D.C. Cir. 2009) (affirming dismissal and denial of request for jurisdictional discovery to support agency theory where the allegation was "'conclusory' and

---

[3] While OIEG disputes the relevance of the Executive Branch's recognition of the Interim Government and its express nonrecognition of the Maduro regime, OIEG acknowledges that that issue presents a question of law – not a question of fact. D.I. 44 at 5. No amount of discovery will remedy the fact that OIEG's legal argument is foreclosed by binding Supreme Court and Third Circuit precedent.

unsupported by 'specific' factual allegations"); *Crist*, 995 F. Supp. at 12 ("Requests for jurisdictional discovery should be granted only if the plaintiff presents non-conclusory allegations that, if supplemented with additional information, will materially affect the court's analysis with regard to the applicability of the FSIA." (internal quotation marks omitted)); *Berces v. Kombinat*, No. 94 CIV 3381 (KMW), 1995 U.S. Dist. LEXIS 16052, at *4 n.2 (S.D.N.Y. Oct. 31, 1995) ("Without specific allegations as a basis, discovery would amount to a fishing expedition."). As set forth in PDVSA's Cross-Motion to Dismiss, the allegations that OIEG makes with respect to the relationship between PDVSA and the Interim Government – even if accepted as true – are woefully insufficient to overcome the strong presumption of separateness under *Bancec*. D.I. 65 at 20-29.

Likewise under Fed. R. Civ. P. 26(b)(1), OIEG is not permitted to engage in a "fishing expedition in the hopes of discovering some basis for jurisdiction." *Okolie v. Future Servs. Gen. Trading & Contracting Co.*, 102 F. Supp. 3d 172, 178 (D.D.C. 2015); *see also Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery."). Moreover, preparing a Rule 30(b)(6) witness to testify about everything the *ad hoc* Board knows about Maduro's control of PDVSA outside the U.S. would be an extremely burdensome undertaking, particularly in the short time available and while counsel is preparing for a hearing on April 30. Finally, the Medina Subpoena should be quashed for the additional reason that it is wholly duplicative of the PDVSA Notice. *See* Fed. R. Civ. P. 26(b)(2)(c)(i); *compare* D.I. 61-1 *with* D.I. 63-1

## II. If Any Discovery Is Permitted, It Should Occur After the April 30 Hearing

OIEG got the expedited schedule that it sought without mentioning any desire to take discovery in support of its Attachment Motion. D.I. 44 at 4-5. It then waited to serve its discovery so that only it could address the discovery in its briefing, and then only in the reply brief. While the Court's scheduling order issued in connection with this discovery dispute will require OIEG to file its reply brief in advance of any discovery, permitting discovery in advance of the April 30 hearing is not fair, appropriate or necessary. Indeed, this discovery dispute implicates the fundamental legal issue of whether Maduro's control of PDVSA outside the United States is legally relevant for purposes of the jurisdictional analysis under *Bancec*. PDVSA, OIEG and the Republic have been briefing that issue in connection with the Attachment Motion and it will be argued on April 30 – a hearing date that was set at OIEG's request without any contemplation of discovery.

Accordingly, PDVSA respectfully suggests that, if the Court contemplates the need for some discovery in order to decide the Attachment Motion, a cleaner and clearer record will emerge if the Court first hears oral argument on April 30 to address whether OIEG's legal theory based on allegations of Maduro's control of PDVSA outside the United States is viable and whether OIEG has made sufficient allegations of control of PDVSA in the U.S. to support jurisdictional discovery. If the Court concludes that OIEG has made a showing sufficient to justify discovery, and that discovery would assist the Court in deciding the Attachment Motion, it can so rule at or shortly after the hearing.

## CONCLUSION

For the foregoing reasons, this Court should grant PDVSA's motion for a protective order and/or motion to quash.

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law

*Attorney for Intervenor Petróleos de Venezuela, S.A.*

OF COUNSEL:

Joseph D. Pizzurro
Julia B. Mosse
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
jmosse@curtis.com
kmeehan@curtis.com
jperla@curtis.com

Dated: April 12, 2021