# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

OI EUROPEAN GROUP B.V.,

        Plaintiff,

        v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.:  1:19-mc-00290-LPS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## THE BOLIVARIAN REPUBLIC OF VENEZUELA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26.1 of the United States District Court for the District of Delaware (together, the "Rules"), Defendant the Bolivarian Republic of Venezuela (the "Republic") hereby responds and objects to Plaintiff's First Set of Requests for Admission, dated March 12, 2021 (the "Requests"), in the above-captioned action (the "Action") as follows.

## PRELIMINARY STATEMENT

The Republic reserves the right to supplement these objections and responses at a later date.  The Republic also reserves the right to:  (i) revise, correct, supplement, or clarify the content of these Responses and Objections in accordance with the Rules; and (ii) employ at trial or in any pre-trial proceeding information subsequently obtained or discovered, or information not within the scope of these Requests.  The Republic denies all but those facts explicitly admitted in this Response.

## GENERAL OBJECTIONS

The following General Objections and Objections to Definitions (collectively, the "General Objections") apply to each of the Definitions  and Requests and shall have the same force and effect as if set forth in full in response to each individually numbered Definition or Request.  Certain General Objections may be specifically repeated in individual responses for the purpose of emphasis.  Failure to make a specific reference is not a waiver of any General Objection.  In the event any information falling within one or more of these objections is disclosed in response to the Requests, the disclosure is inadvertent and is not a waiver of the objection.

1.        The Republic objects to the Requests to the extent they call for information that is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action.  Fed. R. Civ. P. 26(b)(1).  The admission of any fact in response to these Requests should not be construed as, and does not constitute, an admission as to the relevance or proportionality of the subject matter of the Requests.

2.        The Republic objects to the Requests on the ground that they fail to provide a reasonable time for compliance and are inconsistent with the parties' negotiations and OIEG's express representations to the Court in connection with establishing a schedule for this Action to proceed.  In particular, in the parties' January 26, 2021 joint status letter, OIEG made no mention whatsoever of any need for discovery, let alone the extremely burdensome 162 Requests for Admission that OIEG has now served.  Instead, OIEG requested "expedited consideration" of its renewed attachment motion, promising that its motion "will require far fewer judicial resources than did the Crystallex proceeding"—in which no discovery was taken—and representing that its motion would "apply the legal analysis from *Crystallex* and include an updated factual presentation of alter ego status."  D.I. 44 at 2, 4-5.  OIEG said that "[m]any of the relevant facts

were already supplied to Venezuela in August 2020 in connection with papers supporting OIEG's motion for reconsideration"—which was made without discovery—and that "[t]his material will be brought current in the amended motion."  *Id.*   OIEG sought a schedule that contemplated that its opening brief would be due three weeks later, on February 19, 2021, allowing no time for the Requests for Admission and other discovery OIEG has since served.  *Id.* at 5.  After filing its opening brief on that date, OIEG then waited until March 12, 2021, to serve the present Requests for Admission, and still later to serve deposition notices, all timed to ensure that the fruits of any discovery would not be available to the Republic or Intervenor when they filed their responses to the motion, which were due on April 2, 2021, and have now been filed. OIEG's belated discovery requests, propounded without prior notice to the Republic and in the middle of the merits briefing schedule Plaintiff specifically requested are untimely, unfair and inconsistent with the parties' expectations and the schedule set by this Court.

3.     The Republic objects to the Requests to the extent they call for information protected by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity, or protection from disclosure, or that are otherwise protected from disclosure under the Rules, or subject to protective orders, non-disclosure agreements, or other confidentiality undertakings.  Nothing contained in this Response is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection.  Inadvertent disclosure of any information that is subject to any protection or privilege shall not constitute a waiver of the Republic's rights to:  (i) seek the return or destruction of such inadvertently disclosed information; or (ii) object to the use of such material for any purpose in, or at any stage of, the Action, or in any other action or proceeding.

4.     The Republic objects to the Requests to the extent that they purport to impose burdens or obligations on the Republic that are broader than, more burdensome than, inconsistent with, or not authorized by the Rules.  In responding to the Requests, the Republic will construe the Requests in accordance with the Rules.

5.     The Republic objects to the Requests to the extent that the discovery sought is unduly burdensome or expensive, taking into account the needs of the Action, the amount in controversy, the parties' resources, the importance of the issues at stake in the Action, and the importance of the discovery in resolving these issues.

6.     The Republic objects to the Requests to the extent they are unreasonably cumulative or duplicative of each other.

7.     The Republic objects to the Requests to the extent that they are not drafted "in simple and concise terms in order that [they] can be denied or admitted with an absolute minimum of explanation or qualification." *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009) (quoting *United Coal Cos.* v. *Powell Constr. Co.*, 839 F.2d 958, 967–68 (3d Cir.1988)).

8.     The Republic objects to the Requests to the extent that they purport to require the Republic to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments.  The Republic further objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place, or contain inaccurate, incomplete, or misleading descriptions of facts, persons, or events.  Any response or admission in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission concerning any such assumptions.

9.     The Republic objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed, erroneous or irrelevant to the Action.  In responding and objecting to the Requests, the Republic does not admit or concede the correctness of any such allegations or assertions.

10.     For any Request to which the Republic objects on grounds of vagueness, the Republic will read, object, and/or respond to the Request according to its own good-faith interpretation of the Request, to the extent possible.

11.     The Republic preserves, and does not waive, any objection as to competence, relevance, materiality, propriety, and admissibility, as well as any and all other objections and grounds for exclusion of evidence.  The Republic reserves the right to make any and all such objections at trial and at any other proceeding relating to the Action.

## OBJECTIONS TO DEFINITIONS

1.     The Republic objects to each of the Definitions, and to any Definition or Request that incorporates that Definition, to the extent that the Definition purports to broaden the obligations imposed by the Rules.  Subject to and without waiver of these objections, in responding to the Requests, the Republic will comply, and construe the Definitions consistently, with the Rules.

2.     The Republic further objects to each of the Definitions, and to any Definition or Request that incorporates that Definition, to the extent that the Definition purports to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Rules.

3.     The Republic further objects to the defined term "Guaidó Government" and to any Definition or Request that incorporates that Definition, (i) on the grounds that any such Definitions or Requests are overbroad, vague, ambiguous and confusing, particularly to the

extent that they purport to include "any governmental, executive, administrative, regulatory, legislative, or judicial body or agency of Venezuela or any political subdivision thereof"; "any state-owned or state-controlled entities" irrespective of the separate legal identity of such entities; and "all Persons acting or purporting to speak or act on behalf of *any* of the foregoing, whether or not authorized to do so"; (ii) to the extent that such Definitions or Requests seek the discovery of information that is in the possession, custody, or control of third parties or cannot be obtained by the Republic upon a reasonable inquiry; and (iii) to the extent that such Definitions or Requests fail to distinguish between or among distinct government entities.  The Republic will construe the term "Guaidó Government" to mean the government led by Interim President Juan Guaidó and its recognized officers that the Republic refers to as "the Interim Government."

4.      The Republic further objects to the defined term "Maduro Regime" and to any Definition or Request that incorporates that Definition, (i) on the grounds that any such Definitions, or Requests are overbroad, vague, ambiguous and confusing, and (ii) to the extent that such Definitions or Requests fail to distinguish between or among distinct government entities.

<strong><u>RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS</u></strong>

**<u>Request for Admission No. 1</u>**

Since January 2019, Mr. Maduro, directly and indirectly through members of the Maduro Regime, has maintained *de facto* control over Venezuela and Venezuela's assets located outside of the United States.

**<u>Response to Request No. 1</u>**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot

recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009) (quoting *United Coal Cos.* v. *Powell Constr. Co.*, 839 F.2d 958, 967–68 (3d Cir.1988)).  The Republic further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible, particularly to the extent that it fails to define or explain the phrase "Venezuela's assets."

**Request for Admission No. 2**

> Since January 2019, Mr. Guaidó has not established *de facto* control over Venezuela and Venezuela's assets located outside of the United States.

**Response to Request No. 2**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV*

*Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Medical Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "Venezuela's assets."

**Request for Admission No. 3**

> In Venezuela, Mr. Maduro is recognized as the *de jure* and *de facto* President of Venezuela.

**Response to Request No. 3**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."

*Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the term "recognized" nor explain what person, entity or body within Venezuela purportedly carries out such recognition.

**Request for Admission No. 4**

> Since August 2018, Mr. Maduro continues to control, directly and indirectly through members of the Maduro Regime, the Venezuelan military.

**Response to Request No. 4**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

**Request for Admission No. 5**

> Since August 2018, Mr. Maduro, either directly or indirectly through members of the Maduro Regime, continues to take actions on behalf of, or purported to be on behalf of, Venezuela.

**Response to Request No. 5**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "directly or indirectly . . . take actions on behalf of."

**Request for Admission No. 6**

> Since August 2018, Mr. Maduro, either directly or indirectly through members of the Maduro Regime, continues to conduct business and diplomatic matters across the globe on behalf of Venezuela.

**Response to Request No. 6**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot

recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrases "business or diplomatic matters" and "across the globe."

**Request for Admission No. 7**

Samuel R. Moncada Acosta is the current permanent representative of Venezuela at the United Nations.

**Response to Request No. 7**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the identity of the United Nations representative of Venezuela is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action.  Fed. R. Civ. P. 26(b)(1); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

Subject to and without waiver of any Objections, the Republic denies this Request because Mr. Acosta is not the current permanent representative of Venezuela at the United Nations.

**Request for Admission No. 8**

The Guaidó Government has been (a) unable to appoint a new permanent representative of Venezuela at the United Nations or (b) rescind the appointment of Samuel R. Moncada Acosta as Venezuela's permanent representative at the United Nations.

**Response to Request No. 8**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the identity of the United Nations representative of Venezuela is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime). The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification." *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

Subject to and without waiver of any Objections, the Republic denies this Request because Mr. Acosta is not the current permanent representative of Venezuela at the United Nations.

**Request for Admission No. 9**

Since January 2019, the Maduro Regime has maintained possession and control of Venezuela-owned buildings and assets in Venezuela.

**Response to Request No. 9**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrases "possession and control," "Venezuelan-owned buildings" or "assets in Venezuela."

**Request for Admission No. 10**

Mr. Guaidó, either directly or indirectly through members of the Guaidó Government, has not had access to the corporate headquarters of any Venezuelan sovereign instrumentality since January 2019.

**Response to Request No. 10**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.")..  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification." *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).    The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "any Venezuelan sovereign instrumentality."

**Request for Admission No. 11**

Mr. Guaidó, either directly or indirectly through members of the Guaidó Government, has not had access to the corporate headquarters of PDVSA since January 2019.

**Response to Request No. 11**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).    The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "any Venezuelan sovereign instrumentality."

**Request for Admission No. 12**

> PDVSA operates a multi-billion dollar worldwide petroleum business headquartered in Caracas, and its operations include all commercial activities of the petroleum industry in Venezuela.

**Response to Request No. 12**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and

concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification." *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrases "worldwide petroleum business" and "all commercial activities of the petroleum industry."

Subject to and without waiver of any Objections, the Republic denies this Request because PDVSA's headquarters in Caracas do not operate worldwide, including in the United States, where PDVSA's assets are controlled by the ad hoc board appointed by Interim President Guaidó.

**<u>Request for Admission No. 13</u>**

PDVSA owns twenty-eight (28) direct subsidiaries across the world.

**<u>Response to Request No. 13</u>**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the number of subsidiaries owned by PDVSA worldwide is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**<u>Request for Admission No. 14</u>**

PDVH is the only direct subsidiary of PDVSA that is located in the United States.

**Response to Request No. 14**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any Objections, the Republic denies this Request because, according to public reports, PDVSA V.I. Inc. is a direct subsidiary of PDVSA.

**Request for Admission No. 15**

The Guaidó Board has no communication with, or physical access to, any of the PDVSA subsidiaries other than PDVH.

**Response to Request No. 15**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter or assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

**Request for Admission No. 16**

Venezuela, through the Maduro Regime and/or the Guaidó Government, uses PDVSA's property as its own.

**Response to Request No. 16**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "PDVSA's property."

Subject to and without waiver of any Objections, the Republic denies this Request with respect to the Interim Government of President Guaidó.

**Request for Admission No. 17**

Venezuela, through the Maduro Regime and/or the Guaidó Government, ignores PDVSA's separate status.

-18-

**Response to Request No. 17**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it improperly asks the Republic to admit the truth of a legal conclusion.  *Id.* ("It is well established that a request as to a pure matter of law is not permitted."). The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

Subject to and without waiver of any Objections, the Republic denies this Request with respect to the Interim Government of President Guaidó.

**Request for Admission No. 18**

Venezuela, through the Maduro Regime and/or the Guaidó Government, deprives PDVSA of independence from close political control.

**Response to Request No. 18**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

Subject to and without waiver of any Objections, the Republic denies this Request with respect to the Interim Government of President Guaidó.

**Request for Admission No. 19**

Venezuela, through the Maduro Regime and/or the Guaidó Government, requires PDVSA to obtain government approvals for ordinary business decisions.

**Response to Request No. 19**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

Subject to and without waiver of any Objections, the Republic denies this Request with respect to the Interim Government of President Guaidó.

**Request for Admission No. 20**

Venezuela, through the Maduro Regime and/or the Guaidó Government, issues policies causing PDVSA to act directly on behalf of Venezuela.

**Response to Request No. 20**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert*

v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "policies causing PDVSA to act."

Subject to and without waiver of any Objections, the Republic denies this Request with respect to the Interim Government of President Guaidó.

**Request for Admission No. 21**

Venezuela, through the Guaidó Government, intends to treat Venezuela and PDVSA debt obligations equally with each other in a future restructuring.

**Response to Request No. 21**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "treat Venezuela and PDVSA debt obligations equally with each other."

-22-

Subject to and without waiver of any Objections, the Republic admits that the Interim Government stated in the *Guidelines for the Renegotiation of the Chávez/Maduro Era Legacy Public External Debt* that "no different treatment shall be accorded to eligible . . . claims as a result of . . . the identity of the public sector obligor (the Republic, PDVSA or another public sector entity)," but otherwise denies this Request.

**Request for Admission No. 22**

Venezuela, through the Guaidó Government, utilizes PDVSA's direct and indirect assets to fund its operations and political endeavors.

**Response to Request No. 22**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrases "direct and indirect assets" and "operations and political endeavors."

Subject to and without waiver of any Objections, the Republic denies this Request.

**Request for Admission No. 23**

The Guaidó Board has no direct access or communications with Venezuelan-based employees or officers of PDVSA.

**Response to Request No. 23**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019)

-23-

(finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "direct access or communications."

**Request for Admission No. 24**

Since January 2019, Mr. Guaidó, directly or indirectly through members of the Guaidó Government, has not attended a shareholder meeting for PDVSA in Venezuela.

**Response to Request No. 24**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 25**

Neither Guaidó nor the Guaidó Board have attended any OPEC meetings.

**Response to Request No. 25**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 26**

Neither Guaidó nor the Guaidó Board have exported any PDVSA oil from Venezuela abroad.

**Response to Request No. 26**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."). The Republic further objects to this Request on the grounds that it is

vague, ambiguous and unintelligible, particularly to the extent that it purports to suggest that presidents of countries or company boards would or should carry out the action of exporting oil.

**Request for Admission No. 27**

Neither Guaidó nor the Guaidó Board have hired any PDVSA workers in Venezuela.

**Response to Request No. 27**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "hired . . . workers *in* Venezuela" and to the extent that it purports to suggest that presidents of countries or company boards would or should be responsible for "hiring workers."

**Request for Admission No. 28**

Neither Guaidó nor the Guaidó Board have coordinated repairs of any of the PDVSA refineries in Venezuela or abroad.

**Response to Request No. 28**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define the phrase "coordinated repairs" and to the extent that it purports to suggest that presidents of countries or company boards would or should be responsible for coordinating repairs.

**Request for Admission No. 29**

On February 5, 2019, the National Assembly approved and adopted a Statute to Govern a Transition to Democracy to Reestablish the Validity of the Constitution of the Republic of Venezuela (the "Transition Statute").

**Response to Request No. 29**

The Republic asserts its General Objections, which are herein incorporated by reference.

Subject to and without waiver of any Objections, the Republic admits this Request.

**Request for Admission No. 30**

On February 8, 2019, pursuant to the Transition Statute, Mr. Guaidó appointed five individuals as the ad hoc Managing Board of PDVSA (the "Guaidó Board") for the purpose of carrying out all necessary actions to appoint a Board of Directors' for PDVH.

**Response to Request No. 30**

The Republic asserts its General Objections, which are herein incorporated by reference.

Subject to and without waiver of any Objections, the Republic admits this Request.

**Request for Admission No. 31**

The Transition Statute directs PDVSA's U.S.-direct and indirect subsidiaries to take certain actions and governance steps.

**Response to Request No. 31**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define the phrase "certain actions and governance steps."  Subject to and without waiver of any of the Objections, the Republic admits this Request and respectfully refers the Court to the Transition Statute for a full and accurate description of its contents.

**Request for Admission No. 32**

The primary source of funding for the Guaidó Government's operations is from PDVSA's assets in the United States.

**Response to Request No. 32**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any Objections, the Republic denies this Request.

**Request for Admission No. 33**

To date, the Guaidó Board has been unable to exert direct control and/or modify the boards of any of PDVSA's twenty-eight subsidiaries other than PDVH.

**Response to Request No. 33**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019)

(finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 34**

PDVSA maintains www.pdvsa.com as its corporate website (an English language version of which is located at http://www.pdvsa.com/index.php?lang=en).

**Response to Request No. 34**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any Objections, the Republic admits this Request.

**Request for Admission No. 35**

PDVSA.com is owned and maintained by officers or employees of PDVSA.

**Response to Request No. 35**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that ownership and control of PDVSA.com is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that such information is wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1).

**Request for Admission No. 36**

PDVSA.com includes a Corporate Governance page at the internet address of http://www.pdvsa.com/index.php?option=com_content&view=article&id=6558&Itemid=891&la ng=en (the "Corporate Governance Page").

**Response to Request No. 36**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the contents of PDVSA.com are neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that such information wholly unrelated to the subject matter and

assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1). Subject to and without waiver of any Objections, the Republic admits this Request.

**Request for Admission No. 37**

The Corporate Governance Page contains a list of the board of directors of PDVSA.

**Response to Request No. 37**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the contents of PDVSA.com are neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that such information is wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1). Subject to and without waiver of any Objections, the Republic (i) admits that the Corporate Governance page of PDVSA.com lists individuals who purportedly are board members of PDVSA, but (ii) denies that such individuals are legitimate board members of PDVSA.

**Request for Admission No. 38**

The list of the board of directors of PDVSA on the Corporate Governance Page does not include or list any Guaidó Board member as a director of PDVSA.

**Response to Request No. 38**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the contents of PDVSA.com are neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that such information is wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1). Subject to and without waiver of any Objections, the Republic (i) admits that the Corporate Governance page of PDVSA.com lists individuals who purportedly are board members of PDVSA and (ii) that no

such persons are members of the ad hoc board of PDVSA appointed by the Interim Government, but (ii) denies that such individuals listed on PDVSA.com are legitimate board members of PDVSA.

**Request for Admission No. 39**

> In or about April 2019, Venezuela's Constituent Assembly approved a decree allowing for the prosecution of Mr. Guaidó.

**Response to Request No. 39**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 40**

> In or about April 2019, Diosdado Cabello, the Constituent Assembly Chief, stated in words or substance that the decree formally authorizes the continuation of proceedings against Mr. Guaidó.

**Response to Request No. 40**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 41**

> In or about April 2019, the Venezuela Supreme Court re-issued an order prohibiting Mr. Guaidó from leaving the county.

**Response to Request No. 41**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 42**

> In or about June 2019, Venezuela Attorney General Tarek William Saab announced that he had launched a criminal investigation into Mr. Guaidó's appointment of the Guaidó Board.

**Response to Request No. 42**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 43**

In or about June 2019, Attorney General Saab stated in words or substance that the National Assembly "through criminal means pretends to seize national powers."

**Response to Request No. 43**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 44**

In or about June 2019, Attorney General Saab stated in words or substance that members of the ad hoc board "will of course suffer legal consequences, as will the person who declared himself president," *i.e.*, Mr. Guaidó.

**Response to Request No. 44**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 45**

> On or about February 9, 2020, naval forces of Venezuela, acting at the direction of members of the Maduro Regime, boarded the vessel Gerd Knutsen, owned by Knutsen NYK Offshore Tankers, as the vessel sat at anchor about nine miles off the Venezuelan Port of Guira.

**Response to Request No. 45**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 46**

> At the time the vessel was seized by Venezuelan naval forces, it contained about 960,000 barrels of crude oil, to which CITGO Petroleum claimed legal title.

**Response to Request No. 46**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

## Request for Admission No. 47

Venezuelan naval forces directed the vessel to sail to another Venezuelan port and discharge the oil to Venezuela for its own use.

## Response to Request No. 47

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 48**

  The Gerd Knutsen was forcibly escorted by a Venezuelan military vessel, the Cormoran, to the JoseTerminal near Puerto La Cruz so that Venezuela could unload and take possession of the cargo to which CITGO Petroleum claimed ownership.

**Response to Request No. 48**

  The Republic asserts its General Objections, which are herein incorporated by reference.

The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot

recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert*

v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other

objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019

WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that

"[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442

(3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an

unrecognized regime).

**Request for Admission No. 49**

  In or about February 2020, CITGO Petroleum publicly stated that, in connection with the Gerd Knutsen cargo, the Maduro Regime acted "through its control of PDVSA in Venezuela."

**Response to Request No. 49**

  The Republic asserts its General Objections, which are herein incorporated by reference.

The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot

recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert*

v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 50**

Prior to the vessel's seizure, CITGO Petroleum repeatedly had directed the Gerd Knutsen to deliver its cargo to CITGO Petroleum without success.

**Response to Request No. 50**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 51**

In March 2019, PDVSA announced the opening of an office in Moscow.

**Response to Request No. 51**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 52**

      In March 2019, Russia reaffirmed its recognition of Mr. Maduro as Venezuela's president.

**Response to Request No. 52**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 53**

      The Russian government has publicly stated that United States' sanctions on Venezuela are illegal and that it would attempt to aid the country.

**Response to Request No. 53**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 54**

As of April 2019, Russia has loaned Venezuela almost $16 billion since 2006, which is being repaid in oil shipments.

**Response to Request No. 54**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 55**

The opening of PDVSA's Moscow office was directed by members of the Maduro Regime.

**Response to Request No. 55**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 56**

In or about April 2019, PDVSA proposed to enter into a factoring arrangement with Rosneft Oil Company, a Russian oil company headquartered in Moscow.

**Response to Request No. 56**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 57**

A factoring arrangement with Rosneft Oil Company would allow PDVSA to sell oil despite the existence of sanctions imposed on Venezuela by the United States.

**Response to Request No. 57**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

The Republic further objects to this Request on the ground that it improperly asks the Republic to admit the truth of a legal conclusion as to the effect of U.S. sanctions on Venezuela.  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009) ("It is well established that a request as to a pure matter of law is not permitted.").

**Request for Admission No. 58**

In or about July 2019, PDVSA, was selling oil to a Turkish company known as Grupo Iveex Insaat.

**Response to Request No. 58**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert*

v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 59**

Members of the Maduro Regime directed PDVSA's oil sales to Grupo Iveex Insaat.

**Response to Request No. 59**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 60**

In or about March 2019, Delcy Rodriguez, a member of the Maduro Regime, announced that PDVSA's European office would move from Lisbon to Moscow.

**Response to Request No. 60**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 61**

In or about August to September 2019, Manuel Quevedo, the Venezuela oil minister appointed by Mr. Maduro, announced the opening of PDVSA's European office in Moscow.

**Response to Request No. 61**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 62**

Mr. Guaidó and the Guaidó Board were not included in any discussions or decisions regarding the opening of PDVSA's European office in Moscow.

**Response to Request No. 62**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "discussions or decisions" or with whom the discussions regarding that subject might have been had.

**Request for Admission No. 63**

Mr. Quevedo made the announcement during his visit to Abu Dhabi, where the World Petroleum Congress took place.

**Response to Request No. 63**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 64**

The purpose of opening the PDVSA's European office in Russia was to avoid the effect of U.S. and European sanctions.

**Response to Request No. 64**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to explain the phrase "purpose" nor explain what person, entity or body within Venezuela purportedly had such single purpose.

**Request for Admission No. 65**

In or about November 2019, PDVSA signed commercial contract with an Indian company Flash Forge Private Limited (F-F).

**Response to Request No. 65**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The*

*Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 66**

The contract was to help restore crude oil output and repair refineries in Venezuela.

**Response to Request No. 66**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "[t]he contract was to help restore."

**Request for Admission No. 67**

The contract was signed on behalf of PDVSA by Manuel Quevedo, the Venezuela oil minister appointed by Mr. Maduro.

**Response to Request No. 67**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

-46-

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 68**

> In or about November 2019, Mr. Maduro pledged Venezuelan state funds to pay PDVSA's direct contract obligations for the completion of construction of PDVSA tankers.

**Response to Request No. 68**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 69**

> On February 19, 2020, Mr. Maduro ordered PDVSA employees to criticize Interim President Guaidó on national television, claiming, among other things that Mr. Guaidó was to blame for the U.S. sanctions.

**Response to Request No. 69**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 70**

In or about May 2020, a PDVSA employee was arrested after criticizing the Maduro Regime at a company meeting.

**Response to Request No. 70**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to provide sufficient specific information about the purported acts as to which it demands an admission or denial.

**Request for Admission No. 71**

On or about April 27, 2020, Mr. Maduro named Asdrubal Chávez, a cousin of the deceased Venezuelan strongman, the president of PDVSA.

-48-

**Response to Request No. 71**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 72**

Prior to appointing Mr. Chavez president of PDVSA, Mr. Maduro had appointed him president of CITGO Petroleum.

**Response to Request No. 72**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 73**

At or about the same time, Mr. Maduro appointed Tarek El Aissami Minister of Petroleum.

**Response to Request No. 73**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 74**

Mr. Maduro appointed Mr. El Aissami to restructure PDVSA.

**Response to Request No. 74**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 75**

Mr. El Aissami previously served as Venezuela's economy vice president, and is a long-time Maduro Regime lieutenant and former close ally of Hugo Chávez.

**Response to Request No. 75**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 76**

In or about May 2020, PDVSA advised the owners of third parties who licensed service stations pursuant to agreements with PDVSA, that PDVSA was authorized to rescind their agreements under Mr. Maduro's Executive Order 4.090.

**Response to Request No. 76**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 77**

The Twitter account @PDVSA tweets information about PDVSA.

**Response to Request No. 77**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 78**

The Twitter account @PDVSA is owned and operated by employees or officers of PDVSA.

**Response to Request No. 78**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 79**

The @PDVSA Twitter account is PDVSA's official corporate Twitter account.

**Response to Request No. 79**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 80**

The @PDVSA Twitter account has continued to be controlled by PDVSA since before August 2018 to the present.

**Response to Request No. 80**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019)

(finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 81**

      PDVSA's Twitter account (@PDVSA) tweets and retweets support for state initiatives, political actors and policies.

**Response to Request No. 81**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 82**

      Since on or about December 11, 2020, the @PDVSA Twitter account has retweeted at least 460 of Mr. Maduro's tweets.

**Response to Request No. 82**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other

-54-

objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 83**

The @PDVSA Twitter account has about 364,800 followers.

**Response to Request No. 83**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 84**

On or about June 1, 2020, the @PDVSA Twitter account tweeted a video in which Asdrubal Chávez – described as PDVSA's president – gave a press conference at a gas station, as he inspected it for compliance with the state-mandated pricing scheme. Miranda Decl. Ex. 19.

**Response to Request No. 84**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

## Request for Admission No. 85

On or about June 27, 2020, at the direction of Mr. Chávez and Mr. El Aissami, PDVSA rescinded its agreements with various Venezuelans who licensed service stations, and seized the stations for the state.

## Response to Request No. 85

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "various Venezuelans who licensed service stations."

**Request for Admission No. 86**

The Ali Rodriguez Araque Commission is charged with restructuring PDVSA and implementing plans to supply fuel to the country.

**Response to Request No. 86**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 87**

On or about February 26, 2021, @PDVSA Twitter account tweeted a picture of Mr. Maduro with accompanying text stating that Mr. Maduro was pleased with the goals for 2021 presented by the Alí Rodríguez Araque Presidential Commission.

**Response to Request No. 87**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

### Request for Admission No. 88

A "pinned tweet" on Twitter is a tweet which account users attach to the top of the tweet stream and is the first tweet people see when they visit a Twitter account.

### Response to Request No. 88

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the definition of a "pinned tweet" is not relevant to the claims or defenses of any party.

Subject to and without waiver of any of the Objections, the Republic admits this Request.

### Request for Admission No. 89

As of March 2, 2021, the @PDVSA pinned tweet is a February 27, 2021 tweet that includes a picture of Mr. Maduro with accompanying text stating that President Nicolás Maduro extended the Energy Emergency Decree until 2022.

### Response to Request No. 89

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

-58-

**Request for Admission No. 90**

On May 27, 2020, both Mr. El Aissami and Mr. Chávez attended virtual OPEC meetings on behalf of Venezuela and PDVSA.

**Response to Request No. 90**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 91**

The @TareckPSUV Twitter account contains tweets with information about Mr. El Aissami and PDVSA.

**Response to Request No. 91**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 92**

The @TareckPSUV Twitter account describes Mr. El Aissami as a "Militant of the PSUV and radically CHAVISTA[.]"

**Response to Request No. 92**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 93**

On or about May 27, 2020, the @TareckPSUV Twitter account tweeted a photograph of virtual OPEC meetings attended by Mr. El Aissami and Mr. Chávez.

**Response to Request No. 93**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 94**

The same @TareckPSUV photograph shows OPEC's Secretary General, Mohammad Barkindo, attending the virtual OPEC meeting with Mr. El Aissami and Mr. Chavez.

**Response to Request No. 94**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 95**

In or about mid-2020, due to sanctions imposed by the United States, Venezuela was in need of additional gasoline supply.

**Response to Request No. 95**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime). The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in

sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification." *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

### Request for Admission No. 96

On or about May 23, 2020, the @TareckPSUV Twitter account announced the arrival of Iranian tankers to Venezuelan territorial waters to deliver gas to Venezuela.

### Response to Request No. 96

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

### Request for Admission No. 97

The @TareckPSUV Twitter account later posted a picture of the Iranian oil tankers docked at a Venezuelan port.

### Response to Request No. 97

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 98**

On or about May 31, 2020, Mr. Maduro announced on national television in Venezuela that PDVSA would increase consumer prices.

**Response to Request No. 98**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 99**

During the same nationally televised address, Mr. Maduro described how PDVSA would sell gasoline and to whom.

**Response to Request No. 99**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The*

*Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 100**

On or about May 30, 2020, a press release published on the PDVSA website stated that "The President of the Bolivarian Republic of Venezuela, Nicolás Maduro announced that as of June 1 all gas stations in the country will be opened, with a new price and participation scheme, within the framework of the new internal hydrocarbon policy[.]"

**Response to Request No. 100**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 101**

PDVSA increased consumer prices after the May 30, 2020 press release published on the PDVSA website.

**Response to Request No. 101**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The*

-64-

*Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime). The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to explain the phrase "increased consumer prices."

**Request for Admission No. 102**

> During 2021, Mr. Maduro has made announcements in PDVSA's offices and PDVSA's own press releases issue the Maduro Regime's policy.

**Response to Request No. 102**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 103**

> On or about July 31, 2020, the Washington Post published an article stating in part that "[t]he campaign to replace President Nicolas Maduro has fizzled While Maduro and opposition leader Juan Guaidó both claim to be president, Maduro maintains control of key assets including the military, media, police and state-run oil company Petroleos de Venezuela SA, or PDVSA."

**Response to Request No. 103**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

Subject to and without waiver of any of the Objections, the Republic responds that it (i) admits that an article containing the quoted language was published by the Washington Post in July 2020, but (ii) denies that the quoted language presents a fair and complete representation of the matters described therein.

## Request for Admission No. 104

A true and correct copy of the July 31, 2020 Washington Post article is attached as Exhibit 24 to the Declaration of Barbara Miranda filed in the above captioned action.

## Response to Request No. 104

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that a July 31, 2020 Washington Post article is attached as Exhibit 24 to the Declaration of Barbara Miranda filed in the above captioned action.

## Request for Admission No. 105

The statements quoted above from the July 31, 2020 Washington Post article were true and accurate when published and remain true and accurate today.

## Response to Request No. 105

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

Subject to and without waiver of any of the Objections, the Republic denies that the article presents a fair and complete representation of the matters described therein.

## Request for Admission No. 106

In or about May 2020, PDVSA sold an approximate 35% share of its ownership in Nynas AB, a Swedish oil refinery.

## Response to Request No. 106

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that

"[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 107**

PDVSA accomplished the sale through its Netherlands-based subsidiary PDV Europa.

**Response to Request No. 107**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 108**

The reduction of PDVSA's interest in Nynas had the effect of relieving Nynas of the sanctions imposed on Venezuela by the United States.

**Response to Request No. 108**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

The Republic further objects to this Request on the ground that it improperly asks the Republic to admit the truth of a legal conclusion.  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009) ("It is well established that a request as to a pure matter of law is not permitted.").

### Request for Admission No. 109

After the Nynas transaction, the Guaidó Board criticized the sale as "harm to the nation's wealth supported by agents of the Maduro regime."

### Response to Request No. 109

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also*

-69-

*Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at \*7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

Subject to and without waiver of any of the Objections, the Republic admits that the PDVSA Ad Hoc Administrative Board issued a press release containing the quoted language.

**Request for Admission No. 110**

After the Nynas transaction, the Guaidó Board stated that it "was not informed of the company's sale of a 35% stake in Swedish refiner Nynas."

**Response to Request No. 110**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at \*4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at \*7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

Subject to and without waiver of any of the Objections, the Republic admits that the PDVSA Ad Hoc Administrative Board issued a press release stating that the Nynas transaction was "carried out without consultation and behind the back of the interests of the Nation" but otherwise denies the Request.

**Request for Admission No. 111**

In or about March 2019, Venezuela's Minister of Foreign Affairs, Jorge Arreaza, traveled abroad on board a PDVSA plane.

-70-

**Response to Request No. 111**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 112**

In early 2020, the Office of Foreign Assets Control ("OFAC") of the U.S. Department of the Treasury stated that "[i]n late Summer 2019, Venezuelan Oil Minister Manuel Salvador Quevedo Fernandez . . . attended an OPEC meeting in the United Arab Emirates and utilized the PdVSA aircraft Falcon 200EX (YV3360)."

**Response to Request No. 112**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 113**

In March 2020, a member of the Maduro Regime was indicted on charges of drug trafficking, narco-terrorism and money laundering brought by the United States Department of Justice.

**Response to Request No. 113**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "member of the Maduro regime."

Subject to and without waiver of any of the Objections, the Republic admits that Mr. Maduro, along with 14 members of his regime, were indicted in March 2020 for narco-terrorism, corruption, drug trafficking, and other criminal charges brought by the United States Department of Justice.

**Request for Admission No. 114**

Within days of the indictment, Venezuelan officials appointed by Mr. Maduro (including the Vice President of Venezuela Delcy Rodriguez) traveled to Trinidad & Tobago aboard a PDVSA aircraft.

**Response to Request No. 114**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 115**

In January 2021, OFAC stated that the "illegitimate Maduro regime has continued to use [PDVSA] as its primary conduit for corruption to exploit and profit from Venezuela's natural resources."

**Response to Request No. 115**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 116**

Alex Saab is a Colombian and a specially designated national who is a Maduro ally.

**Response to Request No. 116**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 117**

Mr. Saab currently faces criminal charges in the United States arising out of his associations with Mr. Maduro.

**Response to Request No. 117**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 118**

Mr. Saab was captured by Interpol when his plane stopped to refuel in the island nation of Cape Verde and is contesting his extradition to the United States.

**Response to Request No. 118**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 119**

In 2019, Mr. Maduro sent an aircraft registered to PDVSA to Guinea-Bissau in an attempt transport Mr. Saab out of Cape Verde. Miranda Decl. Ex. 32.

**Response to Request No. 119**

The Republic asserts its General Objections, which are herein incorporated by reference.

The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot

recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The*

*Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the

basis of actions by an unrecognized regime).

**Request for Admission No. 120**

On January 21, 2020, OFAC stated that "[PDVSA] Falcon 200EX (YV3360) [ ] was used throughout 2019 to transport senior members of the former Maduro regime in a continuation of the former Maduro regime's misappropriation of PdVSA assets. In the spring of 2019, during a joint operation conducted by PdVSA and the Venezuelan Integrated Air Command, PdVSA's Learjet 45XR (YV2567) attempted to interfere with a U.S. military aircraft in the northern Caribbean Sea." Carter Decl. Ex. 17.

**Response to Request No. 120**

The Republic asserts its General Objections, which are herein incorporated by reference.

The Republic further objects to this Request on the ground that it is neither relevant to the claims

or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot

recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4

(D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The*

*Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 121**

The PDVSA website includes a "Strategic Objectives" page.

**Response to Request No. 121**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 122**

One of PDVSA's Strategic Objectives listed on the PDVSA website is to "[s]upport the geopolitical positioning of Venezuela internationally[.]"

**Response to Request No. 122**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also*

*Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at \*7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

### Request for Admission No. 123

> One of PDVSA's Strategic Objectives is to support the geopolitical positioning of Venezuela internationally.

### Response to Request No. 123

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize related to assets that are not at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at \*4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at \*7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S."); *The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at \*1 (D. Del. May 14, 2009).

The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "Strategic

Objectives," but evidently is using the term in some sense different from the sense in the otherwise duplicative prior Request.

**Request for Admission No. 124**

Venezuela exercises direct control over distribution of the state's petroleum through PDVSA.

**Response to Request No. 124**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).  The Republic further objects that the Request is unduly burdensome and not a proper subject of a Request for Admission, because it deals in sweeping terms with an overly complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification."  *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible particularly to the extent that it fails to define or explain the words  and phrases "Venezuela" and "direct control."

**Request for Admission No. 125**

On or about March 3, 2020, the Maduro Regime directed four oil tankers to Cuba holding oil owned by PDVSA.

**Response to Request No. 125**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 126**

The oil was delivered to Cuba at a time when Venezuela was rationing fuel for its people.

**Response to Request No. 126**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 127**

The delivery of PDVSA oil to Cuba was denounced by Mr. Guaidó's supporters.

**Response to Request No. 127**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission).  The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible particularly to the extent that it fails to define or explain the phrase "Mr. Guaidó's supporters."

**Request for Admission No. 128**

      In or about July 2020, PDVSA gasoline was loaded onto Cuban oil tankers docked at a PDVSA refinery scheduled to depart for Cuba.

**Response to Request No. 128**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 129**

      The Anti-Blockade law was enacted in late 2020 by Mr. Maduro's legislature.

**Response to Request No. 129**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 130**

The Anti-Blockade law permits the Venezuelan government to enter into oil agreements and privatize PDVSA subsidiaries.

**Response to Request No. 130**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 131**

The @PDVSA's Twitter account has shared dozens of tweets and retweets supporting the Anti-Blockade Law.

**Response to Request No. 131**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 132**

On or about February 10, 2021, the @PDVSA Twitter account shared a tweet supporting the Anti-Blockade Law.

**Response to Request No. 132**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 133**

A true and correct copy of the tweet referred to in the prior Request for admission is at Exhibit 41 to the Miranda Declaration.

**Response to Request No. 133**

      The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that a tweet is attached as Exhibit 41 to the Miranda Declaration.

**Request for Admission No. 134**

      PetroCaribe is an agreement entered into by former president Hugo Chávez's regime pursuant to which Venezuela committed PDVSA to supply oil to 17 Caribbean countries on favorable economic terms.

**Response to Request No. 134**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 135**

      The @PDVSA Twitter account posts government plans for the expansion of production in PetroCaribe.

**Response to Request No. 135**

      The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime).

**Request for Admission No. 136**

A true and correct copy of one such tweet  is at Exhibit  42 to the Miranda Declaration.

**Response to Request No. 136**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that a tweet is attached as Exhibit 42 to the Miranda Declaration.

**Request for Admission No. 137**

The @PDVSA Twitter account regularly retweets the Ministry of Petroleum's tweets about the government's fuel distribution schedule, implemented through PDVSA locations.

**Response to Request No. 137**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information concerning the conduct of an illegitimate regime that U.S. courts cannot recognize.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also The Maret*, 145 F.2d 431, 442 (3d Cir. 1944) (U.S. courts cannot determine rights in property on the basis of actions by an unrecognized regime). The Republic further objects to this Request on the

grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the word "regularly."

**Request for Admission No. 138**

A true and correct copy of one such tweet is at Exhibit 43 to the Miranda Declaration.

**Response to Request No. 138**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that a tweet is attached as Exhibit 43 to the Miranda Declaration.

**Request for Admission No. 139**

The @PDVSA Twitter account has tweeted that "PDVSA is Venezuela."

**Response to Request No. 139**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation. Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 140**

On or about February 16, 2021, the @PDVSA Twitter account tweeted, "In PDVSA we think as a Nation."

**Response to Request No. 140**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 141**

A true and correct copy of such tweet is at Exhibit 44 to the Miranda Declaration.

**Response to Request No. 141**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that a tweet is attached as Exhibit 44 to the Miranda Declaration.

**Request for Admission No. 142**

On or about February 11, 2021, the @PDVSA Twitter account tweeted, "In PDVSA we think as a Country."

**Response to Request No. 142**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that it is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action, particularly to the extent

that it seeks information wholly unrelated to the subject matter and assets that are at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at *4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission); *see also Crystallex Int'l Corp.* v. *PDV Hldg., Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (finding "persuasive" the Republic's argument that "[t]he relevant portion of PDVSA" is "the property in the U.S.").

**Request for Admission No. 143**

A true and correct copy of such tweet is at Exhibit 45 to the Miranda Declaration.

**Response to Request No. 143**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that a tweet is attached as Exhibit 45 to the Miranda Declaration.

**Request for Admission No. 144**

Shortly after the United States recognized Guaidó as the Interim President of Venezuela, the former President of the United States issued Executive Order 13857.

**Response to Request No. 144**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits that the former President of the United States issued Executive Order 13857 and respectfully refers the Court to the Executive Order 13857 for a full and accurate description of its contents.

**Request for Admission No. 145**

U.S. Executive Order 13857 amends the definition of "Government of Venezuela" used in prior sanctions to explicitly include PDVSA.

**Response to Request No. 145**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits this Request and respectfully refers the Court to the Executive Order 13857 for a full and accurate description of its contents.

**Request for Admission No. 146**

In or about January 2019, OFAC issued a FAQ stating that the "path to sanctions relief for PdVSA and its subsidiaries is through the expeditious transfer of control of the company to Interim President Juan Guaidó or a subsequent, democratically elected government that is committed to taking concrete and meaningful actions to combat corruption, restore democracy, and respect human rights."

**Response to Request No. 146**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits that OFAC issued a FAQ containing the quoted language and respectfully refers the Court to that FAQ for a full and accurate description of its contents.

**Request for Admission No. 147**

The sanctions imposed by the United States on Venezuela and PDVSA remain in effect today.

**Response to Request No. 147**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits that OFAC continues to administer Venezuelan Sanctions Regulations.

**Request for Admission No. 148**

U.S. Executive Order 13884 provides that the term "Government of Venezuela" includes the state and Government of Venezuela, any political subdivision, agency, or instrumentality thereof, … Petroleos de Venezuela, S.A. (PdVSA)[.]"

**Response to Request No. 148**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits that U.S. Executive Order 13884 includes in the term "Government of Venezuela" "the state and Government of Venezuela, any political subdivision, agency, or instrumentality thereof, … Petroleos de Venezuela, S.A. (PdVSA)" and respectfully refers the Court to U.S. Executive Order 13884 for a full and accurate description of its contents.

**Request for Admission No. 149**

Since about 2019, at Mr. Guaidó's direction and approval, Venezuela has received income accrued by CITGO Petroleum.

**Response to Request No. 149**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrases "direction and approval," "received," and "income accrued."

Subject to and without waiver of any Objections, the Republic denies this Request.

**Request for Admission No. 150**

At Mr. Guaidó's direction and approval, Venezuela withdraws revenue directly from PDVSA commercial subsidiaries in the United States to fund government operations.

**Response to Request No. 150**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the phrase "direction and approval."

Subject to and without waiver of any Objections, the Republic denies this Request.

**Request for Admission No. 151**

Venezuela bypasses PDVSA's corporate right to dividends when it withdraws revenue directly from PDVSA subsidiaries in the United States.

**Response to Request No. 151**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the words "bypasses . . . right to dividends."

Subject to and without waiver of any Objections, the Republic denies this Request.

**Request for Admission No. 152**

The mission of the Guaidó Board is to "[t]ake back PDVSA abroad assets to . . . achieve social welfare and progress for all Venezuelans," as noted on the PDVSA Ad Hoc Administrative Board "Our Mission" webpage.

**Response to Request No. 152**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits that the PDVSA Ad Hoc Administrative Board "Our Mission" webpage contains the quoted language and respectfully refers the Court to the PDVSA Ad Hoc Administrative Board "Our Mission" webpage for a full and accurate description of its contents.

**Request for Admission No. 153**

The National Assembly supports Mr. Guaidó.

**Response to Request No. 153**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the term "supports."  The Republic further objects that the Request is unduly burdensome and not a proper subject of a

Request for Admission, because it deals in sweeping terms with a complex subject matter and is not drafted "in simple and concise terms . . . that can be denied or admitted with an absolute minimum of explanation or qualification." *Williamson* v. *Correctional Med. Servs.*, 2009 WL 1364350, at *1 (D. Del. May 14, 2009).

Subject to and without waiver of any of the Objections, the Republic admits that the democratically-elected IV National Assembly recognizes the Interim Government of President Guaidó as the legitimate government of Venezuela.

**Request for Admission No. 154**

In late 2019, the National Assembly declared PDVSA bonds to be void and illegally issued.

**Response to Request No. 154**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the term "PDVSA bonds."

Subject to and without waiver of any of the Objections, the Republic admits that the democratically-elected National Assembly reiterated that the issuance of certain notes by PDVSA, purportedly guaranteed by PDVSA Petroleo, and purportedly secured by a pledge of collateral from PDV Holding, were invalid under articles 150, 311, and 312 of the Constitution of the Bolivarian Republic of Venezuela.

**Request for Admission No. 155**

The Guaidó Board has a website at the internet address of https://pdvsa-adhoc.com/en/home/.

**Response to Request No. 155**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits that the PDVSA Ad Hoc Administrative Board has a website at https://pdvsa- adhoc.com/en/home/.

**Request for Admission No. 156**

The Guaidó Board controls the content posted on the PDVSA ad hoc board website.

**Response to Request No. 156**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any Objections, the Republic admits that the content of the PDVSA Ad Hoc Administrative Board's website and Twitter feed is determined solely by that board, with no outside influence or direction from the Interim Government.

**Request for Admission No. 157**

The PDVSA ad hoc board's website states on its "Our Mission" page: "Take back PDVSA abroad assets to . . . achieve social welfare and progress for all Venezuelans."

**Response to Request No. 157**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic admits that the PDVSA ad hoc board's website's "Our Mission" webpage contains the quoted language and respectfully refers the Court to the PDVSA ad hoc board's website's "Our Mission" webpage for a full and accurate description of its contents.

**Request for Admission No. 158**

The @PDVSA_AdHoc Twitter account is the official account of the Guaidó Board in or about April 10, 2019.

**Response to Request No. 158**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the grounds that it is vague, ambiguous and unintelligible, particularly to the extent that it fails to define or explain the concept "is the official account . . . in or about" a single date in the past.

Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that the PDVSA ad hoc board's maintains a Twitter account entitled @PDVSA_AdHoc.

**Request for Admission No. 159**

The @PDVSA_AdHoc Twitter account tweets messages in support of the Guaidó Government.

**Response to Request No. 159**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any Objections, the Republic admits that the PDVSA Ad Hoc Twitter account has tweeted certain messages related to the Interim Government.

**Request for Admission No. 160**

The @PDVSA_AdHoc Twitter account refers to PDVSA's assets as assets of Venezuela.

**Response to Request No. 160**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any Objections, the Republic admits that the @PDVSA_AdHoc Twitter account has used shorthand phrases that refer to PDVSA's assets as assets of Venezuela and avers that tweets are generally required to use a limited number of characters.

**Request for Admission No. 161**

True and correct copies of tweets of the @PDVSA_AdHoc Twitter are at Exhibits 29, 30 and 31 to the Miranda Declaration.

**Response to Request No. 161**

The Republic asserts its General Objections, which are herein incorporated by reference. Subject to and without waiver of any of the Objections, the Republic responds that it lacks knowledge or information sufficient to admit or deny this Request, but, upon reasonable inquiry, admits that tweets are attached as Exhibits 29, 30, and 31 to the Miranda Declaration.

**Request for Admission No. 162**

The @PDVSA_AdHoc Twitter account has approximately 9,138 followers.

**Response to Request No. 162**

The Republic asserts its General Objections, which are herein incorporated by reference. The Republic further objects to this Request on the ground that the number of followers of the @PDVSA_AdHoc Twitter account is neither relevant to the claims or defenses of any party, nor "proportional to the needs" of the Action.   Fed. R. Civ. P. 26(b)(1); *Ebert* v. *Township of Hamilton*, 2016 WL 6778217, at \*4 (D.N.J. 2016) (sustaining relevance and other objections to requests for admission).   Subject to and without waiver of any of the Objections, the Republic admits that the @PDVSA_AdHoc Twitter as of April 6, 2021 had 9,145 followers.

OF COUNSEL:

Sergio J. Galvis
Joseph E. Neuhaus (*pro hac vice*)
James L. Bromley (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000
Facsimile:  212-558-3588
galviss@sullcrom.com
neuhausj@sullcrom.com
bromleyj@sullcrom.com

Angela N. Ellis
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W. Suite 700
Washington, D.C.  20006-5215
Telephone:  202-956-7500
Facsimile:  202-293-6330
ellisan@sullcrom.com

Dated:  April 12, 2021

  /s/ Stephen C. Childs
A. Thompson Bayliss (#4379)
Stephen C. Childs (#6711)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware  19807
Telephone: 302-778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com

*Attorneys for Defendant Bolivarian Republic of Venezuela*