

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • WWW.HEGH.LAW

Direct Dial:  (302) 472-7315
Email:   shirzel@hegh.law

May 7, 2021

**BY ELECTRONIC FILING**
The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

      Re:    *OI European Group B.V. v. Bolivarian Republic of Venezuela*,
               C.A. No. 1:19-mc-00290-LPS

             and

             *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*
             C.A. No. 1:20-mc-00257-LPS

Dear Chief Judge Stark:

Pursuant to this Court's request at the April 30, 2021 hearing in both Case No. 19-mc-00290 and Case No. 20-mc-00257 directing the parties in the above-referenced actions to meet and confer and file a joint status report by May 7, 2021 advising the Court of any requests for supplemental briefing, Plaintiffs OI European Group B.V. ("OIEG") and Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), Defendant Bolivarian Republic of Venezuela and its Ministry of Defense (the "Republic"), and Intervenor Petróleos de Venezuela, S.A. ("PDVSA") submit this joint status report.[1]

**1.    OIEG**

OIEG requests that this Court permit the parties to submit simultaneous supplemental briefs, limited to 15-pages each, and due no later than two weeks after this Court enters an order permitting such supplemental briefing.  The briefs may address questions raised by the Court at the April 30, 2021 hearing.

---

[1]    The parties have separately conferred and coordinated the delivery of the exhibits used and filed in each proceeding, in both hard copy and PDF.



The Honorable Leonard P. Stark
May 7, 2021
Page 2

**2.      Huntington Ingalls**

Huntington Ingalls likewise requests that this Court permit the parties to submit simultaneous supplemental briefs, limited to 15-pages each, and due no later than two weeks after this Court enters an order permitting such supplemental briefing.  The briefs may address questions raised by the Court at the April 30, 2021 hearing.

**3.      PDVSA**

PDVSA's position is that post-hearing briefing is unnecessary in view of the oversized briefs already filed by the parties and the full day hearing held on the parties' motions on April 30, 2021.  However, if the Court believes that further briefing would be beneficial to address specific issues, PDVSA is, of course, prepared to submit post-hearing briefs to address any remaining questions the Court may have.  PDVSA would propose limiting post-hearing briefs to 10-pages each to be filed simultaneously 14-days after this Court enters an order requesting such supplemental briefing.  For the avoidance of doubt, if the Court orders supplemental briefing, PDVSA requests that it be permitted to file separate post-hearing briefs in each of the pending cases.

**4.      The Republic**

The Republic submits that no post-hearing briefing is necessary, particularly without any meaningful specification of the topics upon which briefing would take place, that 15-page briefs (almost half the length of the opening principal briefs) would be excessive, and that simultaneous briefs on unspecified topics will likely fail to join issue and lead to requests for further replies. Like PDVSA, the Republic would of course be prepared to address any questions on which the Court wishes further submissions.

Respectfully submitted,

/s/ Samuel T. Hirzel, II

Samuel T. Hirzel, II (#4415)
*Counsel for Petróleos de Venezuela, S.A.*

STH
cc:   All Counsel of Record (via e-filing)