

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • www.hegh.law

Direct Dial: (302) 472-7315
Email: shirzel@hegh.law

May 27, 2021

**BY ELECTRONIC FILING**
The Honorable Leonard P. Stark
U.S. District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:  *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 19-mc-00290-LPS

Dear Chief Judge Stark:

      Pursuant to Federal Rule of Civil Procedure 12(f), Local Rule 7.1.2, Your Honor's New Procedures on Motions to Strike, and the Court's inherent powers to manage its docket, PDVSA submits this letter brief in support of its motion to strike or disregard: (i) the 18-page Declaration of John E. Smith [D.I. 97] (the "Smith Declaration") [attached hereto as Exhibit A]; and (ii) any reference to and assertion supported by the Smith Declaration in OIEG's post-hearing brief [D.I. 96] [attached hereto as Exhibit B is OIEG's post-hearing brief reflecting in red strikethrough the language that PDVSA requests to be stricken]. OIEG's submission of the Smith Declaration – in addition to its 15-page post-hearing brief – is an abuse of this Court's May 11, 2021 Oral Order ("May 11 Order"), which allowed the parties to file only "post-hearing briefs, not to exceed 15 pages each." D.I. 94.[1]

      **I.**      **Relevant Background**

      Following full briefing on OIEG's motion for a writ of attachment and PDVSA's cross-motion to dismiss for lack of subject matter jurisdiction, this Court held an evidentiary hearing on April 30, 2021, in which the parties had an opportunity to cross-examine witnesses and present oral argument. At the conclusion of the hearing, the Court requested a joint status report with the parties' views on whether there should be post-hearing briefs. Tr. of 4/30/21 Hearing 263:8-25, D.I. 92. In the joint status report, PDVSA took the position that additional briefing was unnecessary but that it was prepared to submit post-hearing briefs at the Court's request. For its part, OIEG requested "simultaneous supplemental briefs, limited to 15-pages each[.]" D.I. 93 at 1. OIEG said nothing about supplemental declarations.

---

[1] Pursuant to Local Rule 7.1.1, prior to filing this motion, counsel for PDVSA contacted counsel for OIEG to ask if OIEG would consent to PDVSA's motion to strike. Counsel for OIEG responded that OIEG opposes the motion.

The Honorable Leonard P. Stark
May 27, 2021
Page 2

In the May 11 Order, consistent with OIEG's request, the Court instructed that the parties "may each file post-hearing briefs, not to exceed 15 pages each, due on May 25." D.I. 94. The Court also ordered that any responsive briefs be filed no later than June 1, *i.e.*, within one week from the date the initial post-hearing briefs were filed. *Id*. In contravention of that order, on May 25, 2021, OIEG filed a 15-page brief *plus* a declaration of 18 pages "in support of Plaintiff's Post-Hearing Brief in Support of Its Renewed Motion for an Order Authorizing the Issuance of a Writ of Attachment Fieri Facias." Smith Decl. ¶ 2, D.I. 97. In the declaration, Mr. Smith—a private lawyer who was previously employed by OFAC—opines on the meaning and effects of OFAC's Venezuelan sanctions regulations and the procedures that OFAC might follow in deciding whether to grant OIEG a license. For the reasons set forth below, OIEG's submission should be stricken as a violation and an abuse of this Court's May 11 Order.

## II. Reasons to Strike OIEG's Post-Hearing Declaration

The authority to strike or otherwise disregard improper filings is part of this Court's inherent power to manage its docket and enforce its own orders.[2] *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that [d]istrict courts have inherent power to control their docket. . . . This includes the power to strike items from the docket as a sanction for litigation conduct." (internal citations and quotation marks omitted)); *see Fisher v. Whitlock*, No. 18-15155-E, 2019 U.S. App. LEXIS 9762, at *2 (11th Cir. Apr. 2, 2019) (citing *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (stating that "the power to strike a pleading[] is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions")); *Ramsdell v. Bowles*, 64 F.3d 5, 7 (1st Cir. 1995) (noting a "court's inherent power to enforce its rules" by striking a non-compliant filing); *cf. Citrix Sys. v. Workspot, Inc.*, No. 18-588-LPS, 2020 U.S. Dist. LEXIS 180673, at *19 (D. Del. Sep. 25, 2020) ("Federal courts may exercise their inherent power to impose sanctions on both litigants and attorneys to regulate their docket, to promote judicial efficiency, and to deter abuse of judicial process." (internal quotation marks and citation omitted)).

In direct defiance of the May 11 Order, which expressly limits each party to filing "post-hearing *briefs*, not to exceed *15 pages* each" [D.I. 94 (emphasis added)], OIEG filed a 33-page post-hearing submission, including both a 15-page brief and a separate 18-page "declaration." Not only has OIEG submitted more than double the allotted pages, but it also has attempted to introduce new testimony by a new witness who did not previously testify and thus was not available for cross-examination at the hearing. OIEG has no excuse for failing to submit this "declaration" earlier. OFAC issues have been front and center and OIEG had plenty of time to present testimony from an OFAC "expert" before the evidentiary hearing and decided not to do it. If it had done so, PDVSA would have had the opportunity to cross-examine Mr. Smith the same way that OIEG cross-examined PDVSA's witnesses. Now, with only one week to respond – a deadline that was set by the Court with no contemplation of the need for PDVSA to respond to a new witness declaration, because OIEG never sought leave to file such a declaration – PDVSA is left with no

---

[2] Some courts have also found this power under Federal Rule 12(f). *See, e.g.*, *Vogt v. Raymond James Fin. Servs.*, No. 09-CV-83, 2009 U.S. Dist. LEXIS 119051, at *5-6 (E.D. Wis. Dec. 3, 2009) (collecting cases); *Pigford v. Veneman*, 215 F.R.D. 2, 4, n.1 (D. D.C. 2003).

The Honorable Leonard P. Stark
May 27, 2021
Page 3

realistic possibility of testing this new declarant's assertions via cross-examination or finding an expert of its own to rebut his opinions.

This is not the first time that OIEG has played fast and loose with the Court's orders. OIEG previously sought and obtained an expedited briefing schedule without mentioning any need or desire to take discovery in support of its attachment motion. To the contrary, OIEG indicated that the factual record had already been developed and was not in serious dispute. D.I. 44 at 4-5. After the Court ordered expedited briefing without allocating any time for discovery in line with OIEG's proposal, OIEG waited more than a month to serve discovery requests and scheduled a deposition for a week after PDVSA's only brief was due to be filed, so that only OIEG could address the discovery in its reply brief. The Court rejected OIEG's litigation tactic in denying discovery at that time. But OIEG's latest gambit is more than a litigation tactic—it is a direct affront on this Court's express order and should not be tolerated. *See Yelverton v. Webster*, 526 B.R. 429, 434 (D.D.C. 2014) (noting that the court had stricken a litigant's filings "as being in violation of the [court's] prior orders").

Furthermore, consistent with the Federal Rules of Evidence, this Court is free to strike or disregard "opinions or conclusions on issues of law" offered by so-called expert witnesses. *In re Intel Corp. Microprocessor Antitrust Litig.*, 526 F. Supp. 2d 461, 466 (D. Del. 2007) (striking law professors' declarations where they "concern[ed] themselves with issues that are ultimately legal questions"). Putting aside Mr. Smith's willingness to speculate about the likelihood that OFAC will issue a license without having any personal knowledge of OFAC's deliberations with respect to OIEG's specific application, his declaration is nothing more than additional argument by a private attorney on the meaning and effects of the Venezuelan sanctions regulations. Still, it is very telling that Mr. Smith was instructed to assume that OIEG's litigation position is correct, *i.e.*, that the conditional relief OIEG is seeking "does not, under applicable law, constitute a prohibited dealing in the property or interests in property of a blocked person." Smith Decl. ¶ 23, D.I. 97. Evidently, Mr. Smith was unwilling to reach that conclusion himself. Nor does Mr. Smith deny the Executive's power to prohibit and nullify court-ordered transfers of blocked property or interests in blocked property, including attachments.

In any case, this Court does not need to rely on the views of a private lawyer to ascertain the meaning or effects of the applicable OFAC regulations, especially when OFAC itself answered the question directly and explicitly in FAQ 808 stating that "a specific license from OFAC is required for . . . the purported creation or perfection of any legal or equitable interests (*including contingent or inchoate interests*) in blocked property." U.S. Dep't of Treasury, Other Sanctions Programs, Venezuela Sanctions, FAQ No. 808 (Dec. 9, 2019) (emphasis added), https://home.treasury.gov/policy-issues/financial-sanctions/faqs/808; *see* 31 C.F.R. § 591.309.

In sum, the Court should strike or disregard the Smith Declaration and any reference to it in OIEG's post-hearing brief.

Respectfully submitted,

*/s/ Samuel T. Hirzel, II*

Samuel T. Hirzel, II (#4415)

The Honorable Leonard P. Stark
May 27, 2021
Page 4

cc: All counsel of record (via ECF)