# Morgan Lewis

**Jody C. Barillare**
Of Counsel
+1.302.574.7294
jody.barillare@morganlewis.com

June 3, 2021

**VIA ECF**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

Re: *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 19-mc-00290-LPS

Dear Chief Judge Stark:

Pursuant to Local Rule 7.1.2 and Your Honor's New Procedures on Motions to Strike, OI European Group B.V. ("OIEG") submits this opposition to PDVSA's motion to strike or disregard the Declaration of John E. Smith (the "Smith Declaration").  D.I. 99.

## I. Applicable Standards

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *see also Collura v. City of Philadelphia*, 590 Fed.Appx. 180, 185 (3d Cir. 2014).[1]

While a court has "considerable discretion" in deciding a motion to strike under Rule 12(f), *Carter v. Newman*, 2015 WL 858876, at *1 (D.N.J. Feb. 27, 2015), "such motions are 'not favored and usually will be denied unless the allegations have no possible relation to the

---

[1] PDVSA cites to no case applying FRCP 12(f) in striking a *declaration*.  OIEG here addresses the 12(f) standard, but notes that it appears to be an improper basis for relief, as a declaration is not a pleading.  *See Watkins v. New Castle County*, 374 F. Supp. 2d 379, 394 (D. Del. 2005) ("Rule 12(f) applies only to pleadings, not motions and related documents."); *see also Aftergood v. Central Intelligence Agency*, 355 F. Supp. 2d 557, 564 (D.D.C. 2005) (citing *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997)).

The Honorable Leonard P. Stark
June 3, 2021
Page 2

controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Griswold v. Coventry First LLC*, 2015 WL 710365, at *7 (E.D. Pa. Feb. 18, 2015) (quoting *River Road Dev. Corp. v. Carlson Corp.*, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)); *see also Aftergood*, 355 F. Supp. 2d at 566 ("Courts disfavor motions to strike."); *Great West Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993) ("Motions to strike are often not granted if there is an absence of a showing of prejudice to the moving party."). In the context of expert reports or declarations, motions to strike are "strongly disfavored." *Barnes v. D.C.*, 289 F.R.D. 1, 26 (D.D.C. 2012); *see also Saiyed v. Council on American-Islamic Relations Action Network, Inc.*, 321 F.R.D. 455, 459 (D.D.C. 2017) ("Even if [this court] were to consider Defendant's motion to strike under Federal Rule of Civil Procedure 12(f), this court has repeatedly held that motions to strike are 'strongly disfavored and require the Court to consider alternatives.'").

### II.   Applicable Law and Facts Do Not Justify the Striking of the Smith Declaration

"In considering a motion to strike, the court will draw all reasonable inferences in the pleader's [or non-movant's] favor and resolve all doubts in favor of denying the motion to strike." *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003).

There is no justifiable reason to "strike" the Smith Declaration under Rule 12(f),[2] and the circumstances do not warrant exercise of this Court's inherent powers to strike.[3]

In the joint status report filed on May 7, 2021, OIEG requested that the Court permit the parties to file "simultaneous supplemental briefs, limited to 15-pages each." D.I. 93 at 1. After reviewing the parties' positions, the Court *sua sponte* ordered that the parties "may each file post-hearing briefs . . . [on] *any issue that arose at the hearing . . . and shall include their considered views on at least the following questions* . . . ." D.I. 94 (emphasis added).

---

[2] PDVSA has not argued that the Smith Declaration is "redundant, immaterial, impertinent, or scandalous" under Fed. R. Civ. P. 12(f).

[3] PDVSA's assertion that OIEG is playing "fast and loose with the Court's orders" recalls the saw about pots and kettles. In the related *Crystallex* proceedings, parties (including PDVSA and its counsel) interpreted a scheduling order the same way OIEG has here. *See* Memorandum Order, *Crystallex Int'l Corp v. Bolivarian Republic of Venezuela*, Case No. 17-mc-151 (D. Del. May 22, 2020) [D.I. 174] ("The parties/intervenors shall file simultaneous briefs . . . opening briefs . . . answering briefs . . . [and] reply briefs."); *id.* [D.I. 175] ("IT IS HEREBY ORDERED that the briefing previously ordered (see D.I. 174) shall be filed on the following REVISED schedule: (i) opening briefs due on June 17; (ii) answering briefs due on July 7; and (iii) reply due on July 13. ORDERED."). In response to orders for "briefs," Venezuela and PDVSA submitted and relied upon numerous newly filed declarations (including those of fact and legal experts). *See id.* [D.I. 185] (declaration of Luis A. Pacheco, filed by Venezuela); [D.I. 186] (declaration of Carlos Alfredo Vecchio, filed by Venezuela); [D.I. 187, 189] (expert declaration of Allan R. Brewer-Carias, filed by Venezuela and relied upon by PDVSA in its brief filed that same day, *see* D.I. 188).

The Honorable Leonard P. Stark
June 3, 2021
Page 3

Nothing in the Court's request for *new* briefing on five *new* OFAC-specific questions prohibited the submission of expert declarations to develop "considered views" on OFAC issues that the Court acknowledged were outside the specialty of the lawyers participating at the April 30 hearing:

> THE COURT: Let me ask a related question. And I recognize you are not the OFAC specialist, but we'll see how far we can get.
>
> MR. WILLETT: Yes.
>
> THE COURT: How would it help, to your understanding, OFAC to tailor a narrower license or for you to request a narrower license if I were to grant this motion or give you some other relief?
>
> …
>
> THE COURT: But you and Mr. Yanos have suggested maybe OFAC is waiting for me to make a decision before they make a decision on your license.

April 30, 2021 Hr. Tr. 193: 3-10; 194:16-18.  Following this exchange, and the May 11, 2021 docket order, OIEG approached Mr. Smith.  His declaration is responsive to the Court's direct questions, rather than the additional issues OIEG addressed of its own volition.  *See Bridgestone Sports Co. Ltd. v. Acushnet Co.*, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994)) ("In the Third Circuit, the exclusion of critical evidence is considered an 'extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'").

Thus, the Court has ample discretion to accept the Smith Declaration.  *See Jackson v. United Airlines, Inc.*, 2009 WL 1036068, at *5 (E.D. Va. Apr. 17, 2009) ("it is permissible for a district court to exercise its discretion and consider an untimely-filed affidavit or declaration if the court determines it is just and proper to do so"); *Lovelace v. Lee*, 472 F.3d 174, 204 (4th Cir. 2006) (even where no excuse was provided as to lateness of an affidavit, it was not abuse of discretion for district court to consider it). The declaration is narrowly tailored to the questions posed, and was filed with OIEG's opening post-hearing brief.  PDVSA concedes that Mr. Smith is eminently qualified to address that question.[4]  When PDVSA

---

[4] Remarkably, PVDSA *also* cites to Mr. Smith, albeit to a different declaration, and for an irrelevant proposition: that OFAC is not legally obligated to issue a license. D.I. 101 at 10. Mr. Smith does not here opine, and OIEG has never argued to the contrary.

The Honorable Leonard P. Stark
June 3, 2021
Page 4

telephoned for its pre-motion conference, OIEG invited it to file any rebuttal declaration that it chose.

In *Mass Engineered Design, Inc.*, the court addressed a similar situation. After trial, "the Court requested that the parties submit *briefs*" on specific questions raised by the court. *Mass Engineered Design, Inc. v. Planar Systems, Inc.*, 2018 WL 6059375, at *2 (D. Or. Nov. 19, 2018) (emphasis added). Plaintiff "filed an expert declaration in support of its brief" relating to the post-trial questions posed by the court. *Id*. The court denied a motion to strike and noted that if defendant "wanted additional time to respond to [the] declaration, or wanted to depose [the declarant] relating to his declaration, [defendant] could have sought leave from the Court. . . . [Defendant] did not make any such request, nor did [defendant] file any rebuttal declaration of its own." *Id*. Similarly, in *Evangelical Lutheran Good Samaritan Society v. IPCR, LLC*, the court observed:

> Thus, the Court granted Plaintiff leave to file supplemental briefing. Although the Court did not expressly grant leave to file additional declarations or exhibits, neither did the Court preclude the inclusion of declarations and/or exhibits. The five-page limitation imposed upon Plaintiff applied to the Surreply itself, not to the entire document. Accordingly, Plaintiff's Surreply complied with this Court's Entering Order and the applicable Local Rules.

2013 WL 12120528, at *3 (D. Haw. Jul. 25, 2013); *cf. TQ Delta, LLC v. Adran, Inc.*, 2021 WL 1200594, at *1-3 (D. Del. Mar. 30, 2021) (excluding portions of expert declaration that included "new expert opinions" because court had previously entered scheduling order stating that "new expert opinions would not be permitted without 'leave of court'"); *and In re Yelverton*, 526 B.R. 429, 434 (D.D.C. 2014) (striking party's motion following numerous violations of court order stating that such party "shall refrain from filing additional documents without first seeking leave of Court").

None of PDVSA's Rule 12(f) or "inherent powers" cases involve an expert declaration,[5] nor a case where such a declaration responded to new questions posed by the court. The Smith

---

[5] PDVSA's authorities are notable for their lack of similar facts. *See Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010) (lower court erred in determining that it could not strike a confidential agreement from its docket); *Fisher v. Whitlock*, 784 Fed. Appx. 711, 714 (11th Cir. 2019) (affirming district court's striking of motion filed in case that had previously been closed and where movant had been instructed numerous times to refrain from filing more motions in the closed case); *Ramsdell v. Bowles*, 64 F.3d 5, 8 (1st Cir. 1995) (responsive filing was struck in accordance with local rule governing applicable deadlines and result of missing such deadlines); *Citrix Systems, Inc. v. Workspot, Inc.*, 2020 WL 5884970, at *11 (D. Del. Sep. 25, 2020) (court struck equitable defenses *from the pleadings* of party as a result of party's reliance on a falsified declaration); *Vogt v. Raymond James Financial Services, Inc.*, 2009 WL 4667130, at *1-2 (E.D. Wis. Dec. 3, 2009) (court struck a confidential document that was improperly filed in support of an irrelevant and improperly

The Honorable Leonard P. Stark
June 3, 2021
Page 5

Declaration expresses Mr. Smith's "knowledge and familiarity with OFAC's licensing application review process" and his direct experience in how OFAC develops, implements and enforces OFAC sanctions and licensing.[6]  D.I. 97 ¶ 4.  PDVSA has not pointed to anything in the Smith Declaration that could be construed as "redundant, immaterial, impertinent, or scandalous" that would warrant relief under Fed. R. Civ. P. 12(f) or otherwise.

Mr. Smith's experience and expertise will assist the Court's review of the practical questions it posed.  See Jackson, 2009 WL 1036068, at *5 (denying motion to strike declaration where the "declaration offers pertinent facts regarding the case and the issues at hand, as well as information that would aid the Court in its decision making process").  Invited by OIEG to respond to the Smith Declaration, PDVSA declined.

The motion should be denied.

Respectfully submitted,

/s/ Jody C. Barillare

Jody C. Barillare (#5107)

*Counsel for OI European Group, B.V.*

JCB

---

filed motion); *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (court struck party's response briefs that included accusations that were unsupported by facts or evidence and "constitute a form of harassment, and are scandalous").

[6] PDVSA asserts that perhaps the Smith Declaration should be disregarded as opinions or conclusions of law.  In its next breath, it concedes that Mr. Smith did not opine on issues of law ("Mr. Smith was instructed to assume that OIEG's litigation position was correct"), and instead provided his personal opinion based on his experience as an OFAC director on OFAC procedures relating to its license review process when litigation is involved ("Putting aside Mr. Smith's willingness to speculate about the likelihood that OFAC will issue a license . . ."). D.I. 100 at 3.