

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • www.hegh.law

Direct Dial:  (302) 472-7315
Email:  shirzel@hegh.law

June 7, 2021

**BY ELECTRONIC FILING**
The Honorable Leonard P. Stark
U.S. District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801

    Re:  *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 19-mc-00290-LPS

Dear Chief Judge Stark:

    PDVSA submits this letter reply in support of its motion to strike or disregard the Smith Declaration [D.I. 97] and any references thereto in OIEG's post-hearing briefs [D.I. 96, 102]. Nothing in OIEG's letter response justifies the submission of an 18-page declaration by a new witness – in addition to a 15-page post-hearing brief – in contravention of this Court's May 11 Order, which did not contemplate declarations and expressly limited the parties to "post-hearing briefs, not to exceed 15 pages each."  D.I. 94.

    Unable to refute this Court's broad power to manage its own docket, OIEG quarrels instead with the technical applicability of Federal Rule 12(f).  While courts have relied on that rule to strike declarations, *see, e.g.*, *Judicial Watch v. United States DOC*, 224 F.R.D. 261, 264 (D.D.C. 2004), the technicalities of Rule 12(f) are beside the point, because OIEG concedes, as it must, that the Court has "inherent powers to strike" unauthorized filings.  D.I. 104 at 2.

    Having no credible excuse for abusing this Court's order, OIEG attempts to draw a false equivalence between the Republic's and PDVSA's *principal* submissions in support of their motions under Federal Rules 60 and 69 in *Crystallex* and OIEG's *post-hearing* submission on fully briefed motions in this case.  The Republic and PDVSA filed motion papers in *Crystallex* in accordance with Local Rule 7.1.2 consistent with the Court's scheduling orders.  As the movants, the Republic and PDVSA had a right to submit a brief plus declarations and exhibits in support of their motions.  Local Rule 7.1.2(a).  Crystallex had the opportunity to oppose the motion with its own brief and supporting papers.  And the Republic and PDVSA had a right to close the briefing with a reply.  Local Rule 7.1.2(b).  No one took issue with those compliant filings.

    By contrast, here, OIEG's post-hearing submission was allowed only by leave of Court and was expressly limited to a single 15-page "brief."  D.I. 94.  Indeed, Local Rule 7.1.2(b) states that, once a motion has been fully briefed, "no additional papers shall be filed absent Court

The Honorable Leonard P. Stark
June 7, 2021
Page 2

approval."[1]  Thus, OIEG gets it backwards when it argues that the declaration was permissible because the May 11 Order did not expressly prohibit it.  D.I. 104 at 3.  On the contrary, it is because that order did not expressly provide for declarations that, under Local Rule 7.1.2(b), OIEG was required to seek leave of Court before submitting a new declaration by a new witness.

OIEG's reliance on *Mass Engineered Design, Inc. v. Planar Sys.* is misplaced.  D.I. 104 at 4.  There, the court requested post-trial briefing on the issue of "post-verdict royalties," which arose only after the jury reached a verdict and the court granted ongoing royalties.  No. 3:16-cv-1510-SI, 2018 U.S. Dist. LEXIS 196540, at *3-6 (D. Or. Nov. 19, 2018).  The court analogized the requested post-trial briefing to "motions for attorney's fees, which are generally accompanied by expert declarations supporting the motion from experts not disclosed during pretrial expert discovery."  *Id*. at *4.  The court also observed that "the Federal Circuit has expressly noted that the process of calculating the post-verdict royalty will include the court taking evidence" and so the defendant could have anticipated the need to submit a new expert witness.  *Id*. at *4-5.  Conversely, here, the Court did not order briefing on new issues requiring new motion papers.  OFAC regulations and licensing procedures have been at the forefront of this action since it was commenced in November 2019.  *See* D.I. 11, 14, 20, 21, 23, 25, 49, 65, 69, 77.  OIEG had a full and fair opportunity to submit Mr. Smith's testimony before the hearing in the ordinary course of briefing the parties' motions.  And, unlike in *Mass Engineered*, Local Rule 7.1.2 only allows supplemental post-briefing submissions with "Court approval," which OIEG did not seek.

OIEG does not get a pass for abusing this Court's order by purporting to "invite" PDVSA to submit a rebuttal declaration.  D.I. 104 at 3.  Not only is it disingenuous to expect PDVSA to retain a new expert to prepare a declaration within one week over a holiday weekend, but it is also illogical to expect PDVSA to do so without leave of Court in violation of the Court's May 11 Order and Local Rules.  Considering that PDVSA was required to respond to both OIEG's and Huntington Ingalls's post-hearing briefs in a single responsive brief, PDVSA's request for an extension of time and for leave to file a rebuttal declaration or depose Mr. Smith, as suggested by OIEG, would have no doubt been met with accusations of delay or worse by both plaintiffs.[2]

Lastly, OIEG does not dispute that opinions or conclusions of law are inappropriate for a fact or expert witness and should be disregarded.  This Court does not need Mr. Smith's testimony to understand the meaning or effect of the OFAC regulations (*e.g.*, D.I. 97 at ¶¶ 31-33) or to determine whether the regulations "prohibit" a particular outcome or "have been offended" (D.I. ¶ 43)—those are questions of law that this Court is perfectly competent to resolve based on the parties' arguments.

In sum, the Court should strike or disregard the Smith Declaration and any reference to it in OIEG's post-hearing briefs for abuse and violation of this Court's May 11 Order.

---

[1] The only exception is "citation of subsequent authorities" and OIEG does not and cannot argue that it applies here.  Mr. Smith's testimony was available before close of briefing and a declaration is no more an "authority" than a brief.

[2] OIEG cannot seriously argue that PDVSA somehow approved of the Smith Declaration by citing a copy of a different declaration submitted by Mr. Smith in another case in which he expressed views that are at odds with OIEG's positions here.  PDVSA's citation to Mr. Smith's prior statements does not in any way absolve OIEG's transparent attempt to deprive PDVSA of its fundamental right to cross-examine a witness.

The Honorable Leonard P. Stark
June 7, 2021
Page 3

                Respectfully submitted,

                */s/ Samuel T. Hirzel, II*

                Samuel T. Hirzel, II (#4415)

cc:  All counsel of record (via ECF)