HEYMAN ENERIO
GATTUSO & HIRZEL LLP
PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • WWW.HEGH.LAW

DD:   (302) 472-7315
Email:   shirzel@hegh law

April 28, 2022

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

> Re: *OI European Group B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290-LPS (D. Del.)
> *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, Misc. No. 20-257-LPS (D. Del.)
> *ACL1 Investments Ltd., et al. v. Bolivarian Republic of Venezuela*, Misc. No. 21-46-LPS (D. Del.)
> *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Misc. No. 21-481-LPS (D. Del.)

Dear Judge Stark:

Pursuant to D. Del. L.R. 7.1.2(b), we write on behalf of Petróleos de Venezuela, S.A. ("PDVSA") to submit supplemental authority relevant to the pending attachment motions and motions to dismiss in the above-referenced actions.  *See* Misc. No. 19-mc-290-LPS, D.I. 48, D.I. 49, D.I. 64, D.I. 65; Misc. No. 20-257-LPS, D.I. 25, D.I. 26, D.I. 31, D.I. 32; Misc. No. 21-49-LPS, D.I. 2, D.I. 3, D.I. 21, D.I. 22, D.I. 32; Misc. No. 21-481-LPS, D.I. 2, D.I. 4-1.[1]

Plaintiffs are judgment creditors of the Bolivarian Republic of Venezuela (the "Republic") and seek writs of attachment against PDVSA's shares of PDV Holding, Inc. ("PDVH") on the theory that PDVSA is the Republic's alter ego and, therefore, PDVSA's property is available to satisfy the debts of the Republic.  PDVSA has moved to dismiss and opposed the attachment motions on the grounds that, *inter alia*: (i) the Court lacks subject matter jurisdiction under the FSIA because plaintiffs cannot establish that PDVSA is the alter ego of the Republic under *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*"); and (ii) plaintiffs cannot prove their entitlement to a writ of attachment under Delaware law, applicable by virtue of Fed. R. Civ. P. 69(a).  *See* Misc. No. 19-290-LPS, D.I. 65 at 8-29, 31-35; Misc. No. 20-

---

[1] PDVSA understands that the Court is still considering its requests to certify the Court's March 2, 2022 Order in Misc. No. 19-290-LPS, Misc. No. 20-257-LPS, and Misc. No. 21-46-LPS for interlocutory appeal and to dismiss without prejudice the attachment motions filed in those cases. PDVSA submits this letter and supplemental authority for purposes of preservation, without prejudice to its pending requests for certification and dismissal, and while expressly preserving all of its rights and defenses, including its right to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA").

The Honorable Leonard P. Stark
April 28, 2022
**2** | P a g e

257-LPS, D.I. 32 at 10-26, 29-33; Misc. No. 21-46-LPS, D.I. 22 at 10-30, 33-35, D.I. 32 at 1-7.[2]

On April 21, 2022, the U.S. Supreme Court issued its decision in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, No. 20-1566, 2022 U.S. LEXIS 2097 (U.S. Apr. 21, 2022), which confirms that the attachment motions must be denied.  In *Cassirer*, California-based heirs of a woman who fled the Nazis brought state-law property causes of action against a Spanish museum, seeking the return of their ancestor's artwork.  *Id.* at *6-8.  The Spanish museum was deemed subject to suit under the FSIA.  *Id.* at *8-9.  The issue presented was whether the choice-of-law regime applicable to the dispute was the one derived from federal common law or California state law.  *Id.* at *9. Following federal common law choice-of-law principles would result in Spanish substantive law applying to the dispute, barring the heirs' recovery, whereas applying California's choice-of-law regime would result in California substantive law applying to the merits, likely permitting the heirs' action to move forward.  *See id.* at *9-10.  The Ninth Circuit applied federal common law, and the Supreme Court reversed.  *Id.* at *10.

The Supreme Court answered the question presented by applying Section 1606 of the FSIA, which dictates that once a foreign sovereign entity is deemed subject to suit, it "shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Id.* at *11.  The Court concluded that this mandate required application of the *state law* choice-of-law principles to the parties' dispute, just as it would in a similar dispute between private parties, because "[t]hat is the only way to ensure—as Section 1606 demands—that the Foundation, although a Spanish instrumentality, will be liable in the same way as a private party."  *Cassirer*, 2022 U.S. LEXIS 2097 at *13.  The Court cited *Bancec* for the proposition that "when a foreign state is not immune from suit, it is subject to the same rules of liability as a private party.   Which is just to say that the substantive law applying to the latter also applies to the former."  *Id.* at *11 (citing *Bancec*, 462 U.S. at 622 n.11).

The same logic applies to the pending attachment motions:  If the Court were to conclude that it has subject matter jurisdiction over PDVSA under the FSIA (which is heavily disputed), Rule 69(a)(1)—which has the force of a statute[3]—requires application of *state law* (here, Delaware

---

[2] PDVSA has not yet responded to Rusoro's attachment motion, which was filed on February 9, 2022.  On April 15, 2022, PDVSA filed a motion to intervene and to stay briefing, which remains *sub judice*.  Misc. No. 21-481-LPS, D.I. 14.  However, because the arguments made in support of Rusoro's attachment motion mirror those made by plaintiffs in the other above-referenced cases, the supplemental authority referenced in this letter applies with equal force to the *Rusoro* proceeding.

[3] *E.g.*, *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506 (D.C. Cir. 2016) ("The Federal Rules are 'as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the ... mandate [of a Federal Rule] than they do to disregard constitutional or statutory provisions.'" (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988))).

law), not federal common law, to judgment enforcement proceedings, just as it would in an enforcement action involving a private party. To hold otherwise and apply federal common law to ascertain the substantive propriety of an attachment that requires piercing the corporate veil—*i.e.*, the *Bancec* standard as interpreted by this Court and the Third Circuit in *Crystallex*—simply because PDVSA is a foreign sovereign instrumentality would be to "create[] a mismatch" between the outcome of an attachment proceeding involving a private party and that of a similar proceeding involving a foreign sovereign. *Cassirer*, 2022 U.S. LEXIS 2097 at *14. Indeed, as in *Cassirer*, application of state law versus federal common law might affect the outcome of the judgment enforcement proceeding, because Delaware law permits the attachment of stock held by a judgment debtor's putative alter ego *only if* the debtor used the alter ego to perpetrate fraud or similar injustice, whereas this Court and the Third Circuit held in *Crystallex* that fraud is *not* required to pierce the corporate veil of an instrumentality of a foreign state. *Compare Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 614 (D. Del. 2018) ("In addition to the requirement that the two companies operate as a single entity," to pierce the corporate veil under an alter ego theory, "Delaware law also requires that the corporate structure cause fraud or similar injustice") *with Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 143 (3d Cir. 2019) ("*Bancec* does not require a connection between a sovereign's extensive control of its instrumentality and the plaintiff's injury. Control alone, if sufficiently extensive, is an adequate basis to disregard an instrumentality's separate status.").[4] Simply, the logic of *Cassirer* is that courts cannot apply federal common law in defiance of a statutory command to apply state law merely because a foreign sovereign is a party. That logic applies in the Rule 69(a)(1) judgment enforcement context as much as any other.

Accordingly, if the Court determines that PDVSA is not entitled to immunity under the FSIA, PDVSA must be treated "just as a private party would be." *Cassirer*, 2022 U.S. LEXIS 2097 at *16. This means that Delaware law must be applied to determine whether a writ of attachment can be validly issued, just as Delaware law would be applied if the owner of the PDVH shares were a private company and not a company owned by a foreign sovereign.

Respectfully submitted,

*/s/ Samuel T. Hirzel, II*

Samuel T. Hirzel, II (#4415)

---

[4] Separately, *Cassirer* calls into question this Court's and the Third Circuit's interpretation of *Bancec* in *Crystallex*. The "control alone" alter ego test announced by this Court and affirmed by the Third Circuit in *Crystallex* is undeniably a less stringent one than the traditional alter ego test applicable to private parties under the common law, which requires, in addition to extensive control, an abuse of the corporate form resulting in injury to the plaintiff. Thus, under *Bancec*, as interpreted in *Crystallex*, a foreign sovereign-owned corporation is entitled to *lesser* protection than a private corporation. That outcome is irreconcilable with Section 1606 of the FSIA, *Cassirer* and *Bancec*.

The Honorable Leonard P. Stark
April 28, 2022
**4** | P a g e

STH/ram
cc: All Counsel of Record (Via E-Filing)