# Morgan Lewis

**Jody C. Barillare**
Of Counsel
+1.302.574.7294
jody.barillare@morganlewis.com

May 4, 2022

**BY ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

**Re:** *OI European Group B.V. v. Bolivarian Republic of Venezuela*, **Case No. 19-mc-290-LPS (D. Del.)**

Dear Judge Stark:

OI European Group B.V. ("OIEG") responds to Petróleos de Venezuela, S.A.'s ("PDVSA") letter dated April 28, 2022. D.I. 112.

Citing *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 2022 WL 1177497 (Apr. 21, 2022), PDVSA argues that *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*") is no longer applicable to this proceeding and other precedent-setting related proceedings. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No 17-157 (LPS) (Apr. 28, 2022) [D.I. 461]. *Cassirer,* which cites to and relies on *Bancec,* neither requires nor even permits such a result.

*Cassirer* stands for the proposition that numerous circuits, other than the Ninth Circuit, had long understood – that choice-of-law analysis for the substantive rule of decision ("relating to property, torts, contracts and so forth," *id*., 2022 WL 1177497 at *4) is no different in a case involving a foreign sovereign than it would be for other defendants. "The Ninth Circuit stands alone in using a federal choice-of-law rule to pick the applicable substantive law. All other Court of Appeals to have addressed the issue apply the choice-of-law rule of the forum State." *Id*.

But the question of who constitutes a foreign sovereign, or its instrumentality, is very different.

As has been thoroughly briefed and argued in this (and related) proceedings, the Supreme Court applied federal common law, "informed by international law principles and by

The Honorable Leonard P. Stark
May 4, 2022
Page 2

articulated congressional policies," to displace state-created rules through *Bancec* in the foreign sovereign alter ego context.  *See Bancec*, 462 U.S. at 622 n.11, 623 (standing for the proposition that the corporate relationship between a foreign state and its instrumentalities is governed by "principles . . . common to both international law and federal common law," not "the law of the forum State").  Under *Bancec*, "international law and federal common law determine . . . when instrumentalities should not be treated as distinct from the sovereign." *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 448 (D.C. Cir. 1990).  A claim to "overcom[e] the presumption that [a foreign state] instrumentality . . . is separate from the foreign state" is analyzed "with reference to federal law, not foreign law or state law."  *Jarvey v. Libyan Inv. Auth.*, 840 F.3d 248, 264 (5th Cir. 2016).

Nothing in *Cassirer* purports to change this rule.  *Bancec* addressed the same FSIA provision that was addressed in *Cassirer* and rejected the idea that state-law alter ego analysis would apply.  *See* 462 U.S. 611 n.11 ("[Section 1606 of the FSIA] is silent, however, concerning the rule governing the attribution of liability *among* entities of a foreign state. . . . When it enacted the FSIA, Congress expressly acknowledged 'the importance of a uniform body of law' concerning the amenability of a foreign sovereign to suit in United States courts.  In our view, these same considerations preclude the application of New York law here.") (emphasis in original).

Thus this Court correctly concluded in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F.Supp. 3d 380 (D. Del. 2018) ("*Crystallex I*"), that "state-law alter ego standards" are "unpersuasive" because "neither [Venezuela nor PDVSA] is a Delaware corporation."  *Id.* at 396 n.31, 405.  As this Court held in *Crystallex I*, the *Bancec* analysis, which provides that "alter ego may be shown by either extensive control" *or* "fraud or injustice," applies in the context of an alter ego attachment action against property of a foreign instrumentality.  The Third Circuit affirmed, determining that "federal common law" allows alter ego liability based solely on "extensive control" and that "*Bancec* can . . . be used to reach the assets of a foreign sovereign's extensively controlled instrumentality through post-judgment attachment proceedings."  932 F.3d 126, at 132, 139, 145 (3d Cir. 2019).

In short, *Cassier* was limited to "standard-fare legal claims involving property, contract, or the like."  2022 WL 1177497 at *5.  There is nothing "standard-fare" about the current proceedings, and federal law (implemented through *Bancec*) remains the applicable law for determining that PDVSA has been, at all relevant times, the alter ego of the Republic of Venezuela.

The Honorable Leonard P. Stark
May 4, 2022
Page 3

Best regards,

*/s/ Jody C. Barillare*

Jody C. Barillare (#5107)

JCB