# Morgan Lewis

**Jody C. Barillare**
Of Counsel
+1.302.574.7294
jody.barillare@morganlewis.com

August 11, 2022

**BY ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re:   *OI European Group B.V. v. Bolivarian Republic of Venezuela*, Case No. 19-mc-290-LPS (D. Del.)

Dear Judge Stark:

On behalf of OI European Group B.V. ("OIEG"), we write to request that this Court enter findings of fact and conclusions of law in connection with OIEG's pending motion seeking a conditional writ of attachment in light of (1) the Third Circuit's recent decision denying the petitions for interlocutory appeals pursuant to 28 U.S.C. 1292(c), and (2) this Court's order requiring the Special Master in the Crystallex attachment proceeding to file a proposed final version of the sale procedures order.

On May 4, 2022, this Court certified certain questions for interlocutory review in multiple related proceedings. *See* D.I. 114. On July 26, 2022, the Third Circuit denied the parties' petitions for leave to appeal in connection with the certified questions. *See OI European Group BV v. Bolivarian Republic of Venezuela*, Case No. 22-8025 (3d Cir. Jul. 26, 2022) [D.I. 15].[1] Given the Third Circuit's *denial* of the petitions, this Court's concern that "a significant additional amount of time will likely pass before proceedings will continue in the

---

[1] The Third Circuit also denied petitions for interlocutory appeals in related judgment creditor attachment proceedings. In two of those actions, the plaintiffs have similarly requested that this Court grant their pending motions seeking conditional writs of attachment. *See Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, Case No. 20-mc-257 (D. Del.) [D.I. 64]; *ACL1 Inv. Ltd., et al. v. Bolivarian Republic of Venezuela*, Case No. 21-mc-046 (D. Del.) [D.I. 41]. PDVSA has indicated that the Court should hold the pending motions in abeyance or set a briefing schedule on the "pertinent time" issue. *See Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, Case No. 20-mc-257 (D. Del.) [D.I. 42].

**Morgan, Lewis & Bockius LLP**

1201 N. Market Street, Suite 2201
Wilmington, DE 19801          T +1.302.574.3000
United States                 F +1.302.574.3001

The Honorable Leonard P. Stark
August 11, 2022
Page 2

instant action[ ] in this Court" is no longer at issue. *See* D.I. 109 at 27.[2] As OIEG previously noted, *see* D.I. 111 at 7-11, the necessary record already exists to permit this Court to enter alter ego findings of fact and enter the requested conditional writ of attachment. Any further delay would harm OIEG, especially given that other creditors have received conditional writs of attachment even though they filed attachment motions *after* OIEG's original request. *See, e.g.*, *Phillips Petroleum Company Venezuela Limited*, Case No. 19-mc-342 (D. Del. Mar. 2, 2022) [D.I. 43].

Additionally, this Court's recent order requiring the Special Master in the Crystallex attachment proceeding to file a proposed final sale procedures order further supports OIEG's request for a conditional writ of attachment to be entered at this time. As noted in the proposed final sale procedures order, the sale process contemplates "Additional Judgments" being included in the sale process, *see Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No. 17-mc-151 (D. Del. Aug. 5, 2022) [D.I. 472-1] at ¶ 30 – having finality in this (and other) attachment proceedings is therefore a necessary predicate to a successful marketing and sale process.

For the reasons outlined above and in prior submissions to this Court, OIEG requests that this Court enter findings of fact based on the April 30, 2021 hearing, and grant OIEG's pending motion for a conditional writ of attachment.

Respectfully submitted,

*/s/ Jody C. Barillare*

Jody C. Barillare (#5107)

JCB

---

[2] This Court further noted that it was "declining to make findings of fact, notwithstanding certain of the judgment creditors' efforts to make a record on which such findings could be made, because it has concluded that it should first issue its legal conclusions about the impact of the sanctions and determine whether to certify an interlocutory appeal of those conclusions." *Id.*