IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19-mc-290 (LPS) |
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA et al., <br><br> Defendant. | Case No. 19-cv-290 (LPS) |

**PLAINTIFF'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA**

Dated: May 19, 2023

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare, Bar No. 5107
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com

- and -

Jonathan M. Albano
Christopher L. Carter

SEQUOR LAW, P.A.

Edward H. Davis, Jr.
Fernando J. Menendez
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
edavis@sequorlaw.com
fmenendez@sequorlaw.com

One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
jonathan.albano@morganlewis.com
christopher.carter@morganlewis.com

*Attorneys for Plaintiff, OI European Group B.V.*

Plaintiff, judgment creditor and conditional writ holder OI European Group B.V. ("OIEG"), submits this opposition to *Motion(s) to Withdraw as Counsel for Defendant Bolivarian Republic of Venezuela* filed in Case No. 19-mc-290 (the "Civil Withdrawal Motion") [D.I. 75] and Case No. 19-mc-290 (the "Misc. Withdrawal Motion") [D.I. 143] filed by counsel to judgment debtor Bolivarian Republic of Venezuela ("Venezuela").

## INTRODUCTION

By its motions, counsel to Venezuela risks further delays to these proceedings without providing sufficient rationale or assurances to OIEG (and this Court) that their withdrawal is not yet another tactic by Venezuela to delay creditors from enforcing their years-old judgments. While counsel to Venezuela "understand" that substitute counsel *might* be appearing in this case, they provide no guidance as to why such counsel has not yet appeared or when they will do so. Until such time as substitute counsel has made an appearance on behalf of Venezuela, OIEG opposes the motions.

## NATURE AND STATE OF THE PROCEEDINGS

I.  **OIEG**

In 2019, the United States District Court for the District of Columbia (the "DC Court") recognized, as a U.S. judgment, OIEG's ICSID award against Venezuela – an award that was issued in 2015 as a result of Venezuela's expropriation of two of OIEG's glass container factories in 2010.

II. **Miscellaneous Action**

After Venezuela failed to satisfy the U.S. judgment, the DC Court authorized OIEG to seek enforcement remedies. OIEG promptly registered the judgment in this Court (in Case No. 19-mc-290, the "Miscellaneous Action") and subsequently sought an attachment of Petróleos de Venezuela S.A.'s ("PDVSA") shares of PDV Holding, Inc., in light of this Court's August 9, 2018

2

determination in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 386 (D. Del. 2018), *aff'd*, 932 F.3d 126 (3d Cir. 2019),[1] that PDVSA was an alter ego of Venezuela.

Over the course of two years, OIEG, PDVSA and Venezuela have submitted several rounds of briefing and declarations in the Miscellaneous Action and have appeared for argument and status conferences before this Court on multiple occasions. Following this extensive litigation, on March 23, 2023, the Court issued its Order granting the relief that OIEG had requested – a determination that PDVSA is Venezuela's alter ego and conditional approval of a writ of attachment on PDVSA's shares of PDVH – along with a 58-page Opinion detailing the reasoning underlying the Order. Case No. 19-mc-290, D.I. 131 (the "Opinion"), 132 (the "Order"). The Opinion and Order are now subject to appeals filed by both PDVSA and Venezuela. *See* Case No. 19-mc-290, D.I. 135, 142. The Miscellaneous Action is currently subject to a stay entered by the Third Circuit pending the appeal. *See* Case No. 19-mc-290, D.I. 148.

**III.   Civil Action**

On February 11, 2019, OIEG filed its complaint in Case No. 19-cv-290 (the "Civil Action"), and since then all defendants have been served except for Defendant PDVSA. In the Civil Action, OIEG seeks declarations that certain U.S. entities (indirectly owned by Venezuela) and PDVSA are alter egos of Venezuela, and also seeks to unwind certain transactions that harmed judgment creditors (like OIEG). Although there is no longer a stay in the Civil Action, this Court entered an order on February 9, 2021, providing that "no later than 14 days after PDVSA has been served, the parties shall (having met and conferred) submit a joint status report, which shall include

---

[1] On August 23, 2018, the Court directed the issuance and service of Crystallex's writ on the shares. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2018 WL 4026738, at *1 (D. Del. Aug. 23, 2018).

3

a proposed schedule for the filing and briefing of any motions to dismiss and any other forthcoming motions." Case No. 19-cv-290, D.I. 48.

OIEG has continued to pursue service of PDVSA under applicable law, but as of the date of this filing PDVSA has not been served (and has not accepted service) in the Civil Action. Upon completion of service (or upon such other order of this Court), OIEG will likely seek to have a deadline set for defendants to file answers or motions to dismiss and, additionally, may seek Court permission to begin serving document requests on the defendants pursuant to Fed. R. Civ. P. 26(d)(1), regardless of the nature of the responsive pleadings filed.

## ARGUMENT

Local Rule 83.7, titled "Substitution and Withdrawal of Attorney" provides that:

> An attorney may withdraw an appearance for a party without the Court's permission when such withdrawal will leave a member of the Bar of this Court appearing as counsel of record for the party. Otherwise, no appearance shall be withdrawn except by order on a motion duly noticed to each party and served on the party client, at least 14 days before the motion is presented, by registered or certified mail addressed to the client's last known address.

When a motion to withdraw is filed, but substitute counsel has not been identified or made an appearance, the decision to allow counsel to withdraw is within the discretion of the court. *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986). In *Ohntrup*, the Third Circuit determined that "a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned." *Id*. at 680.

There is no set test for determining whether to grant a withdrawal motion; the factors vary from case to case, based on the circumstances. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Courts have therefore considered factors such as: the reasons why withdrawal is sought, the prejudice withdrawal may cause to the litigants, the delay in the

4

resolution of the case which would result from withdrawal, and the effect of withdrawal on the efficient administration of justice, *see Worldspan, L.P. v. Ultimate Living Group, LLC*, 2006 WL 1046942, at *1 (D. Del. Apr. 20, 2006); the stage of the proceedings, and the burden imposed on the withdrawing counsel if the status quo is maintained, *see LabMD Inc. v. Boback*, 47 F.4th 164, 191 (3d Cir. 2022) (citing *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002)); and the effect of withdrawal on communications between the litigants and the Court. *Ohntrup*, 802 F.2d at 679.

Here, Venezuela's counsel serves a meaningful purpose in both OIEG proceedings (and has done so for many years now), and Venezuela's counsel has not shown sufficient cause why it should be allowed to withdraw prior to substitute counsel being identified and making an appearance.

*First*, these proceedings were commenced in 2019 – over the course of four (4) years, a number of joint status reports have been filed in both proceedings, and significant briefing and oral argument has taken place in the Miscellaneous Action.  While the Civil Action has been stayed on and off, OIEG has nearly exhausted its service options on PDVSA and may soon move for this Court's approval of alternative means of service.  Venezuela's current counsel has participated in a significant number of joint filings, as well as briefing on the merits, in the Miscellaneous Action – to withdraw at this stage in the proceeding presents serious issues of coverage and knowledge on behalf of Venezuela, and could present significant challenges (and requests for delay) in the event that substantive briefing is necessary in the future.  For example, on May 10, 2023, this Court entered a scheduling order for briefing from a number of parties, including Venezuela and OIEG, in connection with the *Crystallex* proceeding and the Miscellaneous Action regarding which, if any, judgments should be deemed "Additional Judgments" under the Sale Procedures Order from

5

the *Crystallex* proceeding.  Venezuela is a years-long participant in this proceeding, and is currently a Sale Process Party in the *Crystallex* proceeding – with briefing on a number of related issues due shortly, Venezuela's counsel provides a very meaningful presence in ensuring that Venezuela is represented in this proceeding and provides its views on the process forward.  OIEG will undoubtedly be prejudiced by the inevitable delay a withdrawal of counsel will cause. *Cuadra v. Univision Communs., Inc.*, 2012 U.S. Dist. LEXIS 48431, at *29 (D.N.J. Apr. 4, 2012) (denying plaintiff counsel's motion to withdraw in part because defendants would "lose their right to have th[e] matter resolved in a timely manner."  Withdrawing counsel had been involved in the case for almost three years and was "uniquely aware of the facts, documents, and legal issues of [the] case."); *Rusinow v. Kamara*, 920 F. Supp. 69, 72 (D.N.J. 1996) (withdrawal would not only prejudice client's rights but "would also interfere with the rights of Defendants . . . , who have been waiting for the final resolution of this matter [for over two years].").

*Second*, Counsel to Venezuela provides no substantive reasoning for why withdrawal at this time, without substitute counsel, is supported by good cause, especially with the significant recent ruling, the pending appeals,[2] upcoming briefing and the recent specific license granted by OFAC for any judgment creditor determined to be an "Additional Judgment Creditor" by this Court.  *See* Case No. 19-mc-290, D.I. 147; *Bryant v. Collins*, 2015 U.S. Dist. LEXIS 123342, at *3-5 (E.D. Pa. Sep. 16, 2015) (motion to withdraw denied in part because requesting counsel failed to provide "good cause" for withdrawal).  Counsel to Venezuela provides no rationale for why substitute counsel will not appear *before* current counsel withdraws.  Such an omission is even more alarming when Venezuela currently has counsel in related matters before this Court –

---

[2] Of note, separate Venezuela counsel *has* appeared in the recently noticed appeals in connection with the Miscellaneous Action, *see OI European Group B.V. v. Bolivarian Republic of Venezuela*, Case No. 23-1647 (3d Cir. May 15, 2023), D.I. 30-33, and has filed an opening brief in support of Venezuela's notice of appeal. *Id.* at D.I. 34.

6

including in the *Crystallex* proceedings and the appeals in connection with the Miscellaneous Action – who appears to be able to appear in this parallel proceeding.  *See Rusinow*, 920 F. Supp. at 72 (even if withdrawing counsel were able to demonstrate "good cause to withdraw . . . equitable factors [] preclude[d] [] granting their motion."  In particular counsel did not "demonstrate[] the availability of substitute counsel to represent their clients, or that substitute counsel could effectively prosecute this action in a timely fashion.").

*Finally*, interests of justice do not support the withdrawal at this time.  Indeed "other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency" when considering a motion to withdraw as counsel.  *Haines v. Liggett Grp.*, 814 F. Supp. 414, 423 (D.N.J. 1993) (citation omitted).  For years, Venezuela has sought to delay creditors from enforcing their rights against the sovereign – now that OIEG has finally obtained a conditional writ of attachment and OFAC guidance has been provided on potential service of that writ, Venezuela counsel's motions (and Venezuela's lack of engaging substitute counsel) come as a stark reminder that Venezuela will continue to try to cause as much disruption and delay as possible.  *See Chester v. May Dep't Store Co.*, 2000 U.S. Dist. LEXIS 50, at *4 (E.D. Pa. Jan. 6, 2000) (withdrawal of counsel denied because it would lead to significant delay of the resolution of the case and interfere with the efficient administration of justice); *Brown v. Hyster Co.*, 1994 U.S. Dist. LEXIS 3595, at *3 (E.D. Pa. Mar. 24, 1994) ("To allow [] counsel to withdraw at this late stage of the litigation would prejudice the defendants, delay resolution of the case and hinder the administration of justice.").

## CONCLUSION

For the reasons set forth above, OIEG respectfully requests that the Court deny the motions unless and until such time as substitute counsel appears in these proceedings on behalf of Venezuela.


Dated: May 19, 2023


**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Jody C. Barillare*
Jody C. Barillare, Bar No. 5107
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com

- and –

| | |
|---|---|
| Jonathan M. Albano (*pro hac vice*) | **SEQUOR LAW, P.A.** |
| Christopher L. Carter (*pro hac vice*) | Edward H. Davis, Jr. (*pro hac vice*) |
| One Federal Street | Fernando J. Menendez (*pro hac vice*) |
| Boston MA 02110 | 1111 Brickell Avenue, Suite 1250 |
| Telephone: 617-341-7700 | Miami, FL 33131 |
| Facsimile: 617-341-7701 | Telephone: 305-372-8282 |
| jonathan.albano@morganlewis.com | Facsimile: 305-372-8202 |
| christopher.carter@morganlewis.com | edavis@sequorlaw.com |
| | fmenendez@sequorlaw.com |

*Attorneys for Plaintiff, OI European Group B.V.*