**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 17-mc-151 (LPS) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |
| OI EUROPEAN GROUP B.V., | |
| Plaintiff, | |
| v. | Case No. 19-mc-290 (LPS) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |

**OI EUROPEAN GROUP B.V.'S REPLY REGARDING ADDITIONAL JUDGMENTS**
**AND SALE PROCEDURES ORDER**

Dated: June 14, 2023

MORGAN, LEWIS & BOCKIUS LLP
Jody C. Barillare, Bar No. 5107
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
jody.barillare@morganlewis.com

- and -

Jonathan M. Albano
Christopher L. Carter                    SEQUOR LAW, P.A.
One Federal Street                       Edward H. Davis, Jr.
Boston MA 02110                          Fernando J. Menendez
Telephone: 617-341-7700                  1111 Brickell Avenue, Suite 1250

jonathan.albano@morganlewis.com
christopher.carter@morganlewis.com

Miami, FL 33131
Telephone: 305-372-8282
edavis@sequorlaw.com
fmenendez@sequorlaw.com

*Attorneys for Plaintiff, OI European Group B.V.*

Plaintiff, judgment creditor and conditional writ holder OI European Group B.V. ("OIEG"), submits this reply in connection with the Memorandum Order[1] (the "May 10 Scheduling Order") inviting briefing regarding the designation of "Additional Judgments" and related service and priority issues in connection with the Sale Procedures Order.

## ARGUMENT

The Court has authorized procedures for the ultimate sale of PDVH Shares in satisfaction of Crystallex's judgment *and* any other valid additional judgments. All parties concerned, including the Special Master, need to know which judgments may be satisfied from the proceeds of the sale of the PDVH Shares. The addition of judgments (that have obtained conditional or unconditional writs of attachment) would promote judicial economy, and reward the efforts of the many judgment creditors who have been waiting to have their judgments satisfied for years and have obtained orders from this Court granting requests for writs of attachment.[2]

The Court has the discretion to determine which judgments should be considered Additional Judgments under the Sales Procedures Order. Contrary to Crystallex's and the Venezuela Parties' arguments that *unconditional* attachments are required, there is nothing in the Sale Procedures Order that prohibits the inclusion of judgments that are currently subject to *conditional* writs of attachment. The express language of the Sale Procedures Order and the OFAC License are the only factors the Court needs to consider in order to determine which judgment

---

[1] Capitalized terms used herein without definition shall have the meaning ascribed to them in OIEG's opening brief. *See OI European Group, B.V. v. Bolivarian Republic of Venezuela*, Case No. 19-mc-290 ("*OIEG*") D.I. 154 ("OIEG Opening Brief"), and/or its response, D.I. __ ("OIEG Response").

[2] *See also Special Master's Response to Opening Briefs in Response to the Court's Order Dated May 10, 2023*, D.I. 593 at p. 1-2 (the Special Master noted his "general support for the notion that, in the name of judicial economy, the Court and the Special Master should endeavor to include in a Sale Transaction as many judgments against the Venezuela Parties as possible in a manner that does not cause any further delay to the Crystallex Case. . . .").

creditors should be deemed Additional Judgment Creditors, and any other arguments should be overruled.

While the Temporary Stay may currently limit the Court's ability to convert conditional writs of attachment, it does not prevent the Court from adding OIEG's judgment as an Additional Judgment. The designation of a creditor as an Additional Judgment Creditor merely *preserves* the ability of the Special Master to solicit bids that would account for OIEG's (and others') judgment – no proceeds would flow to any Additional Judgment unless and until a sale order is entered (and only if the judgment is properly attached). OIEG (and others), however, will be irreparably harmed if the Court *excludes* certain judgments from the sale process. To the extent a conditional writ never becomes unconditional, or if a particular writ is unwound via appeal or otherwise, such judgments can simply be removed from the sale process and not receive sale proceeds; whereas excluding certain judgments *today* effectively prevents a judgment creditor from being able to have the opportunity to realize proceeds from the sale process.

Any concerns that the Sale Process will be delayed due to the Temporary Stay are purely speculative. The appeal is proceeding on an expedited schedule, with merits briefing and oral argument already completed. The Special Master has also noted that the resolution of the current questions under the Memorandum Order "do not become relevant until well after the Launch Date," D.I. 593 at p. 3, which further indicates that concerns about delaying the Sale Process are unfounded. In any event, the Court still has the discretion to set the "Additional Judgment Deadline" to account for the Temporary Stay – and because priority issues do not become relevant until the closing of the sale, there is no reason for this Court to rush entry of priority procedures. Instead, this Court should set a future date whereby its order establishing priority procedures and issuance and service of writs of attachment will become effective.

Given the expedited appellate schedule, this Court will be well positioned to quickly convert conditional writs of attachment after the Temporary Stay is lifted. Similarly, the Court has the authority to establish a date by which it will implement procedures to establish priority and perfection steps for other judgment creditors to be considered in the sale process. *See U.S. v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968) (the federal judiciary has discretion to set "terms and conditions for judicial sales."). The Court may therefore enter an order that sequences the issuance and ultimate service and levy by the U.S. Marshal on the PDVH Shares to recognize (and solidify) OIEG's priority proposal and to ensure an orderly process for those with existing writs of attachment.

OIEG maintains that the most equitable means of determining priority in these proceedings would be to establish a procedure by which existing writs of attachment (conditional or otherwise) are served and perfected, such that perfection is established as of (1) the judgment creditor's initial request for an attachment and/or when, but for OFAC sanctions, it could have obtained a conditional (or unconditional) writ of attachment, or, alternatively, (2) the date the Court approved the conditional (or unconditional) writ of attachment for a judgment creditor.[3] The ConocoPhillips entities have observed that there are no legal precedents for the proposed priority scheme in (1).[4] But there is also no legal precedent for retroactively deeming conditional writs of attachment served as of the date they were approved. Thus, as OIEG has previously argued,[5] these proceedings do not involve normal circumstances where technical priority would usually be

---

[3] For OIEG, those dates would be established as (1) November 4, 2019 or February 19, 2021 (or, no later than March 2, 2021), or, alternatively, (2) March 23, 2023.

[4] *Sale Process Parties Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., and ConocoPhillips Gulf of Paria B.V.'s Answering Brief in Response to the Court's May 10 Order*, Case No. 17-mc-151, D.I. 595 at p. 7.

[5] *See* OIEG Opening Brief at p. 12-14.

determined by the sequence of seizure of the PDVH Shares or service by the U.S. Marshals Service of the writs against the PDVH Shares.  The unorthodox nature of these proceedings calls for the Court's discretion in setting an orderly and reasonable procedure, *see*, *e.g.*, *U.S. v. Branch Coal Corp.*, 390 F.2d at 10, and such procedure should take into account equitable considerations that have resulted in some creditors such as OIEG being delayed relief while other creditors have managed to procedurally catch up due to no fault or diligence of the creditors.

OIEG has been diligently seeking satisfaction of its judgments within this district since November 2019 when it originally sought a writ of attachment.  OIEG respectfully maintains that it would be inequitable to require OIEG to share the same priority as other creditors who filed their attachment motions long after OIEG's original[6] and renewed motions were briefed *and* subjected to a lengthy evidentiary hearing, as argued by Gold Reserve Inc.[7]

In addition, it would be reasonable to use OIEG's original attachment motion to determine OIEG's equitable priority even though it was based on collateral estoppel grounds, because the Court ultimately determined in its Opinion that not only was the Maduro regime acting just as it did in 2018 when *Crystallex I* was decided, but also that the current recognized Venezuelan government had changed nothing (at least as far as control over PDVSA and its assets are concerned).  Thus, as OIEG argued in 2019, the change in government had no *legal significance* regarding PDVSA's status as an alter ego of Venezuela, and but for OFAC guidance implemented post-*Crystallex I* and after OIEG's original motion, *see* D.I. 25, OIEG would have been eligible to

---

[6] *See, e.g., Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, Case No. 20-mc-257 (LPS).

[7] *Gold Reserve Inc's Answering Brief Addressing Issues Raised in the Court's May 10, 2023 Memorandum Order*, Case No. 17-mc-151, D.I. 594 at p. 6-8.

obtain its alter ego findings and writ of attachment before (or no later than) March 2, 2022, which is the date that the first conditional writs of attachment were entered by this Court.

### CONCLUSION

For the reasons set forth above and in the OIEG Opening Brief and the OIEG Response, the Court should (1) deem OIEG's judgment to be an "Additional Judgment" under the Sale Procedures Order (and deem OIEG to be an "Additional Judgment Creditor"), and (2) following the lifting of the Temporary Stay, implement procedures to establish the timing of issuance, service, perfection, and priority of existing writs of attachment based on equitable and legal considerations discussed herein.

Dated: June 14, 2023

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Jody C. Barillare*
Jody C. Barillare, Bar No. 5107
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com

- and -

Jonathan M. Albano (*pro hac vice*)
Christopher L. Carter (*pro hac vice*)
One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
jonathan.albano@morganlewis.com
christopher.carter@morganlewis.com

SEQUOR LAW, P.A.
Edward H. Davis, Jr. (*pro hac vice*)
Fernando J. Menendez (*pro hac vice*)
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
edavis@sequorlaw.com
fmenendez@sequorlaw.com

*Attorneys for Plaintiff, OI European Group B.V.*

5