**ABRAMS & BAYLISS LLP**
20 MONTCHANIN ROAD, SUITE 200
WILMINGTON, DE 19807
MAIN: 302-778-1000
FAX: 302-778-1001

STEPHEN C. CHILDS

DIRECT DIAL NUMBER
302-778-1150
CHILDS@ABRAMSBAYLISS.COM

July 14, 2023

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

   Re: *OI European Group B.V. v. Bolivarian Republic of Venezuela*, Case No. 19-mc-290
     *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of*
      *Venezuela*, Case No. 20-mc-257
     *ACL1 Investments Ltd. et al. v. Bolivarian Republic of Venezuela*, Case No. 21-mc-46
     *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Case No. 21-mc-481
     *Koch Minerals Sarl et al. v. Bolivarian Republic of Venezuela*, Case No. 22-mc-156
     *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, Case No. 22-mc-453

Dear Judge Stark,

   I write on behalf of the Bolivarian Republic of Venezuela and Petroleos de Venezuela, S.A. in response to today's letter from the Plaintiffs in the above-captioned actions, which asserts that district-court proceedings in the actions are no longer subject to the administrative stay entered by the Third Circuit and that nothing hinders this Court's ability to proceed in these actions. *E.g.*, *Northrop Grumman Ship Sys., Inc.*, No. 20-mc-257, D.I. 104. Plaintiffs are incorrect.

   Wholly apart from whether the Third Circuit's administrative stay remains in effect, and as PDVSA explained in a previous letter (*e.g.*, *Northrop Grumman Ship Sys., Inc.*, No. 20-mc-257, D.I. 103), the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, No. 22-105, 143 S. Ct. 1915 (2023), makes clear that this Court is automatically divested of jurisdiction to proceed against PDVSA or its property with respect to these actions while an appeal regarding the denial of immunity under the Foreign Sovereign Immunities Act remains pending. Accordingly, this Court "*must* stay its proceedings" until the Third Circuit's mandate issues. *See id.*, Slip Op. at 1, 3 (emphasis added); *see also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals."); *Kusay v. United States*, 62 F.3d 192, 194 ("Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity."); *accord* Wright & Miller, *Federal Practice & Procedure* § 3949.1.

In *Coinbase*, the Supreme Court invoked the "longstanding tenet of American procedure" that an interlocutory appeal "'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc.*, 143 S. Ct. 1915, Slip Op. at 3 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U. S. 56, 58 (1982)).  The Court reasoned that, where "the question of whether 'the case should be litigated in the district court . . . is the mirror image of the question presented on appeal,' the entire case is essentially 'involved in the appeal'" and therefore "*Griggs* dictates that the district court must stay its proceedings while the interlocutory appeal" is ongoing. *Id.* at 4 (citation omitted).  *Coinbase* itself involved a question of arbitrability.  But, as PDVSA's prior letter explains, the Supreme Court noted approvingly that the same rule has been applied in the "analogous context[] of qualified immunity," *id.* at 5, which is itself directly analogous to the sovereign-immunity context presented here:  as to both forms of immunity, because a grant of immunity would bar further litigation, whether the case can move forward in the district court at all is the mirror image of the question presented on appeal.

For that reason, although this Court "may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees," *id.* at 4 n.2, "the instances in which such power is retained are limited." *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985).  Here, Plaintiffs ask this Court to proceed with the litigation and the issuance of orders regarding the core aspects of the case—specifically, whether the Court has jurisdiction over PDVSA and "the power to issue a writ of attachment" against PDVSA's property.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 139 (3d Cir. 2019).  Those are the very issues that remain pending in the court of appeals.

To be sure, a panel of the Third Circuit has issued a decision on those issues.  But the time to seek panel rehearing or rehearing en banc has not yet run, *see* Fed. R. App. P. 35, 40, and the Third Circuit has not yet issued its mandate, *see* Fed. R. App. P. 41.  As such, the panel opinion remains subject to modification by the court of appeals, either on application of a party or *sua sponte*.  *See, e.g.*, *Carver v. Lehman*, 558 F.3d 869, 878-79 (9th Cir. 2009) ("Until the mandate has issued, opinions can be, and regularly are, amended or withdrawn, by the merits panel at the request of the parties pursuant to a petition for panel rehearing, in response to an internal memorandum from another member of the court who believes that some part of the published opinion is in error, or *sua sponte* by the panel itself.").

Even assuming that the administrative stay is defunct, then, under *Coinbase* this Court has no jurisdiction to proceed before the Third Circuit's mandate issues.  Accordingly, this Court currently lacks jurisdiction to issue any orders in or affecting these actions, such as issuing writs of attachment or determining that Plaintiffs' judgments may be enforced in an execution sale of PDVSA's property.

                                                Respectfully submitted,

                                                /s/ *Stephen C. Childs*